UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br><br>        Defendants. | No. 4:23-cv-00044<br><br>**RULE 81 STATEMENT**<br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

As required by Local Rule 81, City of Newton, Iowa ("City"), Rob Burdess, Nathan Winters, and Christopher Wing (collectively "Defendants") in this case, provide the following information to the Court:

1.      Copies of all the pleadings filed with the District Court for Jasper County, Iowa and served on Defendants are attached.

2.      The only matter currently pending in the state court that will require resolution is the state court matter removed by the Notice of Removal filed by Defendants.

3.      Attorneys appearing on behalf of Plaintiff in the state court matter are:

   a.  Mathew M. Boles, Gribble, Boles, Stewart & Witosky Law, 2015 Grand Avenue, Suite 200, Des Moines, Iowa 50312, mboles@gbswlaw.com
   b.  Adam C. Witosky, Gribble, Boles, Stewart & Witosky Law, 2015 Grand Avenue, Suite 200, Des Moines, Iowa 50312, awitosky@gbswlaw.com

4.      No attorneys have appeared on behalf of Defendants in state court.

**EXHIBIT A**

Respectfully submitted,

/s/Matthew S. Brick
Matthew S. Brick (AT0001081)
Erin M. Clanton (AT0002592)
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
(515) 274-1450
(515) 274-1488 (Fax)
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS,
NATHAN WINTERS and CHRISTOPHER
WING

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on February 2, 2023, I hereby certify that on February 2, 2023, a true copy of this **RULE 81 STATEMENT** was served via U.S. Mail, postage paid, upon the following party who is not yet a CM/ECF registrant:

> Mathew M. Boles
> Adam C. Witosky
> GRIBBLE, BOLES, STEWART &
> WITOSKY LAW
> 2015 Grand Avenue, Suite 200
> Des Moines, Iowa 50312
> mboles@gbswlaw.com
> awitosky@gbswlaw.com
> Counsel for Plaintiff

> /s/Matthew S. Brick
> Matthew S. Brick (AT0001081)
> BRICK GENTRY, P.C.
> 6701 Westown Parkway, Suite 100
> West Des Moines, IA 50266
> (515) 274-1450
> (515) 274-1488 (Fax)
> matt.brick@brickgentrylaw.com

> Counsel for Defendants
> CITY OF NEWTON, ROB BURDESS,
> NATHAN WINTERS and CHRISTOPHER
> WING

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>    **Plaintiff,**<br>**vs.**<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>  **Defendants.** | **CASE NO. _____**<br><br><br>**PETITION AT LAW and JURY DEMAND** |

**COMES NOW**, the Plaintiff, and for his Petition at Law and Jury Demand states:

1. Plaintiff Tayvin Galanakis is a citizen and resident of Newton, Iowa, who engaged with officers at the 100 block of South 3rd Ave West, Newton, Iowa 50208 at all times relevant to the events complained of herein.

2. Defendant City of Newton, Iowa (hereinafter "City") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 101 West 4th Street South, Newton, Jasper County, Iowa 50208. Defendant City is responsible for maintaining and operating the Newton Police Department.

3. Defendant Chief Rob Burdess is believed to be a citizen and resident of Iowa and was serving as the Chief of Police for the Newton Police Department at all times relevant to the events complained of herein.

4. Defendant Nathan Winters is believed to be a citizen and resident of Iowa and was serving as a police officer for the City of Newton Police Department at all times relevant to the events complained of herein.

1

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

5.     Defendant Christopher Wing is believed to be a citizen and resident of Iowa and was serving as a Lieutenant of the City of Newton Police Department at all times relevant to the events complained of herein.

## JURISDICTION AND VENUE

6.     Jurisdiction of the District Court is proper pursuant to Iowa Code §602.6101.

7.     All events, actions, injury, and damages referenced in this Petition occurred in Jasper County, therefore venue is proper pursuant to Iowa Code §616.18.

## GENERAL FACTUAL ALLEGATIONS

8.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

9.     On August 28, 2022, around 12:15 a.m., Officer Winters and Lt. Wing were driving patrol when they passed a vehicle with its high beams on, not dimmed for oncoming traffic.

10.     Tayvin was operating the vehicle with the high beams on.

11.     Officer Winters and Lt. Wing activated the lights and sirens of their vehicle to initiate a stop of the vehicle Tayvin was operating.

12.     Tayvin complied with these signals and pulled the vehicle over to a stop.

13.     Officer Winters approached the driver's side window and asked for the owner's identification and registration for the vehicle.

14.     In addition to Officer Winters' approach towards Tayvin's vehicle, Lieutenant Wing also got out of the police vehicle and watched this entire encounter.

15.     Further, Lieutenant Wing verbally expressed multiple times that

Officer Winters' actions were appropriate and was well within his duties as a police officer.

16.     Tayvin was 19 years old, born and raised in Newton, and a freshman on the William Penn Football Team in Oskaloosa, Iowa.

17.     Tayvin was home for the weekend and was in the process of going home when he was pulled over.

18.     Tayvin explained to the officers this was his first interaction with law enforcement, he was nervous, and was not sure what he needed to provide the officers, such as the registration.

19.     Officer Winters began asking Tayvin if he had had anything to drink that night.

20.     Tayvin responded that he did not have anything to drink continuously throughout this encounter.

21.     Despite Tayvin's answer, Defendant Winters kept questioning if Tayvin was intoxicated.

22.     Defendant Winters directed Tayvin to join him in his police squad vehicle while he ran his information in the system.

23.     While in the police vehicle, Defendant Winters admonished Tayvin and said he believed Tayvin was lying and that Deputy Winters could "smell the alcohol on him," and his eyes were bloodshot.

24.     After running his information, Defendant Winters despite having no reasonable suspicion, instructed Tayvin out of the police vehicle to administer a

3

variety of field sobriety tests.

25.     Tayvin complied and got out, awaiting orders from Defendant Winters on which tests he wanted Tayvin to complete.

26.     At or about 12:23 a.m., Officer Winters conducted a Horizontal Gaze Nystagmus Test (HGN).

27.     At or about 12:25 a.m., Officer Winters conducted a walk-and-turn test.

28.     At or about 12:28 a.m., Officer Winters conducted a One Leg Stand/Balancing Test.

29.     At or about 12:30 a.m., Officer Winters conducted another memorization test forcing Tayvin to close his eyes, lean his head back, and count to thirty (30).

30.     At or about 12:33 a.m., Officer Winters conducted a finger-to-nose test.

31.     Following these field sobriety tests, Officer Winters falsely alleged that Tayvin performed poorly on these tests, though video evidence disputes these allegations.

32.     Tayvin continued to plead his innocence and asked continuously for the officers to conduct a breath test.

33.     Finally, at 12:35 a.m., Officer Winters conducted a standard handheld preliminary breathalyzer test with the results showing that Tayvin blew a 0.00.

34.     Despite this result, Officer Winters told Tayvin he had enough cause to arrest Tayvin on suspicion of intoxication.

35.     Officer Winters stated that with Tayvin's slow response and inability to find his registration, his bloodshot eyes, and the field tests, he had probable cause.

36.     Once the breath test established zero alcohol in Tayvin's system, Officer Winters changed his story and began questioning Tayvin about marijuana use.

37.     Despite previously claiming he could smell alcohol on Tayvin, Officer Winters now claimed he believed Tayvin was intoxicated due to his use of marijuana.

38.     Tayvin continuously told the officers that he did not use marijuana and that his placement on the William Penn football team renders him unable to use marijuana because of his weekly drug tests.

39.     At 12:40 a.m., Officer Winters placed handcuffs on Tayvin, read him his Miranda rights, and put him in the back of the police vehicle.

40.     Tayvin and the Defendants arrived at the Newton Police Station at 12:44 a.m. and put Tayvin in a detention room awaiting Officer Winters' report.

41.     Tayvin has asthma and is prescribed an inhaler for his asthmatic attacks.

42.     Although Tayvin pled with Officer Winters about his difficulty breathing due to the stress he was experiencing from the interaction, Officer Winters initially denied him the ability to use his inhaler.

43.     After repeated requests, Officer Winters finally gave Tayvin his inhaler.

44.     Officer Winters asked Tayvin if he would do a drug recognition test and submit to a urine test to which Tayvin agreed.

45.     At or about 12:57 a.m., Officer Shinkle, a drug recognition expert with the Newton Police Department, arrived.

46.     At 1:12 a.m., Officer Shinkle conducted a second round of the same field

sobriety tests that Officer Winters put Tayvin through.

47.     Officer Shinkle also conducted a variety of other tests including but not limited to, a blood pressure test, checked Tayvin's pulse, and did a thorough white and blue light check on his mouth and body.

48.     Following these tests, Officer Shinkle concluded at or around 2:03 a.m., that Tayvin was not intoxicated and he was not showing any signs or had any evidence of drug or alcohol use.

49.     At this time, Officer Shinkle told Tayvin that he was going to be released and that he was going to take Tayvin home.

50.     Before leaving the station, Tayvin requested to speak to Officer Winters and at no point in their final interaction, did Tayvin receive an apology from Officer Winters for falsely accusing him of using alcohol and/or drugs.

51.     Although Tayvin continued to assert his innocence and subsequently proved that he was not intoxicated, Officer Winters remained defiant.

52.     Lt. Wing, as Officer Winters' supervising officer, stood idly by as he observed Officer Winter make claims of Tayvin's intoxication unsupported by any testing or other objective evidence.

53.     Lt. Wing participated in Tayvin's arrest for operating while intoxicated despite there being no basis to believe probable cause existed.

54.     Throughout this entire encounter, Tayvin complied with all orders by Defendants, despite his confusion and frustration at being seized and arrested without cause.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE
### UNITED STATES CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### (*Against Nathan Winters and Christopher Wing, individually*)

55.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

56.     Defendants Nathan Winters and Christopher Wing are individuals for a Section 1983 action for damages.

57.     At all times material hereto, Officer Winters' actions and/or omissions were made under the color of authority and law as an officer for the Newton Police Department.

58.     At all times material hereto, Lieutenant Wing's actions and/or omissions were made under the color of authority and law as a lieutenant for the Newton Police Department.

59.     On August 28, 2022, Officer Winters and Lieutenant Wing violated Tayvin's constitutional rights by detaining and arresting Tayvin without probable cause to believe a criminal offense had been committed.

60.     Based upon the facts known to Officer Winters and Lieutenant Wing, no reasonable officer could believe probable cause existed to arrest Tayvin.

61.     Officer Winters and Lieutenant Wing violated Tayvin's clearly established Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from unlawful arrest.

62.     On August 28, 2022, the law was clearly established a warrantless

7

arrest made without probable cause violated the Fourth and Fourteenth Amendments of the United States Constitution.

63.    Officer Winters and Lieutenant Wing demonstrated deliberate indifference to and/or reckless disregard for Tayvin's civil and constitutional rights by their unlawful arrest of Tayvin.

64.    Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

65.    As a direct and proximate result of Officer Winters and Lieutenant Wing's illegal and unjustified conduct, Tayvin was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs under 42 U.S.C. §1988.

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

**WHEREFORE**, Plaintiff Tayvin Galanakis prays for Judgment against the Defendants Nathan Winters and Christopher Wing as follows:

a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b. Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

c. Plaintiff's costs in this action, including reasonable attorney fees and costs under 42 U.S.C. § 1988;

d. Punitive damages; and

e. Such relief as the Court deems just and equitable.

## COUNT II
### VIOLATION OF ARTICLE I, SECTION EIGHT OF
### THE IOWA CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### (*Against Nathan Winters and Christopher Wing, individually*)

66. Plaintiff repleads each preceding paragraph as if fully set forth herein.

67. At all times, Officer Winters' actions and/or omissions were made under the color of authority and the law as an Officer of the Newton Police Department.

68. At all times material hereto, Lieutenant Wing's actions and/or omissions were made under the color of authority and law as the lieutenant of the Newton Police Department.

69. On August 28, 2022, Officer Winters and Lieutenant Wing violated Tayvin's constitutional rights by detaining and arresting Tayvin without probable cause to believe a criminal offense had been committed.

70. Based upon the facts known to Officer Winters and Lieutenant Wing, no

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

reasonable officer could believe probable cause existed to arrest Tayvin.

71.     There was no warrant for Tayvin's arrest.

72.     Officer Winters and Lieutenant Wing violated Tayvin's clearly established rights under Article I, § 8 of the Iowa Constitution to be free from unlawful arrest.

73.     On August 28, 2022, the law was clearly established a warrantless arrest made without probable cause violated Article I, § 8 of the Iowa Constitution.

74.     Officer Winters and Lieutenant Wing demonstrated deliberate indifference to and/or reckless disregard for Tayvin's civil and constitutional rights by their unlawful arrest of Tayvin.

75.     Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

76.     As a direct and proximate result of Officer Winters and Lieutenant Wing's illegal and unjustified conduct, Tayvin is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering;

   d. Punitive damages;

   e. All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs available at common law.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, prays for Judgment against

Defendants, Nathan Winters and Christopher Wing, as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant available at common law;

d.  Punitive damages; and

e.  Such relief as the Court deems just and equitable.

### COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE
### UNITED STATES CONSTITUTION
### _Monell Liability for Arrest without Probable Cause_
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

77.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

78.  Defendants Rob Burdess and City of Newton are persons for Section 1983 action for damages.

79.  At all times material hereto, Chief Burdess' actions and/or omissions were made under the color of authority as the Chief of Police for the Defendant City.

80.  As Chief, Chief Burdess is responsible for supervising and training the

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

law enforcement officers of the Newton Police Department, as well as implementing and enforcing the City's policies.

81.    Chief Burdess and City failed to establish and/or maintain, and/or enforce official city and/or county policies, patterns, practices, or customs for determining when probable cause exists to arrest for operating while intoxicated.

82.    Before the events described *supra*, Chief Burdess and City deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate policy and procedure for training and supervising officers within the department relating to when probable cause exists to arrest for operating while intoxicated.

83.    The customs and practices of Chief Burdess and City involve the failure to initiate policies to ensure arrests are performed only where a warrant was issued or where probable cause exists to believe a criminal offense has been committed.

84.    The customs and practices of the Newton Police Department either permitted officers who either did not know how to properly perform or assess field tests, or who incorrectly performed or assessed field tests, to conduct arrests based on the bad information developed from those tests.

85.     The customs and practices of the Newton Police Department either permitted officers to conduct field testing as above in the presence of ranking and supervising officers without fear of correction or reprimand for how the tests were performed and assessed. ]

86.    The acts and/or omissions of Chief Burdess and City regarding law

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Tayvin.

87.     The actions and/or omissions of Chief Burdess and City intruded upon Tayvin's right to be free from arrest in the absence of probable cause.

88.     The failure of Chief Burdess and City to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendants Winters and Wing to violate Tayvin's constitutional rights.

89.     On August 28, 2022, the law clearly established municipal officers and municipalities could be liable for another municipal officer's warrantless arrest made without probable cause which violated the Fourth and Fourteenth Amendments of the United States Constitution.

90.     Chief Burdess and City's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

91.     The actions and/or omissions of Chief Burdess and the City of Newton intruded upon Tayvin's clearly established constitutional right to be free from arrest without probable cause under the Fourth and Fourteenth Amendments.

92.     As a direct and proximate result of Chief Burdess' and City's illegal and unjustified conduct, Tayvin was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

     a.   Deprivation of his constitutional rights;

     b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

     c.   Actual and Compensatory Damages including, but not limited to

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

past, present, and future pain and suffering and medical expenses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs under 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff Tayvin Galanakis prays for Judgment against the Defendants Chief Rob Burdess and City of Newton as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

c.  Plaintiff's costs in this action, including reasonable attorney fees and costs under 42 U.S.C. § 1988;

d.  Punitive damages; and

e.  Such relief as the Court deems just and equitable.

## COUNT IV
## FALSE ARREST
### (*Against Nathan Winters and Christopher Wing,*
### *individually and in their official capacities*)

93.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

94.  On August 28, 2022, Tayvin was detained and arrested against his will.

95.  Tayvin was wrongfully detained by Officer Winters and Lt. Wing.

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

96.    The detention and restraint by Officer Winters and Lt. Wing were the cause of Tayvin's damages.

97.    Officer Winters and Lieutenant Wing's detention and restraint of Tayvin was without probable cause violating Tayvin's clearly established rights.

98.    Based upon the facts known to Officer Winters and Lieutenant Wing, no reasonable officer would believe probable cause existed to arrest Tayvin.

99.    Officer Winters and Lieutenant Wing acted with malice in the detention and restraint of Tayvin.

100.    On August 28, 2022, false arrest was clearly established as a common law tort for which municipal officers could be held liable.

101.    Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's rights and reputation, justifying an award of punitive damages.

102.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendants Nathan Winters and Christopher Wing in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory and punitive damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

103.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

104.    Defendants Chief Burdess and City were the employers and/or supervising officers of Officer Winters.

105.    As the employer, Defendants must exercise reasonable care in the hiring, retention, and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

106.    Defendants breached their duty in the negligent and reckless supervision and training of Officer Winters and Lt. Wing as it relates to their making false arrests and initiating malicious prosecutions in their role as law enforcement officers for the City of Newton.

107.    Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Winters and Lt. Wing.

108.    The incompetence, unfitness, and dangerous characteristics of Officer Winters and Lt. Wing were a cause of damages to Plaintiff.

109.    On August 28, 2022, negligent training and supervision was clearly established as a common law tort for which municipal officers and municipalities could be held liable.

110.    These Defendants' negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendants Rob Burdess and City of Newton in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

**COUNT VI**
**RESPONDEAT SUPERIOR**
(*Against Defendant City of Newton*)

111.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

112.    At all times material hereto, an employer-employee relationship existed between the City of Newton, as the employer, and Officer Winters and Lt. Wing as employees.

113.    At all times material hereto, Officer Winters and Lt. Wing were acting within the scope of their employment with the City of Newton.

114.    Under the doctrine of respondeat superior, City is liable for the aforementioned conduct and/or omissions of Officer Winters and Lt. Winters.

115.    On August 28, 2022, respondeat superior was clearly established as a common law tort for which municipal officers and municipalities could be held liable.

116.    As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages as previously set forth in this Petition.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendant City of Newton in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory

damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Matthew M. Boles*

Matthew M. Boles                AT0001037

BY: */s/ Adam C. Witosky*

Adam C. Witosky                AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email:       mboles@gbswlaw.com
                awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>           **Plaintiff,**<br><br>vs.<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>           **Defendants.** | **CASE NO.**<br><br><br><br>**ORIGINAL NOTICE** |

**TO DEFENDANT:**     **CITY OF NEWTON, IOWA**

You are notified that a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorneys are **Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, 2015 Grand Avenue, Ste. 200, Des Moines, IA 50312; (515) 235-0551, fax (515) 243-3696.**

This Petition was filed on January 4, 2023.

**This case has been filed in a county that uses electronic filing.** Therefore, unless the attached Petition contains a hearing date for your appearance, you must electronically file a motion or answer within twenty (20) days after service of this Original Notice upon you. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16, pertaining to the use of the electronic document management system. For court rules on protection of personal privacy in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

E-FILED  2023 JAN 05 11:13 AM JASPER - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*   **LACV123038**

*County*   **Jasper**

*Case Title*   TAYVIN GALANAKIS V. CITY OF NEWTON ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/05/2023 11:13:37 AM**



*District Clerk of Court or/by Clerk's Designee of* Jasper          *County*

**/s/ Karen Shields**

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br><br>                    **Plaintiff,**<br><br>vs.<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>                    **Defendants.** | **CASE NO.**<br><br><br>**ORIGINAL NOTICE** |

**TO DEFENDANT:        ROB BURDESS**

You are notified that a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorneys are **Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, 2015 Grand Avenue, Ste. 200, Des Moines, IA 50312; (515) 235-0551, fax (515) 243-3696.**

This Petition was filed on January 4, 2023.

**This case has been filed in a county that uses electronic filing.** Therefore, unless the attached Petition contains a hearing date for your appearance, you must electronically file a motion or answer within twenty (20) days after service of this Original Notice upon you. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16, pertaining to the use of the electronic document management system. For court rules on protection of personal privacy in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# Iowa Judicial Branch

*Case No.*  **LACV123038**

*County*  **Jasper**

*Case Title*  TAYVIN GALANAKIS V. CITY OF NEWTON ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/05/2023 11:13:37 AM**



*District Clerk of Court or/by Clerk's Designee of* Jasper          *County*

**/s/ Karen Shields**

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br><br>           **Plaintiff,**<br><br>**vs.**<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>           **Defendants.** | **CASE NO.**<br><br><br>**ORIGINAL NOTICE** |

**TO DEFENDANT:**        **CHRISTOPHER WING**

You are notified that a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice.  Plaintiff's attorneys are **Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, 2015 Grand Avenue, Ste. 200, Des Moines, IA 50312; (515) 235-0551, fax (515) 243-3696.**

This Petition was filed on January 4, 2023.

**This case has been filed in a county that uses electronic filing.** Therefore, unless the attached Petition contains a hearing date for your appearance, you must electronically file a motion or answer within twenty (20) days after service of this Original Notice upon you. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16, pertaining to the use of the electronic document management system. For court rules on protection of personal privacy in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

NOTE:  The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394.  If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# Iowa Judicial Branch

*Case No.*   **LACV123038**

*County*   **Jasper**

*Case Title*   TAYVIN GALANAKIS V. CITY OF NEWTON ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/05/2023 11:13:37 AM**



*District Clerk of Court or/by Clerk's Designee of*  Jasper          *County*

**/s/ Karen Shields**

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br><br>      **Plaintiff,**<br><br>vs.<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>      **Defendants.** | **CASE NO.**<br><br><br><br>**ORIGINAL NOTICE** |

**TO DEFENDANT:      NATHAN WINTERS**

You are notified that a Petition and Jury Demand has been filed in the office of the Clerk of Court in the above-captioned action. A copy of the Petition (and any documents filed with it) is attached to this Original Notice. Plaintiff's attorneys are **Matthew M. Boles and Adam C. Witosky of Gribble Boles Stewart & Witosky Law, 2015 Grand Avenue, Ste. 200, Des Moines, IA 50312; (515) 235-0551, fax (515) 243-3696.**

This Petition was filed on January 4, 2023.

**This case has been filed in a county that uses electronic filing.** Therefore, unless the attached Petition contains a hearing date for your appearance, you must electronically file a motion or answer within twenty (20) days after service of this Original Notice upon you. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition. For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16, pertaining to the use of the electronic document management system. For court rules on protection of personal privacy in court filings, refer to Division VI of Iowa Court Rules Chapter 16.

NOTE: The attorney who is expected to represent the Defendant should be promptly advised by Defendant of the service of this Notice.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

E-FILED  2023 JAN 05 11:13 AM JASPER - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACV123038**

*County*  **Jasper**

*Case Title*  TAYVIN GALANAKIS V. CITY OF NEWTON ET AL.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/05/2023 11:13:37 AM**



*District Clerk of Court or/by Clerk's Designee of*  Jasper          *County*

**/s/ Karen Shields**

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>             **Plaintiff,**<br>**vs.**<br><br>**CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,**<br><br>             **Defendants.** | **CASE NO. _____**<br><br><br><br>**PETITION AT LAW and JURY DEMAND** |

**COMES NOW**, the Plaintiff, and for his Petition at Law and Jury Demand states:

1.      Plaintiff Tayvin Galanakis is a citizen and resident of Newton, Iowa, who engaged with officers at the 100 block of South 3rd Ave West, Newton, Iowa 50208 at all times relevant to the events complained of herein.

2.      Defendant City of Newton, Iowa (hereinafter "City") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 101 West 4th Street South, Newton, Jasper County, Iowa 50208. Defendant City is responsible for maintaining and operating the Newton Police Department.

3.      Defendant Chief Rob Burdess is believed to be a citizen and resident of Iowa and was serving as the Chief of Police for the Newton Police Department at all times relevant to the events complained of herein.

4.      Defendant Nathan Winters is believed to be a citizen and resident of Iowa and was serving as a police officer for the City of Newton Police Department at all times relevant to the events complained of herein.

5.   Defendant Christopher Wing is believed to be a citizen and resident of Iowa and was serving as a Lieutenant of the City of Newton Police Department at all times relevant to the events complained of herein.

## JURISDICTION AND VENUE

6.   Jurisdiction of the District Court is proper pursuant to Iowa Code §602.6101.

7.   All events, actions, injury, and damages referenced in this Petition occurred in Jasper County, therefore venue is proper pursuant to Iowa Code §616.18.

## GENERAL FACTUAL ALLEGATIONS

8.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

9.   On August 28, 2022, around 12:15 a.m., Officer Winters and Lt. Wing were driving patrol when they passed a vehicle with its high beams on, not dimmed for oncoming traffic.

10.   Tayvin was operating the vehicle with the high beams on.

11.   Officer Winters and Lt. Wing activated the lights and sirens of their vehicle to initiate a stop of the vehicle Tayvin was operating.

12.   Tayvin complied with these signals and pulled the vehicle over to a stop.

13.   Officer Winters approached the driver's side window and asked for the owner's identification and registration for the vehicle.

14.   In addition to Officer Winters' approach towards Tayvin's vehicle, Lieutenant Wing also got out of the police vehicle and watched this entire encounter.

15.   Further, Lieutenant Wing verbally expressed multiple times that

Officer Winters' actions were appropriate and was well within his duties as a police officer.

16.     Tayvin was 19 years old, born and raised in Newton, and a freshman on the William Penn Football Team in Oskaloosa, Iowa.

17.     Tayvin was home for the weekend and was in the process of going home when he was pulled over.

18.     Tayvin explained to the officers this was his first interaction with law enforcement, he was nervous, and was not sure what he needed to provide the officers, such as the registration.

19.     Officer Winters began asking Tayvin if he had had anything to drink that night.

20.     Tayvin responded that he did not have anything to drink continuously throughout this encounter.

21.     Despite Tayvin's answer, Defendant Winters kept questioning if Tayvin was intoxicated.

22.     Defendant Winters directed Tayvin to join him in his police squad vehicle while he ran his information in the system.

23.     While in the police vehicle, Defendant Winters admonished Tayvin and said he believed Tayvin was lying and that Deputy Winters could "smell the alcohol on him," and his eyes were bloodshot.

24.     After running his information, Defendant Winters despite having no reasonable suspicion, instructed Tayvin out of the police vehicle to administer a

variety of field sobriety tests.

25.     Tayvin complied and got out, awaiting orders from Defendant Winters on which tests he wanted Tayvin to complete.

26.     At or about 12:23 a.m., Officer Winters conducted a Horizontal Gaze Nystagmus Test (HGN).

27.     At or about 12:25 a.m., Officer Winters conducted a walk-and-turn test.

28.     At or about 12:28 a.m., Officer Winters conducted a One Leg Stand/Balancing Test.

29.     At or about 12:30 a.m., Officer Winters conducted another memorization test forcing Tayvin to close his eyes, lean his head back, and count to thirty (30).

30.     At or about 12:33 a.m., Officer Winters conducted a finger-to-nose test.

31.     Following these field sobriety tests, Officer Winters falsely alleged that Tayvin performed poorly on these tests, though video evidence disputes these allegations.

32.     Tayvin continued to plead his innocence and asked continuously for the officers to conduct a breath test.

33.     Finally, at 12:35 a.m., Officer Winters conducted a standard handheld preliminary breathalyzer test with the results showing that Tayvin blew a 0.00.

34.     Despite this result, Officer Winters told Tayvin he had enough cause to arrest Tayvin on suspicion of intoxication.

35.     Officer Winters stated that with Tayvin's slow response and inability to find his registration, his bloodshot eyes, and the field tests, he had probable cause.

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

36.      Once the breath test established zero alcohol in Tayvin's system, Officer Winters changed his story and began questioning Tayvin about marijuana use.

37.      Despite previously claiming he could smell alcohol on Tayvin, Officer Winters now claimed he believed Tayvin was intoxicated due to his use of marijuana.

38.      Tayvin continuously told the officers that he did not use marijuana and that his placement on the William Penn football team renders him unable to use marijuana because of his weekly drug tests.

39.      At 12:40 a.m., Officer Winters placed handcuffs on Tayvin, read him his Miranda rights, and put him in the back of the police vehicle.

40.      Tayvin and the Defendants arrived at the Newton Police Station at 12:44 a.m. and put Tayvin in a detention room awaiting Officer Winters' report.

41.      Tayvin has asthma and is prescribed an inhaler for his asthmatic attacks.

42.      Although Tayvin pled with Officer Winters about his difficulty breathing due to the stress he was experiencing from the interaction, Officer Winters initially denied him the ability to use his inhaler.

43.      After repeated requests, Officer Winters finally gave Tayvin his inhaler.

44.      Officer Winters asked Tayvin if he would do a drug recognition test and submit to a urine test to which Tayvin agreed.

45.      At or about 12:57 a.m., Officer Shinkle, a drug recognition expert with the Newton Police Department, arrived.

46.      At 1:12 a.m., Officer Shinkle conducted a second round of the same field

sobriety tests that Officer Winters put Tayvin through.

47.    Officer Shinkle also conducted a variety of other tests including but not limited to, a blood pressure test, checked Tayvin's pulse, and did a thorough white and blue light check on his mouth and body.

48.    Following these tests, Officer Shinkle concluded at or around 2:03 a.m., that Tayvin was not intoxicated and he was not showing any signs or had any evidence of drug or alcohol use.

49.    At this time, Officer Shinkle told Tayvin that he was going to be released and that he was going to take Tayvin home.

50.    Before leaving the station, Tayvin requested to speak to Officer Winters and at no point in their final interaction, did Tayvin receive an apology from Officer Winters for falsely accusing him of using alcohol and/or drugs.

51.    Although Tayvin continued to assert his innocence and subsequently proved that he was not intoxicated, Officer Winters remained defiant.

52.    Lt. Wing, as Officer Winters' supervising officer, stood idly by as he observed Officer Winter make claims of Tayvin's intoxication unsupported by any testing or other objective evidence.

53.    Lt. Wing participated in Tayvin's arrest for operating while intoxicated despite there being no basis to believe probable cause existed.

54.    Throughout this entire encounter, Tayvin complied with all orders by Defendants, despite his confusion and frustration at being seized and arrested without cause.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### (*Against Nathan Winters and Christopher Wing, individually*)

55.     Plaintiff repleads each preceding paragraph as if fully set forth herein.

56.     Defendants Nathan Winters and Christopher Wing are individuals for a Section 1983 action for damages.

57.     At all times material hereto, Officer Winters' actions and/or omissions were made under the color of authority and law as an officer for the Newton Police Department.

58.     At all times material hereto, Lieutenant Wing's actions and/or omissions were made under the color of authority and law as a lieutenant for the Newton Police Department.

59.     On August 28, 2022, Officer Winters and Lieutenant Wing violated Tayvin's constitutional rights by detaining and arresting Tayvin without probable cause to believe a criminal offense had been committed.

60.     Based upon the facts known to Officer Winters and Lieutenant Wing, no reasonable officer could believe probable cause existed to arrest Tayvin.

61.     Officer Winters and Lieutenant Wing violated Tayvin's clearly established Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from unlawful arrest.

62.     On August 28, 2022, the law was clearly established a warrantless

E-FILED 2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

arrest made without probable cause violated the Fourth and Fourteenth Amendments of the United States Constitution.

63.     Officer Winters and Lieutenant Wing demonstrated deliberate indifference to and/or reckless disregard for Tayvin's civil and constitutional rights by their unlawful arrest of Tayvin.

64.     Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

65.     As a direct and proximate result of Officer Winters and Lieutenant Wing's illegal and unjustified conduct, Tayvin was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering and medical expenses;

    d.  Punitive damages;

    e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

    f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs under 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff Tayvin Galanakis prays for Judgment against the Defendants Nathan Winters and Christopher Wing as follows:

    a. Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

    b. Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

    c. Plaintiff's costs in this action, including reasonable attorney fees and costs under 42 U.S.C. § 1988;

    d. Punitive damages; and

    e. Such relief as the Court deems just and equitable.

## COUNT II
### VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
*__Right to be Free from Arrest without Probable Cause__*
*(__Against Nathan Winters and Christopher Wing, individually__)*

66.    Plaintiff repleads each preceding paragraph as if fully set forth herein.

67.    At all times, Officer Winters' actions and/or omissions were made under the color of authority and the law as an Officer of the Newton Police Department.

68.    At all times material hereto, Lieutenant Wing's actions and/or omissions were made under the color of authority and law as the lieutenant of the Newton Police Department.

69.    On August 28, 2022, Officer Winters and Lieutenant Wing violated Tayvin's constitutional rights by detaining and arresting Tayvin without probable cause to believe a criminal offense had been committed.

70.    Based upon the facts known to Officer Winters and Lieutenant Wing, no

reasonable officer could believe probable cause existed to arrest Tayvin.

71.     There was no warrant for Tayvin's arrest.

72.     Officer Winters and Lieutenant Wing violated Tayvin's clearly established rights under Article I, § 8 of the Iowa Constitution to be free from unlawful arrest.

73.     On August 28, 2022, the law was clearly established a warrantless arrest made without probable cause violated Article I, § 8 of the Iowa Constitution.

74.     Officer Winters and Lieutenant Wing demonstrated deliberate indifference to and/or reckless disregard for Tayvin's civil and constitutional rights by their unlawful arrest of Tayvin.

75.     Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

76.     As a direct and proximate result of Officer Winters and Lieutenant Wing's illegal and unjustified conduct, Tayvin is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of his constitutional rights;

   b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.   Actual and Compensatory Damages including, but not limited to past, present, and future pain and suffering;

   d.   Punitive damages;

   e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery

expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs available at common law.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, prays for Judgment against

Defendants, Nathan Winters and Christopher Wing, as follows:

a.  Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.  Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

c.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant available at common law;

d.  Punitive damages; and

e.  Such relief as the Court deems just and equitable.

### COUNT III
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### _Monell Liability for Arrest without Probable Cause_
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

77.  Plaintiff repleads each preceding paragraph as if fully set forth herein.

78.  Defendants Rob Burdess and City of Newton are persons for Section 1983 action for damages.

79.  At all times material hereto, Chief Burdess' actions and/or omissions were made under the color of authority as the Chief of Police for the Defendant City.

80.  As Chief, Chief Burdess is responsible for supervising and training the

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

law enforcement officers of the Newton Police Department, as well as implementing and enforcing the City's policies.

81.    Chief Burdess and City failed to establish and/or maintain, and/or enforce official city and/or county policies, patterns, practices, or customs for determining when probable cause exists to arrest for operating while intoxicated.

82.    Before the events described *supra*, Chief Burdess and City deliberately and with reckless disregard for the constitutional rights of its citizens failed to establish an adequate policy and procedure for training and supervising officers within the department relating to when probable cause exists to arrest for operating while intoxicated.

83.    The customs and practices of Chief Burdess and City involve the failure to initiate policies to ensure arrests are performed only where a warrant was issued or where probable cause exists to believe a criminal offense has been committed.

84.    The customs and practices of the Newton Police Department either permitted officers who either did not know how to properly perform or assess field tests, or who incorrectly performed or assessed field tests, to conduct arrests based on the bad information developed from those tests.

85.    The customs and practices of the Newton Police Department either permitted officers to conduct field testing as above in the presence of ranking and supervising officers without fear of correction or reprimand for how the tests were performed and assessed. ]

86.    The acts and/or omissions of Chief Burdess and City regarding law

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

enforcement and citizen interactions amounted to deliberate indifference to the rights and safety of citizens, including Tayvin.

87.     The actions and/or omissions of Chief Burdess and City intruded upon Tayvin's right to be free from arrest in the absence of probable cause.

88.     The failure of Chief Burdess and City to implement effective policies, patterns, practices, and/or customs was a moving force behind, and effectively caused, Defendants Winters and Wing to violate Tayvin's constitutional rights.

89.     On August 28, 2022, the law clearly established municipal officers and municipalities could be liable for another municipal officer's warrantless arrest made without probable cause which violated the Fourth and Fourteenth Amendments of the United States Constitution.

90.     Chief Burdess and City's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's civil rights, justifying an award of punitive damages.

91.     The actions and/or omissions of Chief Burdess and the City of Newton intruded upon Tayvin's clearly established constitutional right to be free from arrest without probable cause under the Fourth and Fourteenth Amendments.

92.     As a direct and proximate result of Chief Burdess' and City's illegal and unjustified conduct, Tayvin was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

   a.   Deprivation of his constitutional rights;

   b.   Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.   Actual and Compensatory Damages including, but not limited to

past, present, and future pain and suffering and medical expenses;

d.   Punitive damages;

e.   All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.   Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs under 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff Tayvin Galanakis prays for Judgment against the Defendants Chief Rob Burdess and City of Newton as follows:

a.   Actual, Compensatory, Consequential, and all other allowable damages against Defendants in an amount yet to be determined;

b.   Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

c.   Plaintiff's costs in this action, including reasonable attorney fees and costs under 42 U.S.C. § 1988;

d.   Punitive damages; and

e.   Such relief as the Court deems just and equitable.

### COUNT IV
### FALSE ARREST
### (*Against Nathan Winters and Christopher Wing, individually and in their official capacities*)

93.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

94.   On August 28, 2022, Tayvin was detained and arrested against his will.

95.   Tayvin was wrongfully detained by Officer Winters and Lt. Wing.

14

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

96.     The detention and restraint by Officer Winters and Lt. Wing were the cause of Tayvin's damages.

97.     Officer Winters and Lieutenant Wing's detention and restraint of Tayvin was without probable cause violating Tayvin's clearly established rights.

98.     Based upon the facts known to Officer Winters and Lieutenant Wing, no reasonable officer would believe probable cause existed to arrest Tayvin.

99.     Officer Winters and Lieutenant Wing acted with malice in the detention and restraint of Tayvin.

100.    On August 28, 2022, false arrest was clearly established as a common law tort for which municipal officers could be held liable.

101.    Officer Winters and Lieutenant Wing's actions were willful, wanton, unlawful, and in gross disregard of Tayvin's rights and reputation, justifying an award of punitive damages.

102.    Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants' behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendants Nathan Winters and Christopher Wing in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory and punitive damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

103. Plaintiff repleads each preceding paragraph as if fully set forth herein.

104. Defendants Chief Burdess and City were the employers and/or supervising officers of Officer Winters.

105. As the employer, Defendants must exercise reasonable care in the hiring, retention, and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public.

106. Defendants breached their duty in the negligent and reckless supervision and training of Officer Winters and Lt. Wing as it relates to their making false arrests and initiating malicious prosecutions in their role as law enforcement officers for the City of Newton.

107. Defendants knew, or in the exercise of ordinary care should have known, of the incompetence, unfitness, and dangerous characteristics of Officer Winters and Lt. Wing.

108. The incompetence, unfitness, and dangerous characteristics of Officer Winters and Lt. Wing were a cause of damages to Plaintiff.

109. On August 28, 2022, negligent training and supervision was clearly established as a common law tort for which municipal officers and municipalities could be held liable.

110. These Defendants' negligence was a proximate cause of Plaintiff's injuries.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendants Rob Burdess and City of Newton in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT VI
### RESPONDEAT SUPERIOR
#### (*Against Defendant City of Newton*)

111.   Plaintiff repleads each preceding paragraph as if fully set forth herein.

112.   At all times material hereto, an employer-employee relationship existed between the City of Newton, as the employer, and Officer Winters and Lt. Wing as employees.

113.   At all times material hereto, Officer Winters and Lt. Wing were acting within the scope of their employment with the City of Newton.

114.   Under the doctrine of respondeat superior, City is liable for the aforementioned conduct and/or omissions of Officer Winters and Lt. Winters.

115.   On August 28, 2022, respondeat superior was clearly established as a common law tort for which municipal officers and municipalities could be held liable.

116.   As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages as previously set forth in this Petition.

**WHEREFORE**, the Plaintiff, Tayvin Galanakis, respectfully requests judgment against Defendant City of Newton in an amount which fully and fairly compensates him for his mental, and emotional injuries and damages, compensatory

E-FILED  2023 JAN 05 9:28 AM JASPER - CLERK OF DISTRICT COURT

damages, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY:   */s/ Matthew M. Boles*
Matthew M. Boles                    AT0001037
BY:   */s/ Adam C. Witosky*
Adam C. Witosky                     AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email:       mboles@gbswlaw.com
             awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT OF SERVICE

| Case:<br>LACV123038 | Court:<br>Jasper County District Court | County:<br>Jasper, IA | Job:<br>8198121 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tayvin Galanakis | | Defendant / Respondent:<br>City of Newton, Iowa; Rob Burdess; Nathan Winters, et al | |
| Received by:<br>HSPS Legal Services | | For:<br>GBSW Law | |
| To be served upon:<br>Rob Burdess | | Court Date: | |

I, Ron Dollarhide, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  Madi Lamb, Newton Police Dept: 101 W 4th St S, Newton, IA 50208

Manner of Service:  Government Agency, Jan 13, 2023, 10:33 am CST

Documents:  Original Notice; Petition at Law and Jury Demand (Received Jan 9, 2023 at 2:06pm CST)

Additional Comments:
1) Successful Attempt: Jan 13, 2023, 10:33 am CST at Newton Police Dept: 101 W 4th St S, Newton, IA 50208 received by Madi Lamb. (Server's visual approximation) Age: 40-45; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'5"; Hair: Brown; Relationship: Administration Assistant;
I MADE CONTACT WITH MANDI LAMB WHO IDENTIFIED HERSELF AND A ADMINISTRATION ASSISTANT FOR THE NEWTON POLICE DEPARTMENT. MANDI LAMB TOLD ME THAT SHE WAS AUTHORIZED TO ACCEPT LEGAL SERVICE ON BEHALF OF ROD BURDESS, CHRISTOPHER WING, AND NATHAN WINTERS. BASED PN THIS INFORMATION I LEFT THE PAPERWORK WITH MANDI LAMB ADMINISTRATION ASSISTANT.

Fees: 60

State of:  IA  )
          ) SS:
County of:  Polk  )

Ron Dollarhide          Date  1-14-23

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this
14 day of January, 2023

Notary Public

10-14-2023

My Commission Expires

ERIN L SHELLMYER
Commission Number 826837
My Commission Expires
October 14, 2023

## AFFIDAVIT OF SERVICE

| Case:<br>LACV123038 | Court:<br>Jasper County District Court | County:<br>Jasper, IA | Job:<br>8198140 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tayvin Galanakis | | Defendant / Respondent:<br>City of Newton, Iowa; Rob Burdess; Nathan Winters, et al | |
| Received by:<br>HSPS Legal Services | | For:<br>GBSW Law | |
| To be served upon:<br>Nathan Winters | | Court Date: | |

I, Ron Dollarhide, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  MANDI LAMB , Newton Police Dept: 101 W 4th St S, Newton, IA 50208

Manner of Service:  Government Agency, Jan 13, 2023, 10:39 am CST

Documents:  Original Notice; Petition at Law and Jury Demand (Received Jan 9, 2023 at 2:06pm CST)

Additional Comments:
1) Successful Attempt: Jan 13, 2023, 10:39 am CST at Newton Police Dept: 101 W 4th St S, Newton, IA 50208 received by MANDI LAMB . (Server's visual approximation) Age: 40-45; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'5"; Hair: Brown; Relationship: ADMINISTRATION ASSISTANT ;
I MADE CONTACT WITH MANDI LAMB WHO IDENTIFIED HERSELF AND A ADMINISTRATION ASSISTANT FOR THE NEWTON POLICE DEPARTMENT. MANDI LAMB TOLD ME THAT SHE WAS AUTHORIZED TO ACCEPT LEGAL SERVICE ON BEHALF OF ROD BURDESS, CHRISTOPHER WING, AND NATHAN WINTERS. BASED ON THIS INFORMATION I LEFT THE PAPERWORK WITH MANDI LAMB ADMINISTRATION ASSISTANT

Fees: 35

State of:  _IA_                  )
                                         ) SS:
County of:  _POLK_         )

_Ron Dollarhide_                    1-14-23
Ron Dollarhide                          Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this _14_ day of _January_, _2023_

_Erin Shellmyer_
Notary Public
_10-14-2023_

My Commission Expires

ERIN L SHELLMYER
Commission Number 826837
My Commission Expires
October 14, 2023

## AFFIDAVIT OF SERVICE

| Case:<br>LACV123038 | Court:<br>Jasper County District Court | County:<br>Jasper, IA | Job:<br>8198131 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tayvin Galanakis | | Defendant / Respondent:<br>City of Newton, Iowa; Rob Burdess; Nathan Winters, et al | |
| Received by:<br>HSPS Legal Services | | For:<br>GBSW Law | |
| To be served upon:<br>Christopher Wing | | Court Date: | |

I, Ron Dollarhide, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: MANDI LAMB, Newton Police Dept: 101 W 4th St S, Newton, IA 50208

Manner of Service: Government Agency, Jan 13, 2023, 10:41 am CST

Documents: Original Notice; Petition at Law and Jury Demand (Received Jan 9, 2023 at 2:06pm CST)

Additional Comments:
1) Successful Attempt: Jan 13, 2023, 10:41 am CST at Newton Police Dept: 101 W 4th St S, Newton, IA 50208 received by MANDI LAMB. (Server's visual approximation) Age: 40-45; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'5"; Hair: Brown; Relationship: ADMINISTRATION ASSISTANT ;
I MADE CONTACT WITH MANDI LAMB WHO IDENTIFIED HERSELF AND A ADMINISTRATION ASSISTANT FOR THE NEWTON POLICE DEPARTMENT. MANDI LAMB TOLD ME THAT SHE WAS AUTHORIZED TO ACCEPT LEGAL SERVICE ON BEHALF OF ROD BURDESS, CHRISTOPHER WING, AND NATHAN WINTERS. BASED PN THIS INFORMATION I LEFT THE PAPERWORK WITH MANDI LAMB ADMINISTRATION ASSISTANT

Fees: 35

State of: _IA_ )
County of: _POLK_ ) SS:

_Ron Dollarhide_  1-14-23
Ron Dollarhide          Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this _14_ day of _January_, _2023_

_Erin Shellmyer_
Notary Public

My Commission Expires  _10-14-2023_

ERIN L SHELLMYER
Commission Number 826837
My Commission Expires
October 14, 2023

## AFFIDAVIT OF SERVICE

| Case:<br>LACV123038 | Court:<br>Jasper County District Court | County:<br>Jasper, IA | Job:<br>8198107 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Tayvin Galanakis | | Defendant / Respondent:<br>City of Newton, Iowa; Rob Burdess; Nathan Winters, et al | |
| Received by:<br>HSPS Legal Services | | For:<br>GBSW Law | |
| To be served upon:<br>City of Newton, Iowa | | Court Date: | |

I, Ron Dollarhide, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Katrina Davis, Newton City Hall: 101 W 4th St S, Newton, IA 50208
Manner of Service:   Government Agency, Jan 13, 2023, 10:30 am CST
Documents:   Original Notice; Petition at Law and Jury Demand (Received Jan 9, 2023 at 2:06pm CST)

Additional Comments:
1) Successful Attempt: Jan 13, 2023, 10:30 am CST at Newton City Hall: 101 W 4th St S, Newton, IA 50208 received by Katrina Davis. (Server's visual approximation) Age: 35-40; Ethnicity: Caucasian; Gender: Female; Weight: 150; Height: 5'4"; Hair: Blond; Relationship: City Clerk; I MADE CONTACT WITH KATRINA DAVIS WHO IDENTIFIED HERSELF AS THE CITY OF NEWTON CITY CLERK. KATRINA DAVIS ACCEPTED SERVICE WITHOUT INCIDENT.

Fees: 35
State of:   _____IA_____ )
                                               ) SS:
County of:   ____POLK____ )

_Ron Dollarhide_                          1-14-23
Ron Dollarhide                          Date

HSPS Legal Services
160 Southgate Ave Ste A
Iowa City, IA 52240
319-354-2010

Signed and sworn to before me, a notary public, on this
____14____ day of _January_, 2023

_Erin Shellmyer_
Notary Public
                    10-14-2023
My Commission Expires

ERIN L SHELLMYER
Commission Number 826837
My Commission Expires
October 14, 2023