UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>  Defendants. | No. <u>4:23-cv-00044</u><br><br>**ANSWER AND AFFIRMATIVE DEFENSES FOR CITY OF NEWTON AND ROB BURDESS**<br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

**COMES NOW**, Defendants City of Newton, Iowa ("City"), and Rob Burdess ("Chief Burdess") (collectively "Defendants"), by and through the undersigned, and for their Answer and Affirmative Defenses hereby state the following:

**ANSWER**

**PARTIES**

1. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1. Defendants admit that Plaintiff did engage with officers employed by Defendant City at or around 100 block of South 3rd Ave. West, Newton, Iowa 50208 at relevant times. The remaining allegations alleged in paragraph 1 are denied.

2. Defendants admit that Defendant City maintains and operates the Newton Police Department. Defendant City is a municipal government entity under Iowa Constitution Article III,

§ 38A in which it is granted "home rule power and authority." Defendants admit the remaining allegations alleged in paragraph 2.

3. Defendants admit to the allegations alleged in paragraph 3.

4. Defendants admit to the allegations alleged in paragraph 4.

5. Defendants admit to the allegations alleged in paragraph 5.

## JURISDICTION AND VENUE

6. Defendants deny the allegations alleged in paragraph 6. Defendants affirmatively state that jurisdiction lies with the United States District Court for the Southern District of Iowa Central Division.

7. Defendants deny the allegations alleged in paragraph 7. Defendants affirmatively state that jurisdiction lies with the United States District Court for the Southern District of Iowa Central Division.

## GENERAL FACTUAL ALLEGATIONS

8. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

9. Defendants deny to the allegations alleged in paragraph 9.

10. Defendants admit to the allegations alleged in paragraph 10.

11. Defendants admit that Defendant Officer Winters and Defendant Lt. Wing activated the emergency signal lights on their car and initiated the stop. Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 11.

12. Defendants admit to the allegations alleged in paragraph 12.

13. Defendants admit to the allegations alleged in paragraph 13.

14. Defendants admit to the allegations alleged in paragraph 14.

15. Defendants admit to the allegations alleged in paragraph 15.

16. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 16.

17. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 17. Defendants admit that Plaintiff did state such.

18. Defendants deny the allegations alleged in paragraph 18.

19. Defendants admit that when Defendant Officer Winters made findings that supported that assertion that Plaintiff may have been driving while impaired, he asked Plaintiff if he had been drinking. The remaining allegations alleged in paragraph 19 are denied.

20. Defendants admit to the allegations alleged in paragraph 20.

21. Defendants admit to the allegations alleged in paragraph 21.

22. Defendants admit to the allegations alleged in paragraph 22.

23. Defendants admit that Defendant Officer Winters stated that his eyes were bloodshot and asked Plaintiff why his person smelled of alcohol while in the patrol car. Defendants deny the remaining allegations alleged in paragraph 23.

24. Defendants deny that Defendant Officer Winters lacked reasonable suspicion. Defendants admit to the remaining allegations alleged in paragraph 24.

25. Defendants admit to the allegations alleged in paragraph 25.

26. Defendants admit to the allegations alleged in paragraph 26.

27. Defendants admit to the allegations alleged in paragraph 27.

28. Defendants admit to the allegations alleged in paragraph 28.

29. Defendants admit to the allegations alleged in paragraph 29.

30. Defendants admit to the allegation alleged in paragraph 30.

31. Defendants deny the allegations alleged in paragraph 31.

32. Defendants admit to the allegations alleged in paragraph 32.

33. Defendants admit to the allegations alleged in paragraph 33.

34. Defendants admit that Defendant Officer Winters had probable cause to arrest Plaintiff. Defendants deny the allegations alleged in paragraph 34.

35. Defendants admit that the allegations alleged in paragraph 35 describe in part the facts that established Defendant Officer Winters' probable cause needed to make an arrest. Defendants deny the remaining allegations alleged in paragraph 35.

36. Defendants admit that Defendant Officer Winters questioned Plaintiff about his marijuana use. Defendants deny the remaining allegations alleged in paragraph 36.

37. Defendants admit that Defendant Officer Winters stated that the field sobriety tests indicated that Plaintiff was under the influence. Defendants deny the remaining allegations alleged in paragraph 37.

38. Defendants admit that Plaintiff stated that he was subject to weekly drug tests as part of the William Penn football team. Defendants deny the remaining allegations alleged in paragraph 38.

39. Defendants admit to the allegations alleged in paragraph 39.

40. Defendants admit to the allegations alleged in paragraph 40.

41. Defendants admit that Plaintiff had an inhaler in his possession. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 41.

42. Defendants admit to the allegations alleged in paragraph 42 to the extent that Defendant Officer Winters did deny Plaintiff the use of his inhaler after one oral request.

43. Defendants admit that Plaintiff was provided with his inhaler within approximately twenty seconds of his request. Defendants deny the remaining allegations alleged in paragraph 43.

44. Defendants deny that Plaintiff agreed to do a drug recognition test upon Defendant Officer Winters' first request for him to do one. Defendants admit to the allegations alleged in paragraph 44 to the extent that eventually, Plaintiff agreed to be tested.

45. Defendants admit to the allegations alleged in paragraph 45.

46. Defendants admit to the allegations alleged in paragraph 46.

47. Defendants admit to the allegations alleged in paragraph 47.

48. Defendants admit to the allegations alleged in paragraph 47.

49. Defendants admit to the allegations alleged in paragraph 48.

50. Defendants admit that Defendant Officer Winters did not apologize for his actions, and that Plaintiff did request to speak with him. Defendants deny the remaining allegations alleged in paragraph 50.

51. Defendants admit that Plaintiff did assert his innocence. Defendants deny the allegations alleged in paragraph 51.

52. Defendants deny the allegations alleged in paragraph 52.

53. Defendants deny the allegations alleged in paragraph 53.

54. Defendants deny the allegations alleged in paragraph 54.

**CAUSES OF ACTION**
**COUNT I CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
*Right to be free from Arrest without Probable Cause*
(*Against Nathan Winters and Christopher Wing, individually*)

55. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

56. Defendants admit that Defendant Chief Rob Burdess is a natural person which is pertinent to 42 U.S.C. § 1983. Defendants deny the remaining allegations alleged in paragraph 56.

57. Defendants admit to the allegations alleged in paragraph 57.

58. Defendants admit the allegations alleged in paragraph 58.

59. Defendants deny the allegations alleged in paragraph 59.

60. Defendants deny the allegations alleged in paragraph 60.

61. Defendants deny the allegations alleged in paragraph 61.

62. Paragraph 62 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 62 on this basis.

63. Defendants deny the allegations alleged in paragraph 63.

64. Defendants deny the allegations alleged in paragraph 64.

65. Defendants deny the allegations alleged in paragraph 65 in their entirety including subparagraphs a-f.

## COUNT II
## VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA CONSTITUTION
*Right to be Free from Arrest without Probable Cause*
**(Against Nathan Winters and Christopher Wing, individually)**

66. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

67. Defendants admit to the allegations alleged in paragraph 67.

68. Defendants admit to the allegations alleged in paragraph 68.

69. Defendants deny the allegations alleged in paragraph 69.

70. Defendants deny the allegations alleged in paragraph 70.

71. Defendants admit to the allegations alleged in paragraph 71.

72. Defendants deny the allegations alleged in paragraph 72.

73. Paragraph 73 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 73 on this basis.

74. Defendants deny the allegations alleged in paragraph 74.

75. Defendants deny the allegations alleged in paragraph 75.

76. Defendants deny the allegations alleged in paragraph 76 in their entirety including subparagraphs a-f.

**COUNT III**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE CONSITUTION**
*Monell Liability for Arrest without Probable Cause*
**(Against Defendants Rob Burdess, individually, and City of Newton)**

77. Newton incorporates by reference the responses contained in all the paragraphs set forth above and below as set forth herein.

78. Defendants admit that Defendant Chief Rob Burdess is a natural person which is pertinent to 42 U.S.C. § 1983. Defendants deny the remaining allegations alleged in paragraph 78.

79. Defendants deny the allegations alleged in paragraph 79.

80. Defendants admit that Defendant Chief Rob Burdess conducts such actions in his capacity as Police Chief of Defendant City. Defendants deny that Defendant Chief Rob Burdess conducts such actions in his personal capacity. Defendants deny the remaining allegations alleged in paragraph 80.

81. Defendants deny the allegations alleged in paragraph 81.

82. Defendants deny the allegations alleged in paragraph 82.

83. Defendants deny the allegations alleged in paragraph 83.

84. Defendants deny the allegations alleged in paragraph 84.

85. Defendants deny the allegations alleged in paragraph 85.

86. Defendants deny the allegations alleged in paragraph 86.

87. Defendants deny the allegations alleged in paragraph 87.

88. Defendants deny the allegations alleged in paragraph 88.

89. Paragraph 89 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 89 on this basis.

90. Defendants deny the allegations alleged in paragraph 90.

91. Defendants deny the allegations alleged in paragraph 91.

92. Defendants deny the allegations alleged in paragraph 92 in their entirety including subparagraphs a-f.

## COUNT IV
## FALSE ARREST
*(Against Nathan Winters and Christopher Wing, individually and in their official capacities)*

93. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

94. Defendants admit that Plaintiff was lawfully arrested and detained on August 28, 2022. Defendants deny the remaining allegations alleged in paragraph 94.

95. Defendants deny the allegations alleged in paragraph 95.

96. Defendants deny the allegations alleged in paragraph 96.

97. Defendants deny the allegations alleged in paragraph 97.

98. Defendants deny the allegations alleged in paragraph 98.

99. Defendants deny the allegations alleged in paragraph 99.

100. Paragraph 100 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 100 on this basis.

101. Defendants deny the allegations alleged in paragraph 101.

102. Defendants deny the allegations alleged in paragraph 102.

## COUNT V
## NEGLIGENT SUPERVISION AND TRAINING
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

103. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

104. Defendants admit that the City is the employer of Defendant Officer Winters and Defendant Chief Burdess. Defendants admit that Defendant Chief Burdess is a supervising officer of Defendant Officer Winters. Defendants deny that Chief Burdess is the employer of Chief Burdess in his individual capacity. Defendants deny that the City is a supervising officer of Officer Winters. Defendants deny the remaining allegations alleged in paragraph 104.

105. Defendants admit that Defendant City uses reasonable care in the employment of its officers. Paragraph 105 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 105 on this basis.

106. Defendants deny that Defendant Chief Burdess acted in his personal capacity in the supervision and training of Defendant Officer Winters and Defendant Lt. Wing. Defendants deny the remaining allegations alleged in paragraph 106.

107. Defendants deny the allegations alleged in paragraph 107.

108. Defendants deny the allegations alleged in paragraph 108.

109. Paragraph 109 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 109 on this basis.

110. Defendants deny the allegations alleged in paragraph 110.

## COUNT VI
## RESPONDEAT SUPERIOR
### (*Against Defendant City of Newton*)

111. Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

112. Defendants admit the allegations alleged in paragraph 112.

113. Paragraph 113 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 113 on this basis.

114. Paragraph 114 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 114 on this basis.

115. Paragraph 115 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 115 on this basis.

116. Defendants deny the allegations alleged in paragraph 116.

**WHEREFORE**, Defendants respectfully request that Plaintiff's petition be dismissed in its entirety and that Defendants be afforded such other relief to which they may be entitled, including but not limited to costs and attorney's fees.

### AFFIRMATIVE DEFENSES

COMES NOW the Defendants and for their affirmative defenses, hereby state as follows:

1. Each and every other allegation contained in Plaintiff's Petition except those allegations specifically admitted is denied.

2. Defendant Chief Burdess, Defendant Officer Winters, and Defendant Lt. Wing, individually, are not proper parties to this matter.

3. Plaintiff has failed to state a claim upon which relief may be granted.

4. Defendants are not liable under 42 U.S.C. § 1983 because their actions were constitutional.

5. The actions of Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with state and federal constitutions and statutes.

6. Defendants have not violated Plaintiff's Fourth and Fourteenth Amendment rights.

7. Defendants have not violated Plaintiff's Iowa Constitutional rights.

8. Defendant City is not liable in *respondent superior* nor in a *Monell* capacity.

9. Defendants are immune from any liability as alleged by Plaintiff pursuant to Iowa Code chapter 670.

10. The individual Defendants have qualified immunity.

11. Plaintiff's fault exceeds that fault of Defendants. Plaintiff is barred recovery pursuant to Iowa Code chapter 668.

12. Plaintiff's fault must be compared with the fault of Defendants, if any is found, a Plaintiff's reward must be diminished by the percentage of fault pursuant to Iowa Code chapter 668.

13. Defendants are immune from any liability as alleged by Plaintiff pursuant to Iowa Code chapter 670.

14. Defendants, in whole or in part, are not subject to punitive damages.

15. Defendants, in whole or in part, were improperly served as to not effectuate personal jurisdiction.

16. Plaintiff did not sustain any actual damages, or any damages were caused by Plaintiff's own intentional conduct, failure to mitigate, or superseding or intervening cause.

17. Defendants reserve the right to supplement affirmative defenses as discovery continues in this case.

Respectfully submitted,

By: /s/ Matthew S. Brick
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS,
NATHAN WINTERS and CHRISTOPHER
WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER
WING

## CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2023, a true copy of **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES FOR CITY OF NEWTON AND ROB BURDESS** was served via U.S. Mail, postage paid, upon the following party who is not yet a CM/ECF registrant:

>Matthew M. Boles
>Adam C. Witosky
>GRIBBLE, BOLES, STEWART & WITOSKY LAW
>2015 Grand Avenue, Suite 200
>Des Moines, Iowa 50312
>mboles@gbswlaw.com
>awitosky@gbswlaw.com
>Counsel for Plaintiff

By:   */s/ Matthew S. Brick*
Matthew S. Brick, AT0001081
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS, NATHAN WINTERS and CHRISTOPHER WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER WING