IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>  Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CITY OF NEWTON, IOWA, et al.,<br>  Defendants/Counterclaim Plaintiff. | CASE NO. 4:23-cv-00044<br><br>PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6) |

**COMES NOW** the Plaintiff/Counterclaim Defendant and for this Reply Brief in Support of Motion to Dismiss Counterclaims states:

**I.    Defamation Claims Should Be Dismissed**

Defendants' initial response is to argue because they used the phrase "not limited to," this claim should not be dismissed even if it fails as to the specific claims of defamation pled. (Def.Br.4.) Whether an alleged defamatory statement "implies a provably false factual assertion is an issue of law for the court to decide." *Nunes v. Lizza*, 486 F.Supp.3d 1267, 1280 (N.D. Iowa Sept. 11, 2020) (*citing Jones v. Palmer Commc'ns, Inc.*, 440 N.W.2d 884, 891 (Iowa 1989). If the Court decides, as Plaintiff previously argues, that the specifically alleged statements fail to state a claim as a matter of law, the claim of defamation must be dismissed. Absent specifically alleged defamatory statements, a defamation claim fails. *Freeman v. Bechtel Const. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996). *See also Betz v. Fed. Home Loan Bank of Des Moines*, 549 F. Supp. 3d 951, 961 (S.D. Iowa 2021) ("Her claim for defamation as to these unidentified statements is dismissed because she fails to plead any facts to state a claim upon which relief can be granted.") Where no claim is pled, arguing discovery

is needed cannot save it:

> …[T]hey requested an opportunity to take numerous depositions, confirming that their defamation allegations were made without supporting facts in the hope that they would be permitted to embark upon a classic fishing expedition. The district court properly cut short that abuse of the liberal federal pleading rules by granting Rule 12(b)(6) dismissals.

*Freeman*, 87 F.3d at 1032. Defendants specifically ask this Court to permit them to engage in such abuse. (Def.Br.4-5.) Should the allegations pled fail, dismissal of the defamation claim is required.

Defendants' specifically alleged YouTube and TikTok videos contained defamatory statements. Plaintiff has provided the Court with the YouTube and TikTok videos alleged to be defamatory. Defendants now complain the videos alleged cannot be considered because they "were edited, produced, and strategically enhanced…to support" Plaintiff's narrative. (Def.Br.5.) Yet these are "the documents whose contents are alleged in the complaint[.]" *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Defendants' authenticity challenge doesn't assert the videos linked are not the videos alleged in the counterclaim. (Def.Br.6.) Nor do Defendants allege the videos provided have been altered from the form alleged to be defamatory, merely it is "possible" to do so. (Def.Br.6.) Similarly, Plaintiff's argument is not that the videos lacked the statements alleged to be defamatory, all of which can be found in the videos as cited, but that the statements are not defamatory. Whether videos posted are authentic to the original source material, which is what Defendants do argue, is irrelevant. (Def.Br.6.)

The case Defendants rely on is inapposite, as the allegation there was "the

existence of a contract, not a specific document, and the documents provided" were not the sum of the complaint as they "may or may not be the only legal agreements relevant to BJC's alleged contract." *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003). The videos linked are the videos Defendants specifically allege as defamatory and can be considered in determining whether those claims are sufficient as a matter of law without conversion to a motion for summary judgment.

## II. Claim Under Iowa Code §80F.1 Should Be Dismissed

Defendants "ignore[] the structure of the statute as a whole. '[W]e read statutes as a whole rather than looking at words and phrases in isolation.'" *Doe v. State*, 943 N.W.2d 608, 613 (Iowa 2020) (*quoting Iowa Ins. Inst. v. Core Grp. of Iowa Ass'n for Justice*, 867 N.W.2d 58, 72 (Iowa 2015)). "When an entire statute relates only to a single specific subject, it seems reasonable to conclude that all provisions in the statute relate to the same subject as a matter of structure and purpose." *Doe*, 943 N.W.2d at 613. Iowa Code §80F.1 relates only to formal administrative investigations of peace officers, including how they are conducted and the consequences arising therefrom. That the whole statute relates only to this renders frivolous Defendants' argument it somehow governs "complaints" outside this process.

## III. Intentional Infliction of Emotional Distress Claim Should Be Dismissed

Defendants argue the conduct intentionally inflicting emotional distress has been sufficiently alleged. (Def.Br.15-18.) Nowhere in this argument is anything about "any facts related to the alleged harm they suffered." *Bucco v. Western Iowa Tech Cmty. College*, 555 F.Supp.3d 628, 662 (N.D. Iowa 2021). It was previously argued

the failure to allege anything other than conclusory allegations as to harm suffered requires dismissal. (Pltf.Br.14.) Defendants' silence concedes this.

**IV.  Invasion of Privacy Claim Should Be Dismissed**

Defendants claim to have asserted false light invasion of privacy. This theory requires one to give publicity to a matter placing another before the public in 1) a false light which "would be highly offensive to a reasonable person; and (2) …had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Bierman v. Weier*, 826 N.W.2d 436, 465 (Iowa 2013). This is not what was pled. Rather, the pleading asserts a "reasonable expectation of privacy…unreasonably invaded through oral communication and written statements authored and published[.]" (R.Doc.3 at ¶¶79-80, 84-85.) This pleads the theory of *unreasonable intrusion* of privacy. *See Winegard v. Larsen*, 260 N.W.2d 816, 822 (Iowa 1977) (unreasonable intrusion "requires an intentional intrusion upon the solitude or seclusion of another which would be highly offensive to a reasonable person."). Plaintiff previously explained why the claim Defendants have pled fails. This is not refuted. If Defendants wish to plead false light invasion, they could have done so by seeking permission to amend. They have not.

Should the Court somehow find Defendants intended to plead false light invasion of privacy, the claim still fails as it does not assert the "essential element" of untruthful publication, which is what "differentiates 'false light' from the other forms of invasion of privacy[.]" *Anderson v. Low Rent Hous. Comm'n of Muscatine*, 304 N.W.2d 239, 248 (Iowa 1981). There is no identification of what Defendants claim

as an untruthful publication for purposes of a false light claim. Identifying these in pleading the claim is critical to its sufficiency as:

> Even when deliberately false statements are made, they are not actionable under the false light theory unless they are material and substantial. 652E, Comment c. ("The plaintiff's privacy is not invaded when the unimportant false statements are made, even when they are made deliberately. It is only when there is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position, that there is a cause of action for invasion of privacy.")

*Winegard*, 260 N.W.2d at 823. Many of the allegations contained elsewhere in counterclaims do not reach this standard and fail to support a false light claim. Nor do Defendants allege actual malice as required for a false light claim. *Id*. at 249. Given these failures in pleading a false light claim, dismissal is warranted.

**V.   Conclusion**

Defendants' allegations of specific defamatory statements made in specific ways are all the Court can consider in assessing the claim's sufficiency. Should these fail, the claim must be dismissed. Videos Defendants specifically alleged and Plaintiff provided can be considered. As no false complaint under Iowa Code §80F.1 is alleged, the claim fails. Defendants conceded failure to allege specific facts of harm for intentional infliction of emotional distress means the claim fails. Defendants conceded failure to sufficiently allege an unreasonable intrusion and failure to plead false light causes the invasion of privacy claim to fail. The Motion to Dismiss should be granted.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Matthew Boles*

 Matthew M. Boles     AT0001037
 Adam C. Witosky     AT0010436
 2015 Grand Avenue, Suite 200
 Des Moines, Iowa 50312
 Telephone: (515) 235-0551
 Facsimile: (515) 243-3696
 Email:   mboles@gbswlaw.com
      awitosky@gbswlaw.com

**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

 The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on March 23, 2023. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

 Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

*/s/ Tami Fairchild*