UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

EXHIBIT

A

| | |
|---|---|
| TAYVIN GALANAKIS, | No. 4:23-cv-00044 |
| Plaintiff, | |
| v. | |
| CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department, | **AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND FOR NATHAN WINTERS AND CHRISTOPHER WING** |
| Defendants. | Removed from the District Court for Jasper County, Iowa, No. LACV123038 |
| NATHAN WINTERS and CHRISTOPHER WING, | |
| Counterclaim Plaintiffs, | |
| v. | |
| TAYVIN GALANAKIS, | |
| Counterclaim Defendant. | |

**COMES NOW**, Defendants Nathan Winters ("Officer Winters"), and Christopher Wing ("Lt. Wing") (collectively "Defendants"), by and through the undersigned, and for their Amended Answer, Affirmative Defenses, Counterclaims, and Jury Demand hereby state the following:

## ANSWER

## PARTIES

1.      Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 1. Defendants admit that Plaintiff did engage with officers employed by Defendant City at or around 100 block of South 3rd Ave. West, Newton, Iowa 50208 at relevant times. The remaining allegations alleged in paragraph 1 are denied.

2.      Defendants admit that Defendant City maintains and operates the Newton Police Department. Defendant City is a municipal government entity under Iowa Constitution Article III, § 38A in which it is granted "home rule power and authority." Defendants admit the remaining allegations alleged in paragraph 2.

3.      Defendants admit to the allegations alleged in paragraph 3.

4.      Defendants admit to the allegations alleged in paragraph 4.

5.      Defendants admit to the allegations alleged in paragraph 5.

## JURISDICTION AND VENUE

6.      Defendants deny the allegations alleged in paragraph 6. Defendants affirmatively state that jurisdiction lies with the United States District Court for the Southern District of Iowa Central Division.

7.      Defendants deny the allegations alleged in paragraph 7. Defendants affirmatively state that jurisdiction lies with the United States District Court for the Southern District of Iowa Central Division.

## GENERAL FACTUAL ALLEGATIONS

8.      Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

9.      Defendants deny to the allegations alleged in paragraph 9.

10.      Defendants admit to the allegations alleged in paragraph 10.

11.      Defendants admit that Defendant Officer Winters and Defendant Lt. Wing activated the emergency signal lights on their car and initiated the stop. Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 11.

12.      Defendants admit to the allegations alleged in paragraph 12.

13.      Defendants admit to the allegations alleged in paragraph 13.

14.      Defendants admit to the allegations alleged in paragraph 14.

15.      Defendants admit to the allegations alleged in paragraph 15.

16.      Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 16.

17.      Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 17. Defendants admit that Plaintiff did state such.

18.      Defendants deny the allegations alleged in paragraph 18.

19.      Defendants admit that when Defendant Officer Winters made findings that supported that assertion that Plaintiff may have been driving while impaired, he asked Plaintiff if he had been drinking. The remaining allegations alleged in paragraph 19 are denied.

20.      Defendants admit to the allegations alleged in paragraph 20.

21.      Defendants admit to the allegations alleged in paragraph 21.

22.      Defendants admit to the allegations alleged in paragraph 22.

23.      Defendants admit that Defendant Officer Winters stated that his eyes were bloodshot and asked Plaintiff why his person smelled of alcohol while in the patrol car. Defendants deny the remaining allegations alleged in paragraph 23.

24.     Defendants deny that Defendant Officer Winters lacked reasonable suspicion. Defendants admit to the remaining allegations alleged in paragraph 24.

25.     Defendants admit to the allegations alleged in paragraph 25.

26.     Defendants admit to the allegations alleged in paragraph 26.

27.     Defendants admit to the allegations alleged in paragraph 27.

28.     Defendants admit to the allegations alleged in paragraph 28.

29.     Defendants admit to the allegations alleged in paragraph 29.

30.     Defendants admit to the allegation alleged in paragraph 30.

31.     Defendants deny the allegations alleged in paragraph 31.

32.     Defendants admit to the allegations alleged in paragraph 32.

33.     Defendants admit to the allegations alleged in paragraph 33.

34.     Defendants admit that Defendant Officer Winters had probable cause to arrest Plaintiff. Defendants deny the allegations alleged in paragraph 34.

35.     Defendants admit that the allegations alleged in paragraph 35 describe in part the facts that established Defendant Officer Winters' probable cause needed to make an arrest. Defendants deny the remaining allegations alleged in paragraph 35.

36.     Defendants admit that Defendant Officer Winters questioned Plaintiff about his marijuana use. Defendants deny the remaining allegations alleged in paragraph 36.

37.     Defendants admit that Defendant Officer Winters stated that the field sobriety tests indicated that Plaintiff was under the influence. Defendants deny the remaining allegations alleged in paragraph 37.

38.     Defendants admit that Plaintiff stated that he was subject to weekly drug tests as part of the William Penn football team. Defendants deny the remaining allegations alleged in paragraph 38.

39.     Defendants admit to the allegations alleged in paragraph 39.

40.     Defendants admit to the allegations alleged in paragraph 40.

41.     Defendants admit that Plaintiff had an inhaler in his possession. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 41.

42.     Defendants admit to the allegations alleged in paragraph 42 to the extent that Defendant Officer Winters did deny Plaintiff the use of his inhaler after one oral request.

43.     Defendants admit that Plaintiff was provided with his inhaler within approximately twenty seconds of his request. Defendants deny the remaining allegations alleged in paragraph 43.

44.     Defendants deny that Plaintiff agreed to do a drug recognition test upon Defendant Officer Winters' first request for him to do one. Defendants admit to the allegations alleged in paragraph 44 to the extent that eventually, Plaintiff agreed to be tested.

45.     Defendants admit to the allegations alleged in paragraph 45.

46.     Defendants admit to the allegations alleged in paragraph 46.

47.     Defendants admit to the allegations alleged in paragraph 47.

48.     Defendants admit to the allegations alleged in paragraph 47.

49.     Defendants admit to the allegations alleged in paragraph 48.

50.     Defendants admit that Defendant Officer Winters did not apologize for his actions, and that Plaintiff did request to speak with him. Defendants deny the remaining allegations alleged in paragraph 50.

51.     Defendants admit that Plaintiff did assert his innocence. Defendants deny the allegations alleged in paragraph 51.

52.     Defendants deny the allegations alleged in paragraph 52.

53.     Defendants deny the allegations alleged in paragraph 53.

54.     Defendants deny the allegations alleged in paragraph 54.

**CAUSES OF ACTION**
**COUNT I CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE**
**UNITED STATES CONSTITUTION**
***Right to be free from Arrest without Probable Cause***
(***Against Nathan Winters and Christopher Wing, individually***)

55.     Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

56.     Defendants admit that Defendant Chief Rob Burdess is a natural person which is pertinent to 42 U.S.C. § 1983. Defendants deny the remaining allegations alleged in paragraph 56.

57.     Defendants admit to the allegations alleged in paragraph 57.

58.      Defendants admit the allegations alleged in paragraph 58.

59.     Defendants deny the allegations alleged in paragraph 59.

60.     Defendants deny the allegations alleged in paragraph 60.

61.     Defendants deny the allegations alleged in paragraph 61.

62.     Paragraph 62 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 62 on this basis.

63.     Defendants deny the allegations alleged in paragraph 63.

64.     Defendants deny the allegations alleged in paragraph 64.

65.     Defendants deny the allegations alleged in paragraph 65 in their entirety including subparagraphs a-f.

## COUNT II
## VIOLATION OF ARTICLE I, SECTION EIGHT OF THE IOWA
## CONSTITUTION
### *Right to be Free from Arrest without Probable Cause*
### (*Against Nathan Winters and Christopher Wing, individually*)

66.     Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

67.     Defendants admit to the allegations alleged in paragraph 67.

68.     Defendants admit to the allegations alleged in paragraph 68.

69.     Defendants deny the allegations alleged in paragraph 69.

70.     Defendants deny the allegations alleged in paragraph 70.

71.     Defendants admit to the allegations alleged in paragraph 71.

72.     Defendants deny the allegations alleged in paragraph 72.

73.     Paragraph 73 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 73 on this basis.

74.     Defendants deny the allegations alleged in paragraph 74.

75.     Defendants deny the allegations alleged in paragraph 75.

76.     Defendants deny the allegations alleged in paragraph 76 in their entirety including subparagraphs a-f.

## COUNT III
## CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
## VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE
## CONSITUTION
### *Monell Liability for Arrest without Probable Cause*
### (*Against Defendants Rob Burdess, individually, and City of Newton*)

77.     Newton incorporates by reference the responses contained in all the paragraphs set forth above and below as set forth herein.

78.     Defendants admit that Defendant Chief Rob Burdess is a natural person which is pertinent to 42 U.S.C. § 1983. Defendants deny the remaining allegations alleged in paragraph 78.

79.     Defendants deny the allegations alleged in paragraph 79.

80.     Defendants admit that Defendant Chief Rob Burdess conducts such actions in his capacity as Police Chief of Defendant City. Defendants deny that Defendant Chief Rob Burdess conducts such actions in his personal capacity. Defendants deny the remaining allegations alleged in paragraph 80.

81.     Defendants deny the allegations alleged in paragraph 81.

82.     Defendants deny the allegations alleged in paragraph 82.

83.     Defendants deny the allegations alleged in paragraph 83.

84.     Defendants deny the allegations alleged in paragraph 84.

85.     Defendants deny the allegations alleged in paragraph 85.

86.     Defendants deny the allegations alleged in paragraph 86.

87.     Defendants deny the allegations alleged in paragraph 87.

88.     Defendants deny the allegations alleged in paragraph 88.

89.     Paragraph 89 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 89 on this basis.

90.     Defendants deny the allegations alleged in paragraph 90.

91.     Defendants deny the allegations alleged in paragraph 91.

92.     Defendants deny the allegations alleged in paragraph 92 in their entirety including subparagraphs a-f.

**COUNT IV**
**FALSE ARREST**
(*Against Nathan Winters and Christopher Wing,*
*individually and in their official capacities*)

93.      Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

94.      Defendants admit that Plaintiff was lawfully arrested and detained on August 28, 2022. Defendants deny the remaining allegations alleged in paragraph 94.

95.      Defendants deny the allegations alleged in paragraph 95.

96.      Defendants deny the allegations alleged in paragraph 96.

97.      Defendants deny the allegations alleged in paragraph 97.

98.      Defendants deny the allegations alleged in paragraph 98.

99.      Defendants deny the allegations alleged in paragraph 99.

100.      Paragraph 100 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 100 on this basis.

101.      Defendants deny the allegations alleged in paragraph 101.

102.      Defendants deny the allegations alleged in paragraph 102.

**COUNT V**
**NEGLIGENT SUPERVISION AND TRAINING**
(*Against Defendants Rob Burdess, individually, and City of Newton*)

103.      Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

104.      Defendants admit that the City is the employer of Defendant Officer Winters and Defendant Chief Burdess. Defendants admit that Defendant Chief Burdess is a supervising officer of Defendant Officer Winters. Defendants deny that Chief Burdess is the employer of Chief

Burdess in his individual capacity. Defendants deny that the City is a supervising officer of Officer Winters. Defendants deny the remaining allegations alleged in paragraph 104.

105.     Defendants admit that Defendant City uses reasonable care in the employment of its officers. Paragraph 105 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 105 on this basis.

106.     Defendants deny that Defendant Chief Burdess acted in his personal capacity in the supervision and training of Defendant Officer Winters and Defendant Lt. Wing. Defendants deny the remaining allegations alleged in paragraph 106.

107.     Defendants deny the allegations alleged in paragraph 107.

108.     Defendants deny the allegations alleged in paragraph 108.

109.     Paragraph 109 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 109 on this basis.

110.     Defendants deny the allegations alleged in paragraph 110.

### COUNT VI
### RESPONDEAT SUPERIOR
### (*Against Defendant City of Newton*)

111.     Defendants incorporate by reference the responses contained in all the paragraphs set forth above and below as though fully set forth herein.

112.     Defendants admit the allegations alleged in paragraph 112.

113.     Paragraph 113 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 113 on this basis.

114.     Paragraph 114 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 114 on this basis.

115.    Paragraph 115 of Plaintiff's Petition calls for a legal conclusion to which no answer is required. Defendants deny the remaining allegations alleged in paragraph 115 on this basis.

116.    Defendants deny the allegations alleged in paragraph 116.

**WHEREFORE**, Defendants respectfully request that Plaintiff's petition be dismissed in its entirety and that Defendants be afforded such other relief to which they may be entitled, including but not limited to costs and attorney's fees.

## <u>AFFIRMATIVE DEFENSES</u>

COMES NOW the Defendants and for their affirmative defenses, hereby state as follows:

1.    Each and every other allegation contained in Plaintiff's Petition except those allegations specifically admitted is denied.

2.    Defendant Chief Burdess, Defendant Officer Winters, and Defendant Lt. Wing, individually, are not proper parties to this matter.

3.    Plaintiff has failed to state a claim upon which relief may be granted.

4.    Defendants are not liable under 42 U.S.C. § 1983 because their actions were constitutional.

5.    The actions of Defendants were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with state and federal constitutions and statutes.

6.    Defendants have not violated Plaintiff's Fourth and Fourteenth Amendment rights.

7.    Defendants have not violated Plaintiff's Iowa Constitutional rights.

8.    Defendant City is not liable in *respondent superior* nor in a *Monell* capacity.

9.    Defendants are immune from any liability as alleged by Plaintiff pursuant to Iowa Code chapter 670.

10.     The individual Defendants have qualified immunity.

11.     Plaintiff's fault exceeds that fault of Defendants. Plaintiff is barred recovery pursuant to Iowa Code chapter 668.

12.     Plaintiff's fault must be compared with the fault of Defendants, if any is found, a Plaintiff's reward must be diminished by the percentage of fault pursuant to Iowa Code chapter 668.

13.     Defendants are immune from any liability as alleged by Plaintiff pursuant to Iowa Code chapter 670.

14.     Defendants, in whole or in part, are not subject to punitive damages.

15.     Defendants, in whole or in part, were improperly served as to not effectuate personal jurisdiction.

16.     Plaintiff did not sustain any actual damages, or any damages were caused by Plaintiff's own intentional conduct, failure to mitigate, or superseding or intervening cause.

17.     Defendants reserve the right to supplement affirmative defenses as discovery continues in this case.

## **COUNTERCLAIMS**

COMES NOW, Counterclaim Plaintiffs Officer Winters and Lt. Wing (collectively "Counterclaim Plaintiffs"), by and through the undersigned, and for their Counterclaims hereby state as follows:

1.     Counterclaim Plaintiff Officer Winters is a resident and citizen of the state of Iowa and employed by the Defendant City as a peace officer.

2.     Counterclaim Plaintiff Lt. Wing is a resident and citizen of the state of Iowa and employed by Defendant City as a peace officer.

3.      Counterclaim Defendant Tayvin Galanakis (hereinafter "Counterclaim Defendant") is a resident and citizen of the state of Iowa.

4.      Jurisdiction of this action is proper pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1146.

5.      Venue is properly within the United States District Court for the Southern District of Iowa Central Division in that this is the jurisdictional district and division in which the acts complained about were committed or occurred.

6.      On August 28, 2022, Counterclaim Plaintiffs observed that Counterclaim Defendant was operating a motor vehicle with the highest distribution of light engaged, in violation of city code and Iowa Code § 321.415.

7.       Upon initiating a lawful stop, Counterclaim Plaintiffs Officer Winters and Lt. Wing lawfully arrested and detained Counterclaim Defendant upon probable cause that he had been driving while under the influence of a controlled substance supported by the officers' observations and objective field sobriety tests.

8.      After the cessation of the probable cause, the Counterclaim Plaintiffs, in their capacity as certified peace officers employed by Defendant City, released and did not charge Counterclaim Defendant with any criminal offense after a brief detention.

9.      Upon release, Counterclaim Defendant started making and publishing written and oral defamatory statements, making false complaints, and intentionally inflicting emotional distress upon Counterclaim Plaintiffs.

## COUNT I- DEFAMATION OF COUNTERCLAIM PLAINTIFF OFFICER WINTERS

10.     Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-9.

11.     At all material times, Counterclaim Plaintiff Officer Winters was a certified law enforcement officer pursuant to Iowa Code chapter 80F.1.

12.     On the following dates and occurrences, Counterclaim Defendant falsely and knowingly spoke and/or authored the following, but not limited to the following, defamatory statements concerning Counterclaim Plaintiff Officer Winters:

    a.   On September 9, 2022, Counterclaim Defendant posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "NATHAN WINTER OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE AFTER BEATING UP HIS EX GIRLFRIEND."[1]

    b.   On September 9, 2022, Counterclaim Defendant posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "EVEN AFTER NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."[2]

    c.   On August 29, 2022, Counterclaim Defendant posted a publicly viewable posting on the social media website "Facebook" in which he stated that "I got falsely ARRESTED. Nathan Winters of the Newton Police Department, IA decided to assume and guess I was drinking based off of me having a hard time finding my insurance. I don't even want to refer to him as officer winters, this guy is on the slow side of the spectrum." Exhibit B.

---

[1] The video can be accessed at https://www.youtube.com/watch?v=so_bFYoIsow. The text is found at 38:24 – 38:37.

[2] The video can be accessed at https://www.youtube.com/watch?v=so_bFYoIsow. The text is found at 38:24 – 38:37

d. On August 29, 2022, Counterclaim Defendant posted a publicly viewable comment on the social media website "Facebook" on which he stated that "Officer Winters is not fit mentally for the job and physically." (emojis/symbols omitted). Exhibit C.

e. On September 9, 2022, Counterclaim Defendant posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "NATHAN WINTERS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE AFTER BEATING OF HIS EX GIRLFRIEND THE CHIEF OF POLICE ALLOWED NATHAN WINTERS TO STAY ON THE FORCE EVEN AFTER NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."[3]

13. Counterclaim Plaintiff Officer Winters has never been charged, let alone convicted, of domestic abuse.

14. At no time did Counterclaim Plaintiff Officer Winters violate any of the City's standard operating procedures during the traffic stop and subsequent arrest.

15. The aforesaid allegations are defamatory per se in that they falsely accuse Counterclaim Plaintiff Officer Winters of crimes of moral turpitude, of incompetence, and of lacking skill in the professional occupation in which he earns a living, and those communications tend to injure his ability to conduct a trade or business.

16. The false and defamatory statements and communications were written and stated with actual malice.

---

[3] The video can be accessed at https://www.youtube.com/watch?v=so_bFYoIsow. The text is found at 38:24 – 38:37.

17.     The false and defamatory statements and communications were stated with utter disregard for the truth of such statements.

18.     Counterclaim Defendant, through counsel, informed Counterclaim Defendant, through counsel, that he had no interest in the truth regarding the aforementioned defamatory statements and communications involving Counterclaim Plaintiff Officer Winters.

19.     In fact, Counterclaim Defendant knew at all material times the accusations along with the false and defamatory statements and communications were in fact completely and utterly false.

20.     Counterclaim Defendant demonstrated this by retweeting the following comment through his account on the social media platform "Twitter" that, referring to Counterclaim Plaintiff Officer Winters, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend … *for* domestic abuse. The order has been modified to allow him to use a gun while at work."

21.     Counterclaim Defendant caused these knowingly false and defamatory written and/or oral statements to be published to third parties through publicly accessible online platforms and other means which exposed the statements to the general public.

22.     One such means of publication was that Counterclaim Defendant took advantage of the publicity generated from these false and defamatory statements by using them to sell merchandise which further defamed Counterclaim Plaintiff Officer Winters when it was publicly advertised throughout Counterclaim Defendant's various social media accounts.

23.     Another such means of publication was that Counterclaim Defendant took advantage of the publicity generated from these false and defamatory statements by using them to earn income.

24.     These publications were despite efforts taken by Counterclaim Plaintiffs and their employer to inform Counterclaim Defendant of the facts and the relevant legal standards which refuted Counterclaim Defendant's defamatory claims.

25.     All such efforts were ignored or shunned by Counterclaim Defendant.

26.     The false and defamatory written and/or oral statements were not privileged.

27.     Counterclaim Plaintiff Officer Winters was defamed and damaged in name, reputation, and business by statements and communications caused or encouraged by Counterclaim Defendant.

28.     In fact, Counterclaim Defendant encouraged the public to directly contact Counterclaim Plaintiff Officer Winters.

29.     Counterclaim Defendant enabled and encouraged the public to make derogatory, malicious, and defamatory statements to Counterclaim Plaintiff Officer Winters which constituted death threats, gross insults, words that encouraged him to commit suicide, and shocking statements and communications which would shock the conscience of society.

30.     The false and defamatory written and/or oral statements and communications authored and made by Counterclaim Defendant were a proximate cause of damages to Counterclaim Plaintiff Officer Winters.

31.     It was foreseeable that the false and defamatory written and/or oral statements and communications authored and made by Counterclaim Defendant would cause the damages to Counterclaim Plaintiff Officer Winters.

32.     As a result of the false and defamatory statements and communications, Counterclaim Plaintiff Officer Winters has suffered and will continue to suffer:

      a.   Pain and suffering;

      b.   Mental anguish;

      c.   Loss of enjoyment of life;

      d.   Loss of community reputation;

      e.   Loss of employability;

      f.   Loss of time and inconvenience bringing this action; and

      g.   Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Officer Winters respectfully requests this Court grant his claim for defamation against Counterclaim Defendant and order that he be afforded such other relief to which they may be entitled, including but not limited to, ordering the cessation of these defamatory statements and communications, compensatory damages, punitive damages, costs, and attorney's fees.

### COUNT II- DEFAMATION OF COUNTERCLAIM PLAINTIFF LT. WING

33.    Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-32.

34.    At all material times, Counterclaim Plaintiff Lt. Wing was a certified law enforcement officer pursuant to Iowa Code chapter 80F.1.

35.    On the following dates and occurrences, Counterclaim Defendant falsely and knowingly spoke and/or authored the following, but not limited to the following, defamatory statements concerning Counterclaim Plaintiff Lt. Wing:

      a.   On or around August 29, 2022, Counterclaim Defendant posted a publicly viewable comment on the social media website "Facebook" on which he stated that in reference to Counterclaim Plaintiff Officer Winters' supervisor, that "his boss needs to make a statement. He's the one allowing this guy to walk around with a gun after beating up a woman." Exhibit D.

36.     At no time did Counterclaim Plaintiff Lt. Wing violate any of the City's standard operating procedures during the traffic stop and subsequent arrest.

37.     The aforesaid allegations are defamatory per se in that they falsely accuse Counterclaim Plaintiff Lt. Wing of crimes of moral turpitude, of incompetence, and of lacking skill in the professional occupation in which he earns a living, and those communications tend to injure his trade or business.

38.     The false and defamatory statements and communications were written and stated with actual malice.

39.     The false and defamatory statements and communications were stated with utter disregard for the truth of such statements.

40.     In fact, Counterclaim Defendant knew at all material times the accusations along with the false and defamatory statements and communications were in fact completely and utterly false.

41.     Counterclaim Defendant caused these knowingly false and defamatory written and/or oral statements to be published to third parties through publicly accessible online platforms and other means.

42.     One such means of publication was that Counterclaim Defendant took advantage of the publicity generated from these false and defamatory statements by using them to earn income.

43.     These publications were despite efforts taken by Counterclaim Plaintiffs and their employer to inform Counterclaim Defendant of the facts and the relevant legal standards.

44.     All such efforts were ignored or shunned by Counterclaim Defendant.

45.     The false and defamatory written and/or oral statements were not privileged.

46.     Counterclaim Plaintiff Lt. Wing was defamed and damaged in name, reputation, and business by statements and communications caused or encouraged by Counterclaim Defendant.

47.     In fact, Counterclaim Defendant encouraged the public to directly contact Counterclaim Plaintiff Lt. Wing.

48.     Counterclaim Defendant enabled and encouraged the public to make derogatory, malicious, and defamatory statements to Plaintiff Lt. Wing which constituted death threats, gross insults, words that encouraged him to commit suicide, and shocking statements and communications which would shock the conscience of society.

49.     The false and defamatory written and/or oral statements and communications authored and made by Counterclaim Defendant were a proximate cause of damages to Counterclaim Plaintiff Lt. Wing.

50.     It was foreseeable that the false and defamatory written and/or oral statements and communications authored and made by Counterclaim Defendant would cause the damages to Counterclaim Plaintiff Lt. Wing.

51.     As a result of the false and defamatory statements and communications, Counterclaim Plaintiff Lt. Wing has suffered and will continue to suffer:

     a.  Pain and suffering;

     b.  Mental anguish;

     c.  Loss of enjoyment of life;

     d.  Loss of community reputation;

     e.  Loss of employability;

     f.  Loss of time and inconvenience bringing this action; and

g.  Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Lt. Wing respectfully requests this Court grant his claim for defamation against Counterclaim Defendant and order that he be afforded such other relief to which he may be entitled including, but not limited to, ordering the cessation of these defamatory statements and communications, compensatory damages, punitive damages, costs, and attorney's fees.

## COUNT III – VIOLATION OF IOWA CODE § 80F.13 BY FILING A FALSE COMPLAINT AGAINST COUNTERCLAIM PLAINTIFF OFFICER WINTERS

52.  Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-51.

53.  Counterclaim Plaintiff Officer Winters is a certified law enforcement officer employed by a municipality pursuant to Iowa Code § 80F.1(f).

54.  Counterclaim Defendant had a duty to not make a knowingly false complaint against a certified law enforcement officer pursuant to Iowa Code § 80F.13 while they acted in the course of their duties.

55.  At all relevant times hereto, Counterclaim Plaintiff Officer Winters acted in his official capacity as a certified Iowa peace officer.

56.  Counterclaim Defendant violated this duty by knowingly publishing the attached complaints and incorporated complaint about the incident which is the subject of this action when Counterclaim Plaintiff Officer Winters was acting in his official capacity as a certified Iowa peace officer with actual malice.

57.  As shown in Exhibit F, Counterclaim Defendant falsely and wrongfully accused Officers Winters of falsely arresting him by orally publishing this complaint through another police officer, employed by Defendant City, which was summarized and recorded by that officer.

58.     As shown in Exhibit E, Counterclaim Defendant formally and in writing falsely accused Counterclaim Plaintiff Officer Winters of harassing him to his employer, through Mayor Mike Hanson, with actual malice.

59.     Both aforementioned Exhibits constitute a complaint per Iowa Code chapter 80F.1.

60.     Counterclaim Defendant's actions were a proximate cause of the injuries and damages suffered by Counterclaim Plaintiff Officer Winters.

61.     As a result of Counterclaim Defendant's actions, Counterclaim Plaintiff Officer Winters has suffered and will continue to suffer:

     a.   Mental anguish;

     b.   Embarrassment;

     c.   Humiliation;

     d.   Loss of enjoyment of life;

     e.   Loss of community reputation;

     f.   Loss of employability;

     g.   Pain and suffering;

     h.   Inconvenience; and

     i.   Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Officer Winters respectfully requests this Court grant his claim for recovery due to Counterclaim Defendant's false reports and order that he be afforded such other relief to which they may be entitled including, but not limited to, ordering the cessation of these false accusations, compensatory damages, punitive damages, costs, attorney's fees, and such damages as provided by law.

**COUNT IV – VIOLATION OF IOWA CODE § 80F.13 BY FILING A FALSE COMPLAINT AGAINST COUNTERCLAIM PLAINTIFF LT. WING**

62.    Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-61.

63.    At all material times, Counterclaim Plaintiff Lt. Wing was a certified law enforcement officer employed by a municipality pursuant to Iowa Code § 80F.1(f).

64.    Counterclaim Defendant had a duty to not make a knowingly false complaint against a certified law enforcement officer pursuant to Iowa Code § 80F.13 while he acted in the course of his duties.

65.    At all relevant times hereto, Counterclaim Plaintiff Lt. Wing acted in his official capacity as a certified Iowa peace officer.

66.    Counterclaim Defendant violated this duty by knowingly publishing the attached complaints and incorporated complaint about the incident which is the subject of this action when Counterclaim Plaintiff Lt. Wing was acting in his official capacity as a certified Iowa peace officer with actual malice.

67.    As shown in Exhibit E, Counterclaim Defendant formally and in writing falsely accused Counterclaim Plaintiff Lt. Wing of harassing him to his employer, through Mayor Mike Hanson, with actual malice.

68.    This attached Exhibit constitutes a complaint per Iowa Code § 80F.1.

69.    Counterclaim Defendant's actions were a proximate cause of the injuries and damages suffered by Counterclaim Plaintiff Lt. Wing.

70.    As a result of Counterclaim Defendant's actions, Plaintiff Lt. Wing has suffered and will continue to suffer:

      a.   Mental anguish;

      b.   Embarrassment;

    c.  Humiliation;

    d.  Loss of enjoyment of life;

    e.  Loss of community reputation;

    f.  Loss of employability;

    g.  Pain and suffering;

    h.  Inconvenience; and

    i.  Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Lt. Wing respectfully requests this Court grant his claim for recovery due to Counterclaim Defendant's false reports and order that he be afforded such other relief to which he may be entitled including, but not limited to, ordering the cessation of these false accusations, compensatory damages, punitive damages, costs, attorney's fees, and such damages as provided by law.

## <u>COUNT V – INVASION OF PRIVACY ON BEHALF OF COUNTERCLAIM PLAINTIFF OFFICER WINTERS</u>

71.    Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-70.

72.    Counterclaim Plaintiff Officer Winters had a reasonable expectation of privacy in his personal life and affairs.

73.    Counterclaim Plaintiff Nathan Winters' right of privacy was unreasonable and offensively invaded through oral communication and written statements authored and published by Counterclaim Defendant.

74.    Counterclaim Defendant's actions were a proximate cause of the injuries and damages suffered by Counterclaim Plaintiff Officer Winters.

75.    As a result of Counterclaim Defendant's actions, Counterclaim Plaintiff Officer Winters has suffered and will continue to suffer:

    a.   Mental anguish;

    b.   Embarrassment;

    c.   Humiliation;

    d.   Pain and suffering;

    e.   Inconvenience; and

    f.   Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Officer Winters respectfully requests this Court grant his claim for recovery due to Counterclaim Defendant's invasion of his privacy and order that he be afforded such other relief to which they may be entitled including, but not limited to, compensatory damages, punitive damages, costs, and attorney's fees.

<u>**COUNT VI – INVASION OF PRIVACY ON BEHALF OF COUNTERCLAIM PLAINTIFF LT. WING**</u>

76.    Counterclaim Plaintiffs re-allege and incorporate herein paragraphs 1-75.

77.    Counterclaim Plaintiff Lt. Wing had a reasonable expectation of privacy in his personal life.

78.    Counterclaim Plaintiff Lt. Wing's right of privacy was unreasonable and offensively invaded through oral communication and authored and published by Counterclaim Defendant.

79.    Counterclaim Defendant's actions were a proximate cause of the injuries and damages suffered by Counterclaim Plaintiff Lt. Wing.

80.    As a result of Counterclaim Defendant's actions, Counterclaim Plaintiff Lt. Wing has suffered and will continue to suffer:

    a.   Mental anguish;

    b.   Embarrassment;

    c.   Humiliation;

    d.   Pain and suffering;

    e.   Inconvenience; and

    f.   Any other category of damages found just and proper.

**WHEREFORE**, Counterclaim Plaintiff Lt. Wing respectfully requests this Court grant his claim for recovery due to Counterclaim Defendant's invasion of his privacy and order that he be afforded such other relief to which they may be entitled including, but not limited to, compensatory damages, punitive damages, costs, and attorney's fees.

## JURY DEMAND

**COMES NOW**, the Defendants/Counterclaim Plaintiffs and respectfully request a trial by jury on all issues raised herein.

Respectfully submitted,

By:   */s/ Matthew S. Brick*
       Matthew S. Brick, AT0001081
       Erin M. Clanton, AT0002592
       Doug A. Fulton, AT0002672
       **BRICK GENTRY, P.C.**
       6701 Westown Parkway, Suite 100
       West Des Moines, IA 50266
       T: (515) 274-1450
       F: (515) 274-1488
       matt.brick@brickgentrylaw.com
       erin.clanton@brickgentrylaw.com
       doug.fulton@brickgentrylaw.com

       Counsel for Defendants
       CITY OF NEWTON, ROB BURDESS,
       NATHAN WINTERS and CHRISTOPHER
       WING

       Counsel for Counterclaim Plaintiffs
       NATHAN WINTERS and CHRISTOPHER
       WING

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 12, 2023, a true copy of **AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND FOR NATHAN WINTERS AND CHRISTOPHER WING** was served via CM/ECF.

Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff

By:   */s/ Matthew S. Brick*
Matthew S. Brick, AT0001081
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS,
NATHAN WINTERS and CHRISTOPHER
WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER
WING