IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br><br>Plaintiff/Counterclaim Defendant,<br>vs.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br><br>Defendants/Counterclaim Plaintiff. | CASE NO. 4:23-cv-00044<br><br>**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)** |

**COMES NOW** the Plaintiff/Counterclaim Defendant and for this Brief in Support of Motion to Dismiss Amended Counterclaims Under Fed. R. Civ. P. 12(b)(6) states:

## TABLE OF CONTENTS

**Introduction** ........................................................................................................ 1

**Standard Of Review** .......................................................................................... 2

**Argument** ............................................................................................................ 2

    **I.**    **Claims for Filing a False Complaint Fails as No Complaint was Filed for Purposes of Iowa Code §80F.1(13)** ........................................ 2

**Conclusion** ......................................................................................................... 5

## INTRODUCTION

The Court previously dismissed many of Defendants Nathan Winters and Cristopher Wing's Counterclaims on May 8, 2023. These Defendants were permitted to amend their Counterclaims, including reasserting Counterclaims III and IV to assert a cause of action for a false complaint under Iowa Code §80F.1(13). As

Defendants again fail to allege the filing of a false complaint, Plaintiff asks this Court to again dismiss Counterclaims III and IV for failing to state a claim.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a counterclaim must contain sufficient facts, accepted as true, to state a claim to relief that is facially plausible. *Van Stelton v. Van Stelton*, 994 F.Supp.2nd 986, 990 (N.D. Iowa 2014) (*quoting Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). The question is whether a claim adequately asserts facts, not legal conclusions, supporting it. *Van Stelton*, 994 F.Supp.2nd at 991 (*quoting Whitney v. Guys, Inc.*, 700 F.3d 1117, 1128 (8th Cir. 2012). Facial plausibility exists when pleaded facts allow reasonable inferences to be drawn about liability. *Magee v. Trs. of the Hamline Univ.*, 747 F.3d 532, 534 (8th Cir. 2014).

## ARGUMENT

### I. Claims for Filing a False Complaint Fails as No Complaint was Filed for Purposes of Iowa Code §80F.1(13)

Iowa Code §80F.1 provides a private cause of action for an officer "from the filing of a false complaint against the officer[.]" Iowa Code §80F.1(13). It also defines "Complaint" as "a formal written allegation signed by the complainant or a signed written statement by an officer receiving an oral complaint stating the complainant's allegation." Iowa Code §80F.1(1)(a). For such a complaint to be a false one implies a determination made following "[a] formal administrative investigation of an officer[.]" Iowa Code §80F.1(3). Such an investigation is "ordered by a commanding officer…or commander's designee…intended to gather evidence to determine the merit of a complaint[.]" Iowa Code §80F.1(1)(b).

None of these are alleged. There is no allegation of a formal written allegation by Tayvin, nor one signed by an officer receiving an oral complaint from him. Defendants rely on two exhibits to meet this requirement. Neither does.

The first, an email to Newton Mayor Michael Hansen, is in no sense "a formal written allegation signed by the complainant[.]" Iowa Code §80F.1(1)(b). It is neither signed nor a complaint. It is an email. An email someone suggested Tayvin send to Mayor Hansen, lacking in any detail, stating Tayvin would be available to talk if Mayor Hansen wanted to. There is no allegation this served as a basis for a "formal administrative investigation" that "shall be commenced" following a complaint. Iowa Code §80F.1(1)(d); Iowa Code §80F.1(3). This is not, as this Court has already stated: "a submission *to the employing agency* that *triggers an internal investigation* into the officer's conduct." (R.Doc 16 at 20; original emphasis.) It is an email from an aggrieved resident to a city official, something any citizen has the right to send. To quote this Court again: "[T]here is no canon of construction that would allow the word 'complaint' to be interpreted as referring to anything other than a formal complaint made directly to the employing agency regarding the officer's performance." (R.Doc 16 at 20.) Exhibit E is not a complaint.

Exhibit F, the second email relied on, is closer to a complaint, as it is a writing directed toward the employing agency regarding Officers Winters and Wing's performance. But it is still not a complaint as it is not "a *signed* written statement by an officer[.]" Exhibit F is an unsigned email that internally denies it constitutes a formal complaint. As Lt. Ronald Cook states in Exhibit F, when Tayvin asked to file

a formal complaint, Lt. Cook, "explained the complaint process to him *and gave him a citizen complaint form to complete*." (Ex. F.) If Lt. Cook intended his email to initiate a formal administrative investigation, giving Tayvin the *form to complete* would be meaningless. So either Lt. Cook knowingly misled Tayvin about the complaint process, or Exhibit F is not a complaint.

An email signature block is not a sufficient signature for a complaint, as the Newton Police Department has recognized. The Newton Police Department Complaint Form[1], attached as Exhibit 1, requires the complainant to "have written or read the complaint herin [sic] and swear or affirm it is true." (Ex. 1.) It also must be notarized and warns of the consequences of filing a false report. (Ex. 1.) None of this is true of Lt. Cook's email.

And again, there is no allegation this email "*trigger[ed] an internal investigation*" of Officers Winters or Wing. Nor is there any claim these were determined false following a formal administrative investigation. Absent allegations of a complaint that has been determined false, there is no claim under Iowa Code §80F.1(13). This is made clear by the statutory language: "An officer shall have the right to bring a cause of action…for damages arising from the filing of a *false* complaint[.]" Iowa Code §80F.1(13) (emphasis added).

---

[1] Accessible at https://newtongov.org/DocumentCenter/View/7441/Personnel-Complaint-Form?bidId= (last accessed May 31, 2023). This form can be considered on a Rule 12(b)(6) motion as a "document whose contents are alleged in the complaint and whose authenticity no party questions." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted). It may also be considered as a public record. *Levy v. Ohl*, 477 F.3d 988, 992 (8th Cir. 2007).

Officers have no right to cause of action for the filing of *any* complaint, only a false complaint. As this Court recognizes, "complaint" must be considered in the context of and reference "to the same formal investigative process." (R.Doc 16 at 20.)

To have an action for a false complaint, the complaint must first be determined false. This is again recognized by the Newton Police Department, which identifies *six* possible dispositions of a complaint, distinguishing between "Unfounded – allegations is false or not factual…Not sustained – not enough evidence to prove or disprove the allegations…[and] Exonerated – incident happened but employee's actions were lawful and proper." (Ex. 1.) By the Newton Police Department's own standards, Officers Winters and Wing are not alleging a false complaint, but one where their actions were lawful and proper. And this assumes any investigation or disposition of a complaint, something not alleged by Officers Winters and Wing. No claim is stated.

## CONCLUSION

For the reasons set forth above, Counterclaims III and IV must be dismissed for failing to state a claim.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: /s/ Adam C. Witosky
Matthew M. Boles          AT0001037
Adam C. Witosky           AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email:     mboles@gbswlaw.com
           awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

   The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on June 1, 2023.  Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

   Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

                 /s/ Tami Fairchild