UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>  Defendants. | No. 4:23-cv-00044<br><br>**DEFENDANTS'/COUNTERCLAIM PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESISTANCE TO PLAINTIFF'S/COUNTERCLAIM DEFENDANT'S SECOND MOTION TO DISMISS** |
| NATHAN WINTERS and CHRISTOPHER WING,<br><br>  Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br><br>  Plaintiff/Counterclaim Defendant. | Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

**COMES NOW**, the Defendants/Counterclaim Plaintiffs Nathan Winters, and Christopher Wing (collectively "Defendant Officers"), by and through the undersigned counsel, and for their Brief in Resistance to Plaintiff's/Counterclaim Defendant's ("Plaintiff") Second Motion to Dismiss hereby state as follows:

## I.     FACTUAL BACKGROUND

This matter arises from a traffic stop of Plaintiff on August 31, 2022. The material facts at issue were laid out in Defendant Officers' Brief in Support of their Resistance to Plaintiff's First Motion to Dismiss.

## II.    LEGAL STANDARD

A motion to dismiss may be granted under the Federal Rule of Civil Procedure 12(b)(6). This rule requires that a plaintiff failed to follow Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim." "When the Plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged" a claim will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotations omitted). The Court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   PROCEDURAL HISTORY

On May 8, 2023, this Court denied Plaintiff's First Motion to Dismiss as to various counterclaims asserted by Defendant Officers. This Court held without prejudice as to Defendant Officers' ability to amend their Counterclaim. The Defendant Officers filed a responsive motion to Amend their Counterclaim on May 12, 2023. On May 31, 2023, this Court ordered the Defendant Officers' Amended Counterclaim be accepted and docketed. Plaintiff filed a Second Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 1, 2023.

## IV.   ARGUMENT

### A. Plaintiff's Second Motion to Dismiss Should be Denied as the Attached Exhibits to Defendant Officers' Counterclaim Constitutes Complaints Pursuant to the Iowa Officers' Bill of Rights

Iowa Code § 80F.1 is entitled the "Peace Officers, Public Safety, and Emergency Personnel Bill of Rights." Within the chapter, it allows that "[a]n officer shall have the right to bring a cause of action against any person, group of persons, organization, or corporation for damages arising from the filing of a false complaint against the officer or any other violation of this chapter including but not limited to actual damages, court costs, and reasonable attorney fees." Iowa Code § 80F.13.

Pursuant to this provision, Defendant Officers asserted claims supported by attaching two documents that constitute complaints pursuant to Iowa Code chapter 80F. Plaintiff asserts that both attached documents do not constitute complaints for distinct reasons. Addressing each complaint in turn supports that each document constitutes a valid, actionable complaint under Iowa law.

*i.   Amended Counterclaim Exhibit E Constitutes a Sufficient Written Complaint*

Defendant Officers state in their Counterclaim that Exhibit E constitutes a formal, written complaint, pursuant to Iowa Code chapter 80F.1. (Amended Counterclaim, pp. 22, 23). This complaint accuses Defendant Officers of harassing Plaintiff to the Defendant Officers' employer, the City of Newton's mayor, Mike Hanson. (Amended Counterclaim, pp. 22, 23). The Defendant Officers also pled that the complaint was false and was made with actual malice against Defendant Officers.

Iowa Code 80F.1 provides two definitions of a sufficient complaint that trigger the rights under the chapter. A "'[c]omplaint' means a formal written allegation signed by the complainant or a signed written statement by an officer receiving an oral complaint stating the complainant's

allegation." Iowa Code 80F.1(b). Pursuant to Iowa Code § 80F.1(13), this Court will examine Exhibit E to ascertain if it is a: (1) formal, (2) written, (3) an allegation, and (4) signed by the complainant.

First, Exhibit E is sufficiently formal. There is no definition of "formal" provided in Iowa Code chapter 80F. With no general statutory definition applying to it pursuant to Iowa Code chapter 4, it may take on its ordinary and common law meaning. *See e.*g. *In re Est. of Krier*, 825 N.W.2d 327, 2012 WL 5504371*1-2 (Iowa App. 2012). Formal can be defined by the Merriam-Webster Dictionary as "relating to or involving the outward form, structure, relationships, or arrangements of element rather than content." [1] Exhibit E contains those indications of a formal complaint.

The complaint was directed at the right person, the formal head of the City, the mayor. Plaintiff recognized this authority in his tone and language along with the structure employed as he respectfully introduces himself and requests the relief he is seeking, a day to meet to discuss his complaint. Plaintiff does not direct this complaint to a third party with no authority to act, but instead directs it to one authorized to hear and adjudicated his complaint. Because the allegations stated contend that this is a formal complaint and no statutory guidance contradicts it, the jury should be allowed to reach a conclusion as to this issue.

Second, Exhibit E is a written statement. There is no requirement that this complaint be mailed, notarized, or rendered in a tangible form. While not providing a definition of a writing within the chapter, the legislature has provided for general definitions which govern statutory interpretation. These general definitions allow an email to constitute a writing under Iowa Code § 4.39 as an electronic record pursuant to Iowa Code § 554D.103(7). The Iowa Supreme Court has

---

[1] https://www.merriam-webster.com/dictionary/formal (last accessed June 12, 2023).

affirmed the plain statutory language that a statutory writing requirement may be fulfilled using electronic means. *See State v. Fischer*, 785 N.W.2d 697, 704-706 (Iowa 2010); *see also Burroughs v. City of Davenport Zoning Bd. of Adjustment*, 912 N.W.2d 473, 483 (Iowa 2018).

Third, while Plaintiff refuses to admit there was an allegation at all contained within Exhibit E, it is clear that Plaintiff calls himself a "victim." (Exhibit E). In fact, he states that he is a victim of the Defendant Officers' "harassment." It cannot be properly said that Exhibit E was solely designed to state the availability of Plaintiff to have a discussion. (P. Br. p. 3).

Fourth, as to the signature requirement, the chapter only requires the complaint be signed but does not provide a definition. A document being "signed" may mean several things depending on the governing law. But this Court may look to the Iowa Code itself to provide a definition for "signed." Iowa Code § 4(39) states that "[a] signature, when required by law, must be made by the writing or markings of the person whose signature is required. 'Signature' includes an electronic signature as defined in section 554D.103." Iowa Code § 554D.103 explains that an electronic signature "means an electronic sound, symbol, or process attached to or logically associated with a record and executed or adopted by a person with the intent to sign the record."

Plaintiff used such a signature. Exhibit E indicates that Plaintiff's name is stated in the "from" address line. This address is not only an email address, which does not provide his full name, but lists his name in the affirmative outside of his email address. This name was attached to and logically associated with this writing in every way. Further, Plaintiff does not dispute its authenticity in his brief and fully adopts the writing as his own. (P. Br. p. 3). This indicates that he intended to send that message that had his name prominently displayed by him in the sender line. One's course of conduct to indicate intent to sign has been used by Iowa administrative agencies when examining the requirements of Iowa Code § 554D. *See In the Matter of Nathan W. Treibel,*

*and Anthony Peck*, 2023 WL 726758, at *12 (Iowa Insurance Division, January 12, 2023). Other jurisdictions have already held, though generally evaluating Statute of Fraud's issues, that a name prominently displayed in the sender line does constitute a signature using a similarly worded statute. *See Khoury v. Tomlinson*, 518 S.W.3d 568, 577 (Tex. App. 2017).

Further, while Exhibit E satisfies these requirements for a complaint, Plaintiff argues that an additional set of requirements are required to make Defendant Officers' claim plausible. Plaintiff argues that the Counterclaim must state that a formal administrative investigation must have been commenced pursuant to Iowa Code § 80F.1(1)(d) and Iowa Code § 80F.1(3). (P. Br. p. 3). This contention narrows the law.

The law instead provides two avenues for an investigation. Besides a formal administrative investigation, an informal investigation may also be triggered. *See* Iowa Code § 80F.1(c), (d). An informal inquiry would allow a meeting of an officer's supervisor to determine if a formal administrative investigation should be commenced at all. *See* Iowa Code § 80F.1(d).

But besides this misunderstanding, this cause of action does not require one to plead that some kind of investigation occurred. Iowa Code § 80F.13 only mentions a false complaint, not the needed effect of that complaint. Some complaints by their manner or at their face do not require a formal investigation process to reach a conclusion on their merits. The statutory question is if a complaint occurred, not about the quality of the complaint. Defendant Officers posit that a lawful complaint has been made by Plaintiff for the purpose of Iowa Code § 80F.1.

*ii. Amended Counterclaim Exhibit F Constitutes a Statement Summarizing an Oral Complaint*

Iowa Code not only provides for written complaint to satisfy the cause of action of Iowa Code § 80F.13, but also an oral complaint that is recorded. Iowa Code 80F.1(b) that a "'[c]omplaint' means . . . a signed written statement by an officer receiving an oral complaint stating the complainant's allegation." As Plaintiff admits, this is a "writing directed toward the employing agency regarding Officer Winters and Wing's performance." (P. Br. p. 3). The only attributed fault is the lack of a signed statement and its formality. (P. Br. p. 4).

Briefly, there is no requirement for formality with a summarized oral complaint. *See* Iowa Code § 80F.1(b). There is no requirement that the complaint be made on an authorized, written form made by an agency. The code in fact provides the antithesis. It allows for a written complaint or an oral complaint to be made as defined by the chapter. Just because the officer suggested a written complaint to be filled out does not negate the other method the legislature provided to file an actionable complaint.

Plaintiff's second argument as to the recording officer's signature is also not rooted in Iowa law. Plaintiff states without basis that an email signature does not constitute a sufficient signature. (P. Br. pp. 3-4). Again, the provision in Iowa Code chapter 4, which applies to all statutory interpretation questions, allows for electronic signatures to be used pursuant to Iowa Code § 554D.103, as is shown in the "from" line bearing the recording officer's name. Additionally, a signature block also fulfills the signature requirement pursuant to Iowa Code chapter 4.

The signature block at issue here indicates the name and position of the officer receiving the complaint. (Exhibit F).  It is clearly identifiable as a complaint by its subject line and the fact it is directed to the Chief of Police. (Exhibit F).  Iowa Code § 554D.103 focuses on the symbol or process attached to the record and the intent for which it was adopted. Here a name appears at the

end of an email. That name was not affixed by an email server, but instead represents either the person intentionally setting up the signature to automatically apply or them affixing it manually at the end. The difference between the two has been held to be largely inconsequential by other courts looking at similar statutory language in the context of contracts. *See Princeton Indus., Products, Inc. v. Precision Metals Corp.,* 120 F. Supp. 3d 812, 820 (N.D. Ill. 2015).

Because it is plausible under Iowa law that signatures were affixed in two ways to Exhibit F, this cause of action rightfully survives Plaintiff's Second Motion to Dismiss.

## V.   CONCLUSION

WHEREFORE, Defendant Officers request that the Court deny Plaintiff's Second Motion to Dismiss in its entirety and afford them the costs of defending said motion, including attorney's fees and expenses, be assessed against Plaintiff.

Respectfully submitted,

By: */s/ Matthew S. Brick*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS, NATHAN WINTERS and CHRISTOPHER WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER WING

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 15, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which, pursuant to Local Rule 5A(k), will send a notice of electronic filing to the parties of record, including:

>Matthew M. Boles
>Adam C. Witosky
>GRIBBLE, BOLES, STEWART & WITOSKY LAW
>2015 Grand Avenue, Suite 200
>Des Moines, Iowa 50312
>mboles@gbswlaw.com
>awitosky@gbswlaw.com
>Counsel for Plaintiff/Counterclaim Defendant

>*/s/     Matthew S. Brick*
>           Matthew S. Brick, AT0001081