IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br> Plaintiff/Counterclaim Defendant,<br>vs.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br> Defendants/Counterclaim Plaintiff. | **CASE NO. 4:23-cv-00044**<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COUNTERCLAIMS UNDER FED. R. CIV. P. 12(b)(6)** |

**COMES NOW** the Plaintiff/Counterclaim Defendant and for this Reply Brief in Support of Motion to Dismiss Amended Counterclaims Under Fed. R. Civ. P. 12(b)(6) states:

### I. COMPLAINT AS "FORMAL WRITTEN ALLEGATION"

Defendants' first argument for Exhibit E being a "formal written allegation" is that because Tayvin showed started his email to Newton Mayor Mike Hanson with "Hello" and ended with "sir," it was sufficiently "formal" for Iowa Code §80F.1(1)(b). As this Court has already made clear, whether a complaint is "formal" is determined by its relationship "*to the employing agency* that *triggers an internal investigation*[,]" not by general politeness of language. (R.Doc 16 at 20; original emphasis.) The "matter of form" for such a complaint, as "[i]n pleadings, indictments, affidavits, conveyances, etc.…is all that relates to the mode, form, or style of expressing the facts involved…without affecting the substantial validity or sufficiency of the instrument[.]" *State v. Buford*, 308 N.W.2d 31, 33 (Iowa 1981) (*quoting* BLACK'S LAW DICTIONARY 586 (5th ed. 1979)). It regards the technical form for initiating an

investigation. *See Williams v. Bullock*, 960 N.W.2d 473, 476 n.1 (Iowa 2021) (*quoting Olson v. City of N. Liberty*, 451 F.Supp.3d 1010, 1031 n.10 (S.D. Iowa 2020) ("Iowa Code section 80F.1 'provides procedural protections for all police officers facing internal investigations….'") An email to the Mayor is not within this form.

Whether the email is "written" or contains an "allegation" is not at issue. But these arguments continue to ignore the construction this Court has recognized for determining what constitutes a "complaint" under the statute. (R.Doc 16 at 20.)

## II.  MAYOR AS DISCIPLINARY AUTHORITY

Defendants' contention that the Mayor of Newton is "the right person [as] the formal head of the City" to submit a §80F personnel complaint to likely comes as a shock to the Mayor and the Newton Police Department. By statute, only a commanding or supervisory officer can investigate or inquire about a complaint, which requires them to receive a complaint. Iowa Code §80F.1(1)(c)-(d). *See also* R.Doc 16 at 20. Nothing in the Civil Service statutes provides a Mayor with any such authority over police officers. Only those with "appointing powers" have such power in Iowa Code Chapter 400. *See* Iowa Code §400.18(1) (only "person having the appointing power as provided in this chapter, or the chief of police" can "remove, discharge, demote, or suspend" an officer); Iowa Code §400.19 (same as to "a subordinate then under the person's or chief's direction"). The Newton Mayor does not have appointing powers. *See* Iowa Code §400.15(1)(c)-(d) ("All appointments or promotions…shall be made…with the approval of the city council [or] in the police…departments, by the chiefs[.]"); Charter of the City of Newton 2011 Code,

§30.036(A) ("All powers of the city are vested in the Council, except as otherwise provided for by law or ordinance."). Defendants cite no authority under which Newton Mayor Hansen could take any action in response to Tayvin's email. As such, the email is not a complaint for purposes of Iowa Code §80F.1.

### III. EFFECT OF ELECTRONIC SIGNATURE

That the Iowa Legislature has statutorily approved the use of electronic signatures in conducting electronic transactions does not control the signature requirement for a complaint under Iowa Code §80F.1(1)(b). The statutory definition of electronic signature asserted only "applies to electronic records and electronic signatures relating to a transaction." Iowa Code §554D.104(1). While transaction includes "an action…occurring between two or more persons relating to the conduct of…governmental affairs[,]" whether an employee disciplinary matter constitutes a "governmental affair" is unclear. Iowa Code §554D.103(16). Even if it is, Defendants present nothing to establish the Newton Police Department, as the employing agency, has "agreed to conduct transactions by electronic means[,]" which must occur *before* an electronic signature can constitute a signature. Iowa Code §554D.106(2). *See also Yoshimura v. Kaneshiro*, 481 P.3d 28, 46 (Haw. 2021) ("City never agreed to conduct the certification of an impeachment petition through electronic means"); *Meyer v. Jacobson*, 510 P.3d 52, 61 (Mont. 2022) (agreement "'to conduct transactions by electronic means'…is a threshold requirement…before the UETA can apply.").

### IV.  FALSITY OF COMPLAINT

Rather, the Newton Police Department's website[1] requires: "To submit a complaint, *print and complete* this form and submit it by *mail or in person to the department* for review." The requirement for printing and completing precludes an electronic signature, as does the requirement for physical delivery. By its own requirements, emails to people outside the department, such as Exhibit E, or inside the department, such as Exhibit F, do not constitute the submission of a complaint.

That a "formal written allegation," appropriately signed, can trigger either a formal or informal investigation, does not support Defendants' claim that Exhibit E or F constitutes a complaint, as there is no allegation that either triggered *any* investigation. There is no claim an internal investigation of any kind was conducted, let alone one finding Tayvin's complaint to be false. Only claims found false give rise to a cause of action: "An officer shall have the right to bring a cause of action against…for damages arising from the *filing of a false complaint*." Iowa Code §80F.1(13) (emphasis added). To permit a cause of action absent a prior finding of falsity would write the requirement for a "false complaint" out of the statute, allowing *any* filing of a complaint to authorize a lawsuit. Subjecting every person who files a complaint to the risk of a lawsuit, regardless of whether a finding of falsity *ever* occurs, is to weaponize the complaint process against all Iowans.

### CONCLUSION

For the reasons set forth above and in the initial briefing, Counterclaims III

---

[1] https://newtongov.org/1069/Personnel-Complaint (last accessed June 21, 2023)

and IV must be dismissed for failing to state a claim.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: /s/ *Adam C. Witosky*
    Matthew M. Boles    AT0001037
    Adam C. Witosky    AT0010436
    2015 Grand Avenue, Suite 200
    Des Moines, Iowa 50312
    Telephone: (515) 235-0551
    Facsimile: (515) 243-3696
    Email:    mboles@gbswlaw.com
             awitosky@gbswlaw.com

**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on June 22, 2023. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

    /s/ *Tami Fairchild*