UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>Defendants. | No. 4:23-cv-00044<br><br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |
| NATHAN WINTERS and CHRISTOPHER WING,<br><br>Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br><br>Plaintiff/Counterclaim Defendant. | Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Pursuant to Fed. R. Civ. P. 26(c), the parties hereby submit this proposed Stipulated Protective Order to facilitate full discovery in this lawsuit, while protecting the parties' interests in confidential or proprietary information which may be contained in certain documents, answers to interrogatories, requests for admissions, tangible things, and other information otherwise discoverable under the Federal Rules of Civil Procedure, but which should not be made available to the public in general, the parties hereby stipulate and agree, and the Court orders, as follows:

1.  Each party may designate as confidential for protection under this Order, in whole

or in part, any document, information or material that constitutes or includes, in whole or in part, confidential, protected, proprietary and/or trade secrets ("Protected Material"). Protected Material shall be designated by the party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. With respect to documents, information or material designated "CONFIDENTIAL," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all ███████████ deposition testimony, or documents marked as exhibits or for identification in depositions ███████; (c) ███████████████████████████████████████; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any materials designated CONFIDENTIAL shall also be so considered and treated as such under this Order.

3. A designation of Protected Material (*i.e.*, marked CONFIDENTIAL) may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been so designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without so designating it may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or

unintentional disclosure and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth herein:

(a) counsel of record in this litigation;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in this litigation;

(c) named parties to this litigation;

(d) outside consultants or experts (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party) retained for the purpose of this litigation, provided that before access is given, the consultant or expert has completed the Undertaking attached as Attachment A hereto.

(e) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(f) the Court and its personnel.

5. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party.

6. Documents, information or material produced pursuant to any discovery request in this litigation, including but not limited to Protected Material designated as CONFIDENTIAL, shall be used by the parties only in this litigation and shall not be used for any other purpose. Any

person or entity who obtains access to such material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such material or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified CONFIDENTIAL materials and subject to all of the terms and conditions of this Order.

7.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

8.     There shall be no disclosure of any CONFIDENTIAL material by any person authorized to have access thereto to any person who is not authorized for such access under this Order.

9.     Nothing contained herein shall be construed to prejudice any party's right to use any CONFIDENTIAL material in taking testimony at any deposition ▓▓▓▓ provided that such

material is only disclosed to a person(s) who is: (i) eligible to have access to such material by virtue of his or her employment with the designating party, (ii) identified in such material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such material, has, in the ordinary course of business, seen such material, (iv) a current or former officer, director or employee of the producing party or a current or former officer, director or employee of a company affiliated with the producing party; (v) counsel for a party, including outside counsel and in-house counsel; (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; and/or (ix) other persons entitled hereunder to access to such material. "CONFIDENTIAL" material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

10. Parties may, at the deposition ▓▓▓ or within thirty (30) days after receipt of a deposition ▓▓▓ transcript, designate the deposition ▓▓▓ transcript or any portion thereof as "CONFIDENTIAL" pursuant to this Order. Access to the deposition ▓▓▓ transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition ▓▓▓ transcript shall be treated as confidential.

11. [MODIFIED BY COURT] This Protective Order does not apply to the filing of documents under seal or submission of documents at a hearing, trial or other court proceeding. Any party seeking to file any documents under seal in this case first must file a motion requesting leave to do so as required under Local Rule 5(c). Submission of documents at a hearing, trial or other court proceeding is determined by the presiding judge.

12. [DELETED BY COURT]

13. A party may request in writing to the other party that the designation given to any CONFIDENTIAL material be modified or withdrawn. If the designating party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting party may apply to Court for relief. Upon any such application to Court, the burden shall be on the designating party to show why its classification is proper under the applicable law. Pending the Court's determination of the application, the designation of CONFIDENTIAL shall be maintained.

14. Each outside consultant or expert to whom CONFIDENTIAL material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Attachment A. Within thirty (30) days of final termination of this litigation, including any appeals, all CONFIDENTIAL material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the parties and materials which have been admitted into evidence in this litigation), shall at the producing party's election either be returned to the producing party at the producing party's cost or be destroyed. The receiving party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing party's request.

15. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall

in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

16. Any party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may request the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

17. Production of CONFIDENTIAL material by each of the parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents. Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the parties to assert any applicable discovery or trial privilege.

18. Each of the parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of CONFIDENTIAL material to additional persons or entities if reasonably necessary to prepare and present this case; and (b) to apply for additional protection of CONFIDENTIAL material.

IT IS SO ORDERED.

Dated September 29, 2023.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE

**APPROVED AS TO FORM AND CONTENT:**

*/s/ Matthew S. Brick*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Doug A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
BRICK GENTRY, P.C.
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com
Counsel for Defendants
CITY OF NEWTON, ROB BURDESS, NATHAN WINTERS and CHRISTOPHER WING
Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER WING


*/s/ Matthew M. Boles*
Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff/Counterclaim Defendant
TAVYIN GALANAKIS

## **ATTACHMENT A**

## **AGREEMENT CONCERNING CONFIDENTIAL INFORMATION COVERED BY A STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the attached Stipulated Protective Order Regarding Confidential Materials and Information entered by in Case Number 4:23-cv-00044. The undersigned further acknowledges that he/she understands the terms thereof and agrees to be bound by such terms.

Dated: _____      _____
(Signature of Individual)


_____
(Printed or Typed Name of Individual)