UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Rule 56 of the Federal Rules of Civil Procedure, Defendants City of Newton, Iowa (the "City"), Chief Rob Burdess, Officer Nathan Winters, and Lieutenant Christopher Wing (collectively, "Defendants") move for summary judgment on all the claims asserted against them by Plaintiff Tayvin Galanakis ("Galanakis").

### Claims Against Officer Winters and Lieutenant Wing

Galanakis claims Winters and Wing arrested him without probable cause in violation of the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution. He also claims Officer Winters and Lieutenant Wing falsely arrested him in violation of Iowa common law. Officer Winters and Lieutenant Wing are entitled to federal qualified

1

immunity on Galanakis's Fourth Amendment claim, and they are entitled to state qualified immunity on Galanakis's article I, section 8 and false arrest claims under Iowa Code section 670.4A. The Court should therefore grant summary judgment to Winters and Wing on all of Galanakis's claims against them.

## Claims Against Chief Burdess

Galanakis claims Burdess is liable for Winters and Wing's alleged violation of Galanakis's Fourth Amendment right to be free from arrest without probable cause under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). The Court should grant Chief Burdess summary judgment on this claim because *Monell* liability applies to municipalities, not individuals sued in their individual capacity. And to the extent Galanakis otherwise asserts that Burdess is liable for the alleged Fourth Amendment violations under 42 U.S.C. § 1983 for failure to train or supervise, Burdess is entitled to federal qualified immunity, and Galanakis lacks sufficient evidence to support such a claim.

Galanakis also claims Burdess was negligent under Iowa common law by failing to train and supervise Winters and Wing. This claim is not cognizable against Chief Burdess, Galanakis lacks sufficient evidence to support it, and Burdess is immune to this claim under Iowa Code section 670.4A.1.

The Court should therefore grant Chief Burdess summary judgment on all the claims asserted against him.

## Claims Against the City

Galanakis claims the City is liable for Winters and Wing's alleged Fourth Amendment Violations under *Monell*. The Court should grant the City summary judgment on this claim because Galanakis lacks sufficient evidence to support it.

Galanakis also claims the City is somehow liable for Winters's and Wing's alleged false arrest of Galanakis under Iowa common law. Because Winters and Wing are entitled to qualified immunity on Galanakis's false arrest claim under Iowa Code section 670.4A.1, the City is also immune under Iowa Code section 670.4A.2 and cannot be held liable. There is also insufficient evidence to support a basis for liability against the City on this claim. The Court should therefore grant summary judgment to the City on Galanakis's false arrest claim under Iowa law.

Galanakis also claims the City was negligent under Iowa law by failing to train and supervise Winters and Wing. There is insufficient, if any, evidence to support this claim, and the Court should grant the City summary judgment.

Finally, Galanakis claims the City is liable for all of Winters's and Wing's alleged wrongful conduct based on a theory of respondeat superior. However, respondeat superior liability for the unlawful acts of a municipal employee does not exist under 42 U.S.C. § 1983, and the City is immune from liability for Winters's and Wing's conduct under Iowa Code section 670.4A.2.

WHEREFORE, Defendants City of Newton, Iowa, Rob Burdess, Nathan Winters, and Christopher Wing respectfully request that the Court grant their Motion for Summary Judgment on all the claims asserted against them by Plaintiff Tayvin Galanakis, including Counts I, II, III, IV, V, and VI of his operative pleading in their entirety. Defendants request oral argument on this Motion.

Dated: December 6, 2023.

By:   */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS,
NATHAN WINTERS and CHRISTOPHER WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER WING

### CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023, a true copy of DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

> Matthew M. Boles
> Adam C. Witosky
> GRIBBLE, BOLES, STEWART &
> WITOSKY LAW
> 2015 Grand Avenue, Suite 200
> Des Moines, Iowa 50312
> mboles@gbswlaw.com
> awitosky@gbswlaw.com
> Counsel for Plaintiff/Counterclaim Defendant

    */s/    Nicholas F. Miller*
    **Nicholas F. Miller, AT0015361**