UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**BRIEF IN SUPPORT OF COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**<br><br><br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.a.2., Counterclaim Plaintiff Officer Nathan Winters ("Officer Winters") submits this Brief in support of his Motion for Partial Summary Judgment.

**TABLE OF CONTENTS**

I.     Introduction …………………..……………………………………………………………....3

II.    Summary of Background Facts ……………………………………..……………………….3

III.   Standard of Review ………………………………………………………………………….5

IV.    Argument ……………………………………………………………………………….....6

      A.    Galanakis is Liable for Defamation ……………………………….…………6

      B.    Galanakis is Liable for False Light Invasion of Privacy ……………..……………8

IV.    Conclusion ………………………………………………………………………………….10

## I.  INTRODUCTION

Plaintiff Tayvin Galanakis ("Galanakis") not only defamed Officer Winters by false stating to millions of people that Officer Winters was convicted of domestic abuse, Galanakis profited from it.

The undisputed facts show that on September 9, 2022, Galanakis posted a YouTube video that claimed Officer Winters was "CONVICTED OF DOMESTIC ABUSE."  Galanakis then collected over $4,700 in YouTube ad revenue and GoFundMe donations in connection with this YouTube video.  In fact, Officer Winters has never been convicted—or even charged—with domestic abuse, and Galanakis had nothing to support his statement to the contrary.  Yet Galanakis made his false statement anyway and continues to make it today, despite knowing it is false.

Based on these undisputed facts, the Court should grant partial summary judgment to Officer Winters on the issue of Galanakis's liability for defamation and false light invasion of privacy.

## II.  SUMMARY OF BACKGROUND FACTS

Officer Winters incorporates the facts included in his Statement of Material Facts and provides the following summary of the background facts.

Officer Winters is a Newton Police Department officer, and on August 28, 2022, at about 12:13 a.m., he stopped Galanakis for driving his vehicle with the bright lights on. Statement of Material Fact ("SOF") Nos. 1–2.  During the stop, Officer Winters suspected Galanakis of operating his vehicle while intoxicated ("OWI") in violation of Iowa Code section 321J.2.  SOF No. 3.  And after several field sobriety tests, Officer Winters arrested Galanakis for OWI.  SOF Nos. 4–5. Galanakis was ultimately released and not charged with OWI or any other offense. SOF No. 6.

3

On September 9, 2022, Galanakis posted a publicly viewable video under his account on the public video-sharing website called "YouTube" depicting the following written statement: "NATHAN WINTERS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE." SOF No. 7. Galanakis created the YouTube video and wrote this statement into the video. SOF No. 8. However, Officer Winters has never been charged with or convicted of domestic abuse. SOF Nos. 12–13. Galanakis's statement to the contrary is therefore false. SOF Nos. 12–14.

Galanakis based his false statement on two things: (1) an online message he received from a person whose name he cannot remember and who identified themself as Officer Winters's ex-girlfriend; (2) his review of only part of a document he located on Iowa Courts Online's website. SOF Nos. 15–19. Galanakis never met the person that messaged him in person, and Galanakis cannot remember what they told him. SOF Nos. 16–17. But in any case, they never told Galanakis that Officer Winters was convicted of a crime. SOF No. 16. Similarly, the document that Galanakis reviewed on Iowa Courts Online's website also never stated that Officer Winters was convicted of a crime. SOF Nos. 18–19. So Galanakis had no basis to falsely claim that Officer Winters was convicted of domestic abuse. SOF Nos. 15–20.

Galanakis's YouTube video depicting the false statement that Officer Winters was "CONVICTED OF DOMESTIC ABUSE" has been viewed approximately 2 million times, and it is still viewable on YouTube.com. SOF Nos. 9–11. Approximately 18,325 people have commented on Galanakis's YouTube video. *Id.*

Shortly after posting the YouTube video, Galanakis created a GoFundMe fundraiser on GoFundMe.com that solicited online donations to pay for Galanakis's prospective attorney fees in connection with a lawsuit he wanted to file against Officer Winters for arresting him for OWI.

4

SOF No. 21.  Galanakis ultimately raised at least $2,768.00 in donations.  SOF No. 22.  However, Galanakis did not use the donated money for attorney fees and instead spent about $1,768 on personal expenses and discretionary purchases.  SOF No. 23–24.  About $1,000 in GoFundMe donations is in Galanakis's personal bank account.  SOF No. 25.

In addition to the GoFundMe money, Galanakis also received at least $2,000 in ad revenue from the YouTube video he posted depicting the false statement that Officer Winters was "CONVICTED OF DOMESTIC ABUSE."  SOF No. 26.  This ad revenue was based on the number of times people viewed Galanakis's YouTube video, i.e., the more views the more ad revenue.  SOF No. 27.

Galanakis eventually sued Officer Winters claiming he wrongfully arrested Galanakis, and Officer Winters counterclaimed for defamation and false light invasion of privacy under Iowa law.  Docs. 1-1 & 23.  Now, based on the undisputed facts, the Court should grant Officer Winters summary judgment on the issue of Galanakis's liability for defamation and false light invasion of privacy, leaving damages for a jury to determine at trial.

### III.  STANDARD OF REVIEW

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Cottrell v. Am. Family Mut. Ins. Co.*, 930 F.3d 969, 971 (8th Cir. 2019) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

A fact is material if it "affect[s] the outcome of a lawsuit under applicable substantive law." *Id*. at 972.  And a "material fact dispute is 'genuine' if each party has supplied some evidence that is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Id*.

# IV. ARGUMENT

The Court should grant partial summary judgment to Officer Winters on the issue of Galanakis's liability for defamation and false light invasion of privacy based on Galanakis's false statement that Officer Winters was "CONVICTED OF DOMESTIC ABUSE." The undisputed facts show that Galanakis stated Officer Winters was convicted of domestic abuse, that Galanakis's statement is false, that Galanakis published his false statement to millions of people on YouTube, and that Galanakis is still publishing his false statement to millions of people on YouTube despite knowing it is false. In light of these facts, Officer Winters is entitled to judgment as a matter of law on the issue of Galanakis's liability for defamation and false light invasion of privacy.

### A. Galanakis is Liable for Defamation

Galanakis's false statement that Officer Winters was convicted of domestic abuse is libel *per se*. He is therefore liable on Officer Winters's counterclaim for defamation.

"Defamation generally comes in two types: libel and slander." *Hoffman v. Clark*, 975 N.W.2d 656, 664 (Iowa 2022). "Libel is a defamatory statement expressed in writing or some other fixed medium." *Id*. And it also "comes in two types: libel *per quod* and libel *per se*." *Id*. "Libel per se . . . refers to statements 'of such a nature, whether true or not, that the court can presume as a matter of law that their publication will have libelous effect." *Id*. (quoting *Vinson v. Linn-Mar Cmty. Sch. Dist.*, 360 N.W.2d 108, 116 (Iowa 1984). These are statements that "have an obvious defamatory character" and "a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse." *Id*. (cleaned up).

For libel per se claims, general damages are presumed and "left in the jury's discretion." *Id*. at 665. Special damages, on the other hand, must be proved with sufficient evidence, but special

damages are not necessary to a libel per se claim. *Id.*

Galanakis's written statement that Officer Winters was "CONVICTED OF DOMESTIC ABUSE" in his YouTube video published to millions people since September 9, 2022, is false. SOF Nos. 7–14. And the Court has already determined that Galanakis's false statement is one "capable of defamatory meaning." Doc. 16 at 8. In fact, it is defamation per se because "[a]ccusations of indictable crimes of moral turpitude are libel per se." *See Bierman v. Weier*, 826 N.W.2d 436, 464 (Iowa 2013); *see also Bauer v. Brinkman*, 958 N.W.2d 194, 199 (Iowa 2021) ("An example of a defamatory statement that is capable of precise meaning and easily verifiable is an accusation that a person committed a crime."). Galanakis is therefore liable on Officer Winters's counterclaim for defamation, and the Court should grant summary judgment on that issue.

To the extent Galanakis argues the civil protective order entered by the Iowa District Court for Jasper County excuses or justifies his false statement, the Court has already rejected that argument. Doc. 16 at 9–11. Previously in this case, Galanakis argued that his false statement that Officer Winters was convicted of domestic abuse was justified or otherwise excusable because Galanakis based the statement on a civil protective order entered by the Iowa District Court of Jasper County. *See* Doc. 16 at 9–11; *see also* SOF Nos. 18–19. But the Cout passed on that argument because the civil protective order Galanakis refers to did not support Galanakis's leap to the false conclusion that Officer Winters was convicted of the crime of domestic abuse. *See* Doc. 16 at 9–11. So it is pointless for Galanakis to reargue this issue, especially because the law-of-the-case doctrine likely prevents him from relitigating it. *Vogt v. State Farm Life Ins. Co.*, 19 F.4th 1071 (8th Cir. 2021). Perhaps most importantly though, Galanakis has continued to make his false statement even after learning that Officer Winters was, in fact, never convicted of domestic abuse

7

and that the protective order is not grounds for saying otherwise. SOF No. 11; Doc. 16 at 9–11, 24 (finding it significant that "Galanakis . . . kept these statements on social media even after being notified that Winters was not 'convicted' of anything"). So even if Galanakis's false statement was based on an initial misunderstanding of the civil protective order, that in no way explains why he continues to publish his false statement to millions of people on YouTube every day. SOF Nos. 7–14.

Similarly, to the extent Galanakis argues his online conversation with a person that identified themself as Officer Winters's ex-girlfriend somehow excuses or justifies his false statement, that argument also fails. This person never told Galanakis that Officer Winters was convicted of domestic abuse. SOF Nos. 15–17. And again, Galanakis has continued to make his false statement despite learning that Officer Winters was, in fact, never convicted of domestic abuse. So Galanakis's online conversation is no excuse or justification for making his false statement in the first place and for continuing to make it now.

Thus, because the undisputed evidence shows Galanakis's false statement that Officer Winters was convicted of domestic abuse is libel *per se*, the Court should grant summary judgment on the issue of Galanakis's liability for defamation. In fact, summary judgment is particularly appropriate because Galanakis continues to publish his false statement to millions of people every day on YouTube, and he has made several thousand dollars from that YouTube video. SOF Nos. 7–14.

### B. Galanakis is Liable for False Light Invasion of Privacy

Galanakis is also liable for false light invasion of privacy based on his false statement that Officer Winters was convicted of domestic abuse.

Invasion of privacy claims protect a person's interest "in living without unwarranted

publicity" and come in four different types of claims, one of which is false light invasion of privacy. *Koeppel v. Speirs*, 808 N.W.2d 177, 180–181 (Iowa 2011). False light invasion of privacy involves "publicity that unreasonably places the other in a false light before the public." *Id*. at 181. And, as the Court previously explained, a false light invasion of privacy claim has three elements: (1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light would be highly offensive to a reasonable person, and (3) the defendant had knowledge of and acted with reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff was placed. *Mills v. Iowa*, 924 F. Supp. 2d 1016, 1035 (S.D. Iowa 2013).

Here, the undisputed facts plainly establish each of the three elements of false light invasion of privacy. First, Galanakis publicized a matter concerning Officer Winters that placed him in a false light by posting a YouTube video depicting the false statement that Officer Winters was "CONVICTED OF DOMESTIC ABUSE." SOF Nos. 7–14. Second, Galanakis's false statement would be highly offensive to *any* reasonable person, but it is especially offensive to any reasonable police officer, like Officer Winters, charged with enforcing the law and protecting citizens from violent crime. *See Jesski v. Dakota, Minn. & E. R. Corp.*, 43 F.4th 861 (8th Cir. 2022) (explaining there is no genuine dispute of material fact if no reasonable jury could find for the nonmoving party). Third, Galanakis has made the false statement that Officer Winters was convicted of domestic abuse *knowing* that the statement was false. At his deposition, Galanakis testified that he learned Officer Winters was, in fact, never convicted of domestic abuse. SOF No. 13. Yet, he publishes the false statement that Officer Winters was convicted of domestic abuse on YouTube every day. SOF Nos. 7–14. Further, on September 9, 2022, when Galanakis published his false statement, he did it with reckless disregard because it was based on two things that in no way

support his false statement: (1) an online conversation with person he never met in person and whose name he cannot remember, and (2) only part of a document—presumably a civil protective order—that does not even suggest that Officer Winters was convicted of domestic abuse. SOF Nos. 15–20.

Further, as discussed above, Galanakis is profiting from his false statement. SOF Nos. 21–27. Galanakis has collected at least $4,768 in GoFundMe donations and YouTube ad revenue in connection with his video, despite knowing that his statement in the YouTube video depicts Galanakis's false statement that Officer Winters was convicted of domestic abuse. *Id*. And because he still publishes his YouTube video every day, Galanakis is likely still receiving YouTube ad revenue. *See id*. Like Officer Winters's defamation counterclaim, this makes summary judgment on the issue of Galanakis's liability for false light invasion of privacy particularly appropriate. Galanakis needs to know that if he intends to continue knowingly making his false statement about Officer Winters, he will be held liable.

Based on all these undisputed facts, Galanakis is liable for false light invasion of privacy, and the Court should grant summary judgment to Officer Winters on that issue.

## V.  CONCLUSION

The Court should grant summary judgment to Officer Winters on the issue of Galanakis's liability for defamation and false light invasion of privacy, leaving damages for trial, because the undisputed facts establish Galanakis's liability on both of these claims.

Dated: December 13, 2023.

By:   */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Counterclaim Plaintiff
NATHAN WINTERS

### **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, a true copy of the foregoing BRIEF IN SUPPORT OF COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S MOTION FOR PARTIAL SUMMARY JUDGMENT was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff/Counterclaim Defendant

  */s/    Nicholas F. Miller*
**Nicholas F. Miller, AT0015361**