IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>    Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>    Defendants. | CASE NO. 4:23-cv-00044 |
| **NATHAN WINTERS AND CHRISTOPHER WING,**<br>    Counterclaim Plaintiffs,<br><br>v.<br><br>**TAYVIN GALANAKIS,**<br>    Counterclaim Defendant. | **PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS**<br><br>**\*FILED UNDER SEAL\*** |

**COMES NOW** the Plaintiff/Counterclaim-Defendant and for this Response to Defendant's Statement of Material Facts state:

1. Plaintiff admits ¶1.

2. Plaintiff admits ¶2.

3. Plaintiff admits ¶3.

4. Plaintiff admits ¶4.

5. Plaintiff admits ¶5.

6. Plaintiff admits ¶6.

7. Plaintiff qualifies the first sentence of ¶7 by stating Galanakis had to answer six questions from Officer Winters in approximately 55 seconds: 1) if it was

his car (it was); 2) where he was going (home, giving its address); 3) whether he was new to town (he was not); 4) why he had out of county plates (car was his grandfather's who lived in Greenfield); 5) where he was coming from (a friend's house); and 6) whether he had anything to drink (he had not). (Def.App. 6 [14:24-15:24][1].) He responded clearly to every as he actively looked for and reviewed documents at approximately 12:15 p.m. without his contacts during one of his first times being stopped and the only light being Officer Winter's flashlight. (Def.App. 6 [14:24-15:24]; Pltf.App. 15 [24:1-6], 17 [30:11-18].) Plaintiff admits the second through fifth sentences of ¶7. Plaintiff qualifies the sixth sentence of ¶7 by stating Tayvin also removed his driver's license from his wallet and closed his glove box during this time. (Def.App. 6 [15:45-16:08].)

8.  Plaintiff admits ¶8.

9.  Plaintiff admits ¶9.

10. Plaintiff admits ¶10.

11. Plaintiff qualifies ¶11 by stating Tayvin also answered six questions in detail, located and provided his registration, took out and provided his driver's license, looked for and found a physical copy of an expired insurance card as he believed he had a physical copy, and when realizing he did not, found the insurance card on his phone in approximately sixteen seconds. (Def.App. 6 [14:24-17:16].) He did all this while trying not to make any sudden movements. (Pltf.App. 16 [26:19-

---

[1] Def.App. 6 is Officer Winters' body camera video as submitted by Defendants with the time reference being to the video's top-right timestamp.

27:17].)

12. Plaintiff qualifies ¶12 by stating Officer Winters told Tayvin to take his gum out as Officer Winters had already decided he was going to field test Tayvin for intoxication. (Def.App. 6 [17:42-17:47], 14; Pltf.App. 77.) Plaintiff further states Tayvin fully cooperated, was responsive to directions, and walked without impairment to the vehicle, where Officer Wing opened the front passenger door for Tayvin to enter the vehicle which Officer Winters closed. (Def.App. 6 [17:27-18:12].)

13. Plaintiff admits ¶13.

14. Plaintiff denies the first sentence of ¶14, including as unsupported by the record cited. (Def. Appx. 6 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 17:29-18:04, 22:10-22:14]; Pltf.App. 16 [28:6-17].) Plaintiff admits the second and third sentences of ¶14.

15. Plaintiff admits ¶15.

16. Plaintiff admits ¶16.

17. Plaintiff qualifies ¶17 by stating Officer Winters administered field sobriety tests, but denies all tests were administered correctly. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 48-49 [13:21-14:6], 50 [18:13-19:3], 53-70.)

18. Plaintiff qualifies ¶18 by stating Officer Winters administered the test, but denies it was administered correctly. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 53-70.) Plaintiff further states the walk and turn test was performed after Officer Winters had performed the horizontal gaze

nystagmus test with Tayvin showing no signs of impairment. (Def.App. 6 [22:30-25:00], 12.)

19. Plaintiff admits ¶19.

20. Plaintiff qualifies ¶20 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 53-70.)

21. Plaintiff admits ¶21.

22. Plaintiff qualifies ¶22 by stating Officer Winters gave instructions and a demonstration, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 53-70.)

23. Plaintiff qualifies ¶20 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 53-70.)

24. Plaintiff qualifies ¶20 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45.)

25. Plaintiff admits ¶25.

26. Plaintiff admits ¶26.

27. Plaintiff denies ¶27 as it omits that Tayvin also said, "I have all the weight on my left foot right now." (Dep.App. 6 [26:13-26:26].)

28. Plaintiff qualifies ¶28 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App.

22 [19:8-20], 28 [18:13-16], 33-45.)

  29. Plaintiff admits ¶29.

  30. Plaintiff admits ¶30.

  31. Plaintiff admits ¶31.

  32. Plaintiff denies ¶32. (Def.App. 6 [26:28-26:50].)

  33. Plaintiff admits ¶33.

  34. Plaintiff admits ¶34.

  35. Plaintiff admits ¶35.

  36. Plaintiff admits ¶36.

  37. Plaintiff admits ¶37.

  38. Plaintiff admits ¶38.

  39. Plaintiff qualifies ¶39 by stating Officer Winters administered the test, but denies it was administered correctly. ((Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 66-67.)

  40. Plaintiff admits ¶40.

  41. Plaintiff admits ¶41.

  42. Plaintiff admits ¶42.

  43. Plaintiff qualifies ¶43 by stating Officer Winters gave instructions and a demonstration, but denies Plaintiff was properly instructed or demonstrated. ((Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 66.)

  44. Plaintiff qualifies the first sentence of ¶44 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. ((Def. Appx. 10-13, 97

[35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 66.) Plaintiff admits the second sentence of ¶44.

45. Plaintiff admits ¶45.

46. Plaintiff qualifies ¶46 by stating Officer Winters gave a demonstration, but denies Plaintiff properly demonstrated. (Def.App. 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 66.)

47. Plaintiff qualifies ¶47 by stating Officer Winters gave instructions, but denies Plaintiff was properly instructed. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 66.)

48. Plaintiff qualifies ¶48 by stating Officers Winters, immediately before having Tayvin start the test, asked why Tayvin was shaking so much, to which Tayvin responded it was freezing and raining, pointed out the difference between how they were clothed, and that the false accusations made him nervous, with Officer Winters offering that he wears shorts when it was 30 degrees out, which Tayvin congratulated him for. (Def.App. 6 [28:47-29:10].)

49. Plaintiff admits ¶49.

50. Plaintiff qualifies ¶50 by stating that in asking Tayvin a question while Tayvin was performing the test, Officer Winters improperly interfered with the performance of the test. (Pltf.App. 51 [68:13-69:16].)

51. Plaintiff admits ¶51.

52. Plaintiff qualifies ¶52 by stating Officer Winters administered the test, but denies it was administered correctly. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App.

22 [19:8-20], 28 [18:13-16], 33-45.) Plaintiff further states Officer Winters performed a modified romberg test before the finger-to-nose test, during which Tayvin successfully estimated thirty seconds in twenty-nine to thirty-four seconds. (Def.App. 6 [31:24-31:54], 12.)

53. Plaintiff denies ¶53 and states it was raining and cold outside at the time the test was performed. (Def.App. 6 [33:10-33:37]; Pltf.App. 20 [12:17-24], 29 [23:12-18].)

54. Plaintiff denies ¶54 and states it was raining and cold outside at the time the test was performed. (Def.App. 6 [33:10-33:37]; Pltf.App. 20 [12:17-24], 29 [23:12-18].)

55. Plaintiff denies ¶55 and states it was raining and cold outside at the time the test was performed. (Def.App. 6 [33:10-33:37]; Pltf.App. 20 [12:17-24], 29 [23:12-18].)

56. Plaintiff denies ¶56. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 50 [18:13-19:3], 62, 63, 66, 67.)

57. Plaintiff denies ¶57. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 22 [19:8-20], 28 [18:13-16], 33-45, 50 [18:13-19:3], 62, 63, 66, 67.)

58. Plaintiff admits ¶58.

59. Plaintiff admits ¶59.

60. Plaintiff admits ¶60.

61. Plaintiff qualifies ¶61 by stating Galanakis had not displayed indications of intoxication and Officer Winters is unqualified to identify indicators of

intoxication due to drugs. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 21 [15:6-15], 22 [17:9-25, 19:8-20], 28 [18:13-16], 33-45, 70.)

62. Plaintiff admits ¶62.

63. Plaintiff admits ¶63.

64. Plaintiff admits ¶64.

65. Plaintiff denies ¶65 as it fails to state a material fact and asserts a question of credibility this court cannot consider.

66. Plaintiff admits ¶66.

67. Plaintiff admits ¶67.

68. Plaintiff denies ¶68 as it fails to state a material fact.

69. Plaintiff denies ¶69 as it fails to state a material fact.

70. Plaintiff denies ¶70 as it fails to state a material fact.

71. Plaintiff denies ¶71 as it fails to state a material fact and asserts a question of credibility this court cannot consider.

72. Plaintiff denies ¶72 as it fails to state a material fact.

73. Plaintiff denies ¶72 as it fails to state a material fact.

74. Plaintiff denies ¶72 as it fails to state a material fact.

75. Plaintiff denies ¶72 as it fails to state a material fact.

76. Plaintiff denies ¶72 as it fails to state a material fact.

77. Plaintiff admits ¶77.

78. Plaintiff admits ¶78.

79. Plaintiff admits ¶79.

80. Plaintiff admits ¶80.

81. Plaintiff admits ¶81, and further states Officer Winters' accusations of intoxication were established to be false. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 21 [15:6-15], 22 [17:9-25, 19:8-20], 28 [18:13-16], 33-45, 70.)

82. Plaintiff admits ¶82.

83. Plaintiff qualifies ¶83 by stating Galanakis had not displayed indications of intoxication, Officer Winters is unqualified to identify indicators of intoxication due to drugs, and was informally disciplined due to his poor communication and interaction with Galanakis during this stop. (Def. Appx. 10-13, 97 [35:9-36:13]; Pltf.App. 21 [15:6-15], 22 [17:9-25, 19:8-20], 28 [18:13-16], 33-45, 70.)

84. Plaintiff admits ¶84.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Adam C. Witosky*
Matthew M. Boles     AT0001037
Adam C. Witosky     AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Facsimile: (515) 243-3696
Email:     mboles@gbswlaw.com
           awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on January 10, 2024. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

*/s/ Tami Fairchild*