UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br><br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Local Rule 7.g., Defendants City of Newton, Iowa, Chief Rob Burdess, Lieutenant Christopher Wing, and Officer Nathan Winters (collectively, "Defendants") submit this Reply Brief to respond to the new and unanticipated arguments raised in Plaintiff Tayvin Galanakis's ("Galanakis") Brief Resisting Defendants' Motion for Summary Judgment, Doc. 58.

Galanakis's Brief just underscores the propriety of summary judgment on all his claims.

*First*, recognizing summary judgment is appropriate on his claims based on an arrest without probable cause, Galanakis's Brief added new claims asserting the unlawful extension of an otherwise lawful traffic stop without reasonable suspicion. This is improper, and the Court should disregard Galanakis's new claims asserting a stop without reasonable suspicion. Although

1

"the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004); *Maintenance Ents., LLC v. Orascom E&C USA, Inc.*, No. 3:16-CV-00014-SMR-CFB, 2018 WL 11416668, at *4 (S.D. Iowa Aug. 13, 2018). Claims for an arrest without probable cause are distinct from claims for a stop without reasonable suspicion. *See Alabama v. White*, 496 U.S. 325, 330 (1990); *State v. Kooima*, 833 N.W. 2d 202, 206 (Iowa 2013). Here, Galanakis's complaint pled several legal claims *all* based on an alleged violation of his "*Right to be Free from Arrest without Probable Cause.*" *See* Doc. 1-1, at 10–17. None of his claims were based on an alleged violation of his right to be free from a stop without reasonable suspicion. *See id*. So Galanakis's attempt to raise new claims based on a stop without probable cause for the first time in his Brief to avoid summary judgment is plainly improper, and the Court should disregard them. *See N. States Power Co.*, 358 F.3d at 1057.

**Second,** even if Galanakis somehow pled claims asserting an unlawful extension of an otherwise lawful stop without reasonable suspicion—he didn't—the material undisputed facts do not sufficiently support these claims. Law enforcement may extend a lawful stop beyond the time necessary to complete the stop's initial mission "if they develop reasonable suspicion of criminal activity." *United States v. Allen*, 43 F.4th 901, 907 (8th Cir. 2022). To have reasonable suspicion, an officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant further investigation." *Id*. at 907–908. Officer Winters reasonably suspected Galanakis of OWI based on the following material undisputed facts: (1) Galanakis committed a traffic violation under Iowa Code section 321.415, (2) he could not determine which vehicle registration document was expired or current, (3) Galanakis had to ask

for Officer Winters's help to identify his proof of automobile insurance, (4) Galanakis produced an expired proof of automobile insurance, (5) Galanakis took 3 minutes to produce valid registration and proof of insurance, (6) Galanakis had watery and bloodshot eyes, (7) three air fresheners were hanging from his rear-view mirror, and (8) Galanakis was chewing gum.  Doc. 40-2, SOF Nos. 5–13.  Taken together, these circumstances gave Officer Winters reasonable suspicion that Galanakis may be operating his vehicle while intoxicated.

**Third,** Galanakis's Brief made no attempt to demonstrate a violation of a clearly established Fourth Amendment right, making federal qualified immunity on the Fourth Amendment claims against the Defendants in their individual capacities appropriate.  Identifying a clearly established right requires identifying "controlling authority" or "a robust consensus of cases of persuasive authority" that articulate "the legal principle [that] clearly prohibit[s] the officer's conduct in the particular circumstances before him."  *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *District of Columbia v. Wesby*, 583 U.S. 48, 63–64 (2018).  Galanakis made no attempt to do this.  Instead, he summarily stated general legal principles that lack any degree of particularity, like that it is clearly established that an arrest without probable cause and a stop without reasonable suspicion are unconstitutional, which is not at all helpful.  Doc. 58 at 8; *see Ashcroft*, 563 U.S. at 742 ("The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established.").  And when Galanakis actually stated a more particularized principle, like that "minor difficulty in providing documents" is not reasonable suspicion of intoxication, he failed to provide any controlling or persuasive authority to support it.  *See* Doc. 58 at 9; *see Ashcroft*, 563 U.S. at 741 (requiring "controlling authority" or "a robust consensus of cases of persuasive authority"); *Martin v. Turner*, 73 F.4th 1007, 1010 (8th Cir. 2023)

("This generally requires a plaintiff to point to existing circuit precedent that involves sufficiently similar facts to squarely govern the officer's conduct in the specific circumstances at issue.") (internal quotation omitted). Galanakis therefore failed to demonstrate a violation of a clearly established Fourth Amendment right.

**Fourth**, setting aside that damages claims under article I, section 8 of the Iowa Constitution no longer exist, Galanakis made no attempt to demonstrate a violation of a clearly established article I, section 8 right. *See* Doc. 58 at 31. Nor did he attempt to demonstrate a violation of his common law right against false arrest. *See id.* This makes state qualified immunity under Iowa Code section 670.4A plainly appropriate on these claims. *See id.* Qualified immunity under section 670.4A "tracks the qualified immunity doctrine as it exists under federal law." *Dunn v. Doe 1–22*, 4:21-cv-00053-SHL-HCA, 2023 WL 3081611, at *16 (S.D. Iowa April 24, 2023) (internal quotation omitted). And qualified immunity under section 670.4A applies to Galanakis's claims article I, section 8 and false arrest claims. Iowa Code § 670.1(4). Again, rather than provide authority that even arguably shows a violation of a clearly established right, Galanakis simply stated highly general legal principles that are unhelpful to the qualified immunity analysis. *See* Doc. 58 at 31; *Ashcroft*, 563 U.S. at 742. He stated that "[f]reedom from false arrest is clearly established common law" and that "[a]bsent reasonable suspicion or probable cause, Tayvin's detention violated his clearly established right against false arrest." Doc. 58 at 31. Galanakis cannot avoid summary judgment based on qualified immunity by stating such general legal principles. *See Ashcroft*, 563 U.S. at 742.

**Fifth**, in the same way that Galanakis's Brief added a new claim for the unlawful extension of an otherwise lawful stop without reasonable suspicion to avoid summary judgment, his Brief also adds a new *Monell* claim to avoid summary judgment. The Court should disregard this new

*Monell* claim, but even it doesn't, the claim lacks sufficient evidentiary support. *See N. States Power Co.*, 358 F.3d at 1057. Looking at the complaint, Galanakis clearly pled a *Monell* claim based on alleged actions taken by Chief Burdess in his policymaking capacity, not Lieutenant Wing. *See* Doc. 1-1 at 11–14. Now, in an improper attempt to avoid summary judgment, Galanakis adds a new *Monell* claim based on alleged actions taken by Lieutenant Wing. Doc. 54-1 at 15. The Court should disregard this newly added *Monell* claim.

But even if the Court does not ignore Galanakis's new *Monell* claim, Galanakis lacks sufficient evidence to support this claim. There is insufficient evidence that Lieutenant Wing acted with final policymaking authority *at all*, let alone "in the area in which the challenged conduct occurred." *See Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017); *see also* Doc. 58 at 15 (stating "Lt. Wing is a policymaker"). Two things determine whether a particular official serves as the final policymaker in a certain area: state and local positive law or state and local customs having the force of law. *Id*. Galanakis cited no positive law nor any evidence establishing a custom. Doc. 58 at 14–16. He only summarily stated that Lieutenant Wing is a policymaker in the abstract, without establishing whether Lieutenant Wing ever acted as the final policymaker in the area in which his challenged conduct occurred. Doc. 53-2 ¶ 27. Further, a government official, like Lieutenant Wing, does not act in a policymaking capacity simply because they have discretionary or supervisory authority in a particular situation. *See Thompson*, 852 F.3d at 793. Here, there is no evidence that Lieutenant Wing was the final policymaker in a particular area, or that he ever acted in that capacity. Finally, there is insufficient evidence that Lieutenant Wing was deliberately indifferent in supervising Officer Winters, especially in light of the testimony from Galanakis's own witness that Officer Winters properly administered Galanakis's field sobriety tests. Doc. 40-2 ¶¶ 56–57.

Dated: January 17, 2023.

By:   */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Defendants CITY OF NEWTON, IOWA, ROB BURDESS, CHRISTOPHER WING, and NATHAN WINTERS

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, a true copy of Defendants' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

> Matthew M. Boles
> Adam C. Witosky
> GRIBBLE, BOLES, STEWART & WITOSKY LAW
> 2015 Grand Avenue, Suite 200
> Des Moines, Iowa 50312
> mboles@gbswlaw.com
> awitosky@gbswlaw.com
> Counsel for Plaintiff/Counterclaim Defendant

    */s/    Nicholas F. Miller*
    **Nicholas F. Miller, AT0015361**