IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>        Defendants. | CASE NO. 4:23-cv-00044<br><br><br><br>PLAINTIFF/COUNTERCLAIM<br>DEFENDANT'S BRIEF<br>RESISTING COUNTERCLAIM<br>PLAINTIFF'S MOTION FOR<br>SUMMARY JUDGMENT |
| NATHAN WINTERS AND CHRISTOPHER WING,<br>        Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>        Counterclaim Defendant. | *REDACTED* |

   **COMES NOW** the Plaintiff/Counterclaim Defendant and for this Brief Resisting Counterclaim Plaintiff's Motion for Summary Judgment on Counterclaims states:

TABLE OF CONTENTS

INTRODUCTION ........................................................................................................2

STANDARD OF REVIEW ...........................................................................................2

ARGUMENTS ..............................................................................................................2

   A.   Defamation ....................................................................................................2

   B.   False-Light Invasion of Privacy ...................................................................8

CONCLUSION ...........................................................................................................10

## INTRODUCTION

Officer Nathan Winters seeks summary judgment on his counterclaims for Defamation and False Light Invasion of Privacy based on Tayvin Galanakis publicly stating Officer Winters had been convicted of domestic abuse. Tayvin published this statement. Officer Winters has never been charged or convicted of domestic abuse. Tayvin's statement is substantially true as Officer Winters physically abused a former girlfriend. Officer Winters is not entitled to summary judgment.

## STANDARD OF REVIEW

Summary judgment is granted if movants show there is no genuine dispute on material facts entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is genuine if evidence allows a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome. *Flores v. United States*, 689 F.3d 894, 902 (8th Cir. 2012). Tayvin's evidence is believed with all justifiable inferences drawn in his favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014). The Court does not weigh evidence or determine truth. *Id.* at 656. Movant is burdened to show the absence of a genuine issue of material fact. *Carter v. Chrysler Corp.*, 173 F.3d 693, 699 (8th Cir. 1999). Summary judgment is appropriate only if there is no controversy. *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir. 1979).

## ARGUMENTS

**A.  Defamation**

Defamation requires 1) a published statement, 2) that is defamatory, 3) false, 4) malicious, 5) against the concerned party, with 6) a resulting injury. *Bandstra v.*

*Covenant Reformed Church*, 913 N.W.2d 19, 46 (Iowa 2018). Officer Winters asserts the statements that he was convicted of domestic abuse are defamatory.

Officer Winters has not been convicted of domestic abuse. As Officer Winters admits, Tayvin clarified this by publicly stating: "the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend ... *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (Statement of Additional Material Facts [SAMF] ¶2.) The video's webpage contains the statement: "Officer Nathan Winters has a no contacting order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." (SAMF ¶3.)

Officer Winters admits a protective order for relief from domestic abuse has been issued against him and extended by consent. (SAMF ¶14-20.) A layperson's confusion as to the judicial process and the distinction between various court filings does not even amount to negligence, but instead, something understood to happen:

> This same member of the general public, though, would not likely be familiar with the ins and outs of the Iowa Rules of Criminal Procedure. Thus, if two separate case files show up in a records search...this hypothetical member of the public might well conclude that the dismissed domestic abuse assault charge...related to a different incident, not the same incident as to which the defendant entered a guilty plea[.]

*State v. Doe*, 903 N.W.2d 347, 354 (Iowa 2017).

The facts establish Officer Winters physically abused his ex-girlfriend. (SAMF ¶4-12.) Tayvin's statements are "substantially true," providing an "absolute defense."

3

*Hovey v. Iowa State Daily Publication Bd., Inc.*, 372 N.W.2d 253, 256 (Iowa 1985). A statement "'is substantially true if...factually similar to the literal truth, and...differs from the truth by no more than immaterial details'" meaning "'if the statement does not harm the plaintiff's reputation more than would the pleaded truth.'" *Konchar v. Pins*, 989 N.W.2d 150, 161 (Iowa 2023) (*quoting* Meiring de Villiers, *Substantial Truth in Defamation Law*, 32 Am. J. Trial Advoc. 91, 99–100 (2008)).

The Court looks at the "gist or the sting of the defamatory charge" defined as "'the heart of the matter in question – the hurtfulness of the utterance.'" *Behr v. Meredith Corp.*, 414 N.W.2d 339, 342 (Iowa 1987) (*quoting Vachet v. Central Newspapers, Inc.*, 816 F.2d 313, 316 (7th Cir. 1987)). "If the underlying facts as to the gist or sting of the defamatory charge are undisputed, the court may determine substantial truth as a matter of law." *Id.* (*quoting Fendler v. Phoenix Newspapers Inc.*, 636 P.2d 1257, 1262 (Ariz. Ct. App. 1981)).

The sting of Tayvin's statements is the domestic abuse, not whether there was a conviction. *See Walderbach v. Rompot*, No. 22-1245, 2023 WL 3092107 (Iowa Ct. App. Apr. 26, 2023) (admission "to using binoculars to spy on a neighbor approximates the common and historical understandings of what it means to be a 'peeping Tom,' even without admission to prurient purposes.") Officer Winters has offered no denial, no defense, nor any explanation for this abuse. ███████████████████
███████████████████████████████████████████

The Fifth Amendment privilege can be asserted in civil cases. *Cerro Gordo Charity v. Fireman's Fund American Life Ins. Co.*, 819 F.2d 1471, 1480 (8th Cir. 1987).

4

Yet a civil litigant "cannot hide behind a blanket invocation of the Fifth Amendment." *Koester v. American Republic Investments, Inc.*, 11. F.3d 818, 823 (8th Cir. 1993). Courts may respond to a civil invocation "'to prevent unfair and unnecessary prejudice to the other side.'" *First Bank Capital, Inc. v. Agriprocessors, Inc.*, 2010 WL 300630, *7 (N.D. Iowa Jan. 19, 2010) (*quoting Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008)). The Court may strike counterclaims and prevent a party "from offering evidence in support of positions on which he had invoked the Fifth Amendment." *S.E.C. v. Brown*, 579 F.Supp.2d 1228, 1234 (D. Minn. 2008) *aff'd by S.E.C. v. Brown*, 658 F.3d 858 (8th Cir. Oct. 13, 2011).

Officer Winters brought the counterclaims seeking damages for statements alleging he had committed domestic abuse. Falsity is an essential element. He cannot "refuse[ ] to provide discovery as to crucial elements of [his] counterclaim" and invoke the Fifth Amendment to rely on broad conclusory denials. *U.S. v. One Parcel of Real Prop. Commonly Known as 901 N.E. Lakewood Drive, Newport, Or.*, 780 F. Supp. 715, 722 (D. Or. 1991). The Fifth Amendment is a "shield against compulsory self-incrimination" and cannot be used as "a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *U.S. v. Rylander*, 460 U.S. 752, 758 (1983). Summary judgment must be denied as to these claims.

This is not a case of libel per se. Libel per se is available only for a private figure suing on defamatory statements "that do not concern a matter of public importance." *Bierman v. Weier*, 826 N.W.2d 436, 465 (Iowa 2013). "It is speech on

5

'matters of public concern' that is 'at the heart of the First Amendment's protection.'" *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 758-59 (1985) (*quoting First National Bank of Boston v. Bellotti*, 435 U.S. 765, 776 (1978)). This protection "serves the constitutional goal of 'assur[ing] unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" *Bierman*, 826 N.W.2d at 462 (*quoting Dun & Bradstreet*, 472 U.S. at 759). Matters of public concern are "those controversies raising issues that might reasonably be expected to have an impact beyond the parties directly enmeshed in the particular controversy." *Johnson v. Nickerson*, 542 N.W.2d at 511.

When "the subject matter involves the operation of the criminal justice system" it is a matter of public concern. *Id.* "The commission of crime…[is] without question [an] event[ ] of legitimate concern to the public" perhaps most particularly when the crime is committed by a police officer. That Officer Winters of the Newton Police Department has avoided criminal prosecution for domestic abuse while continuing to serve on the force arguably heightens the public concern: "The disclosure of misbehavior by public officials is a matter of public interest and therefore deserves constitutional protection, especially when it concerns the operation of a police department." *Brawner v. City of Richardson, Tex.*, 855 F.2d 187, 191–92 (5th Cir. 1988). *See also Campbell v. Iowa Third Judicial Dist. Dept. of Corr.*, No. C09-4087, 2011 WL 5866244, *29 (N.D. Iowa Nov. 22, 2011) (firing State employee for "speaking as a private citizen about a matter of public concern, domestic abuse victims' safety, would violate…the First Amendment."); *Brady v. Klentzman*, 515 S.W.3d 878, 884
6

(Tex. 2017) (police chief's intimidation of officer issuing ticket to chief's son "is a matter of public concern."); *Sparks v. Thurmond*, 319 S.E.2d 46, 49 (Ga. Ct. App. 1984) ("Since the efficient operation of the police department was a matter of legitimate concern to all citizens…it follows that the hiring practices…were an appropriate subject for public concern and comment[.]").

It is at least as much of a public concern as a bad online review of an attorney. *Puryear Law P.C. v. Fishback*, No. 18-0662, 2019 WL 4309061, *3 (Iowa Ct. App. Sept. 11, 2019). *See also Unelko Corp. v. Rooney*, 912 F.2d 1049, 1056 (9th Cir. 1990) (statement on 60 Minutes that a product "didn't work" involved a matter of public concern, because it "was of general interest and was made available to the general public"); *Neumann v. Liles*, 369 P.3d 1117, 1125 (Or. 2016) (negative review of a wedding planning business posted on Google involved a matter of public concern).

As Tayvin's statements "involve a matter of public concern, a showing of actual malice is necessary…to receive punitive or presumed damages." *Johnson*, 542 N.W.2d 506, 512 (Iowa 1996). This "must be established by clear and convincing proof" of "knowledge of falsity or reckless disregard for the truth." *Id*. This certainly cannot be established as to Tayvin stating Officer Winters committed domestic abuse. Even if the language of "conviction" is considered, Tayvin has attached a truthful clarifying statement to the online video to correct his error. (CITE.)

Nor is Tayvin receiving money from a GoFundMe or YouTube evidence of malice or other element of defamation. The GoFundMe has no connection to the alleged defamation, but rather the fact he "was recently falsely arrested by the

7

[N]ewton police department and...looking to proceed in legal action." (SAMF ¶22.) As actual malice requires knowledge of falsity or reckless disregard at the time of the statement, Tayvin's account eventually reaching the required subscriptions and views to receive ad revenue is not evidence of malice. (SAMF ¶23-¶24.) Despite what Officer Winters suggests, there was only a single publication by Tayvin and that was when the video was first posted: "Any one edition of a book or newspaper, or any one radio or television broadcast, exhibition of a motion picture or *similar aggregate communication* is a single publication." Restatement (Second) of Torts §577A(3) (1977) (August 2023 Update) (emphasis added). As a matter of law, Officer Winters cannot prove actual malice and thus cannot prove libel per se.

Officer Winters cannot prove defamation, either per se or per quod. The substance of the statement is true, there is no proof of malice, and no proof of actual damages. Summary judgment must be denied.

### B. False-Light Invasion of Privacy

Under Iowa law, the theory of false-light invasion of privacy is implicated when a person "gives publicity to a matter concerning another that places the other before the public in a false light...if (1) the false light...would be highly offensive to reasonable person, and (2) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Bierman*, 826 N.W.2d at 465 (*quoting Kiesau*, 686 N.W.2d at 179).

This theory requires Tayvin to have "at the time of [his] statements, harbored any doubts whatsoever as to the veracity of the information in...[his] comments[.]"

*Mills v. Iowa,* 924 F.Supp.2d 1016, 1035 (S.D. Iowa 2013). Tayvin first learned of Officer Winters committing domestic abuse from the woman he abused. (SAMF ¶21.) She messaged Tayvin, informing him of the court order she had obtained. (SAMF ¶21.) Tayvin, a layperson, construed the civil order with a conviction. (SAMF ¶21.) While this was an error, it was neither knowing nor reckless:

> 'Reckless disregard' has been held to mean a 'high degree of awareness of probable falsity.' *Garrison v. Louisiana,* [379 U.S. 64, 74] (1964). It has also been said some suspicion as to the falsity of the statement must be shown to establish 'reckless disregard.' *Time, Inc. v. McLaney,* 406 F.2d 565, 573 (5th Cir.), *Cert. denied* [395 U.S. 922] (1969). 'Serious doubt' as to the truth of the statements published was required in the case of *St. Amant v. Thompson,* [390 U.S. 727, 731] (1968), where the court said:
>
>> '...There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'

*McCarney v. Des Moines Reg. & Trib. Co.,* 239 N.W.2d 152, 156 (Iowa 1976). Between the messages from the woman Officer Winters abused and the publicly available protective order, there was no reason for Tayvin to question the information.

Along these same lines, false-light invasion of privacy "applies only to publicity given to matters concerning the private, as distinguished from the public, life of an individual and '(t)here is no liability when the defendant merely gives further publicity to information about the plaintiff that is already public." *Winegard v. Larsen,* 260 N.W.2d 816, 823 (Iowa 1977). This includes "publicizing matters" contained in court filings, such as that resulting in the issuance of a protective order for relief from domestic abuse against Officer Winters. *Id.*

This claim also fails given the substantial truth of the statements as discussed

9

above. Substantial truth applies to claims of false light invasion in the same way it does to defamation. *Gannon v. Halferty*, No. 18-2030, 2020 WL 1879690, *5 (Iowa Ct. App. 2020) (*citing Wilson v. IBP, Inc.*, 558 N.W.2d 132, 140 (Iowa 1996)). *See also Home Show Tours, Inc. v. Quad City Virtual, Inc.*, 827 F.Supp.2d 924 (S.D. Iowa 2011) (applying substantial truth to defamation and false light claims). Tayvin's statements were substantially true. There is no liability. Summary judgment must be denied.

## CONCLUSION

Tayvin was substantially correct when he stated Officer Winters is a domestic abuser. Officer Winters has chosen to plead the Fifth rather than respond. Truth is the ultimate defense on this issue. It is a matter of public concern for which there is no evidence of actual malice or actual damages. Neither defamation nor false light invasion of privacy can be found. Summary judgment must be denied.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Adam C. Witosky*
Matthew Boles         AT0001037
Adam C. Witosky       AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Fax: (515) 243-3696
Email: mboles@gbswlaw.com
       awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

PROOF OF SERVICE
The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on January 19, 2024. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.
Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

*/s/ Adam C. Witosky*