IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>　　Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>　　Defendants. | CASE NO. 4:23-cv-00044 |
| NATHAN WINTERS AND CHRISTOPHER WING,<br>　　Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>　　Counterclaim Defendant. | PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESPONSE TO COUNTERCLAIM PLAINTIFF'S STATEMENT OF MATERIAL FACTS<br><br>*REDACTED* |

**COMES NOW** the Plaintiff/Counterclaim-Defendant and for this Response to Counterclaim Plaintiff's Statement of Material Facts state:

1. Counterclaim Defendant admits ¶1.

2. Counterclaim Defendant admits ¶2.

3. Counterclaim Defendant denies ¶3. (Winters.Appx. 8 [01:11-01:35, 02:04-02:07, 03:44-03:46, 10:00-12:11, 14:24-17:18, 17:27-19:35, 22:10-22:14, 26:26-29:50][1], 12-17; CCDef.App. 44 [28:6-17], ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, 70-82, 85-86 [13:21-14:6], 87

---

[1] Winters.Appx. 8 is Officer Winters' body camera video as submitted by Defendants with the time reference being to the video's top-right timestamp.

[18:13-19:3].)

4. Counterclaim Defendant qualifies ¶4 by stating Officer Winters administered field sobriety tests, but denies all tests were administered correctly. (Winters.Appx. 12-17; CCDef.App. ███████████████ 70-82, 85-86 [13:21-14:6], 87 [18:13-19:3].)

5. Counterclaim Defendant admits ¶5.

6. Counterclaim Defendant qualifies ¶6 by stating after Tayvin had been cleared of suspicion for operating while intoxicated, Officer Winters wanted to continue bringing charges against him. (CCDef.App. ██████████ 82.)

7. Counterclaim Defendant admits ¶7.

8. Counterclaim Defendant qualifies ¶8 by stating after its posting, Tayvin publicly clarified, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend ... *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6 [¶20], 9 [¶20].)

9. Counterclaim Defendant qualifies ¶9 by stating after its posting, Tayvin publicly clarified, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend ... *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6 [¶20], 9 [¶20].)

10. Counterclaim Defendant qualifies ¶10 by stating after its posting, Tayvin publicly clarified, "[a]lthough the officer may not have been convicted nor any

charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend … *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6 [¶20], 9 [¶20].)

11.  Counterclaim Defendant qualifies ¶11 by stating that on the page accessed when following the link, the enlarged grey text box between the video and the comments includes the clarifying statement, "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." (Winters.Appx. 2 [¶8-9], 7.)

12.  Counterclaim Defendant qualifies ¶12 by stating filed a Petition for Relief from Domestic Abuse against Officer Winters in August 2021, which Officer Winters consented to and consented to extending. (CCDef.App. 33-35, 39-41, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.)

13.  Counterclaim Defendant admits the first sentence of ¶13. Counterclaim Defendant qualifies the second sentence of ¶13 by stating after his original contact with Courtney Van Der Hart, the ex-girlfriend Officer Winter's had physically abused, Tayvin misconstrued the protective order as a conviction. (CCDef.App. 10-11 [¶4-12], 16-28, 45-47 [67:18-71:12, 72:11-74:24].) Counterclaim Defendant further states after its posting, Tayvin publicly clarified, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend … *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6

3

[¶20], 9 [¶20].) Counterclaim Defendant further states when using the link provided by the Counterclaim Plaintiff, the enlarged grey text box between the video and the comments includes the clarifying statement, "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." (Winters.Appx. 2 [¶8-9], 7.)

14.  Counterclaim Defendant qualifies ¶14 by stating after his original contact with Courtney Van Der Hart, the ex-girlfriend Officer Winter's had physically abused, Tayvin misconstrued the protective order as a conviction. (CCDef.App. 10-11 [¶4-12], 16-28, 45-47 [67:18-71:12, 72:11-74:24].) Counterclaim Defendant further states after its posting, Tayvin publicly clarified, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend ... *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6 [¶20], 9 [¶20].) Counterclaim Defendant further states when using the link provided by the Counterclaim Plaintiff, the enlarged grey text box between the video and the comments includes the clarifying statement, "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." (Winters.Appx. 2 [¶8-9], 7.)

15.  Counterclaim Defendant qualifies ¶15 by stating Ms. Van Der Hart contacted Tayvin and told him Officer Winters had abused her and directed him to

her civil action seeking the Protective Order, which he conflated with a conviction. (CCDef.App. 16-21, 45-47 [67:18-71:12, 72:11-74:24].)

16. Counterclaim Defendant qualifies ¶16 by stating Ms. Van Der Hart contacted Tayvin and told him Officer Winters had abused her and directed him to her civil action seeking the Protective Order, which he conflated with a conviction. (CCDef.App. 16-21, 45-47 [67:18-71:12, 72:11-74:24].)

17. Counterclaim Defendant admits ¶17.

18. Counterclaim Defendant admits ¶18.

19. Counterclaim Defendant qualifies ¶19 by stating Tayvin conflated the Protective Order with a conviction. (CCDef.App. 16-21, 45-47 [67:18-71:12, 72:11-74:24].)

20. Counterclaim Defendant qualifies ¶20 by stating Officer Winters committed domestic abuse against Ms. Van Der Hart. (CCDef.App 10-15, 22-28, ███████████████████████████████████████████████████████████ ████.)

21. Counterclaim Defendant admits ¶21.

22. Counterclaim Defendant admits ¶22.

23. Counterclaim Defendant admits ¶23.

24. Counterclaim Defendant admits ¶24.

25. Counterclaim Defendant admits ¶25.

26. Counterclaim Defendant admits ¶26.

27. Counterclaim Defendant admits ¶27.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY:     */s/ Adam C. Witosky*
Matthew Boles          AT0001037
Adam C. Witosky      AT0010436
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
Telephone: (515) 235-0551
Fax: (515) 243-3696
Email: mboles@gbswlaw.com
         awitosky@gbswlaw.com
**ATTORNEYS FOR PLAINTIFF**

<u>PROOF OF SERVICE</u>

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on January 19, 2024. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

*/s/ Adam C. Witosky*