UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**COUNTERCLAIM PLAINTIFFS NATHAN WINTERS AND CHRISTOPHER WING'S BRIEF RESISTING PLAINTIFF TAYVIN GALANAKIS'S MOTION FOR SUMMARY JUDGMENT**<br><br>**FILED UNDER SEAL**<br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Local Rule 56.b.1., Counterclaim Plaintiffs Officer Nathan Winters and Lieutenant Christopher Wing (collectively, "Defendants") submit this Brief resisting Plaintiff Tayvin Galanakis's ("Galanakis") Motion for Summary Judgment, Doc. 44.

**TABLE OF CONTENTS**

## I. INTRODUCTION

Summary Judgment on the counterclaims for defamation and false light invasion of privacy is completely inappropriate. Galanakis argues the public statements on which these claims are based are either true or not about the Counterclaimants. Doc. 44-1 at 2. But this argument neglects the evidence showing just the opposite, i.e., that Galanakis's statements are false and directed at the Counterclaimants.

Officer Winters's defamation and false light claims are based on three general statements: (1) that he was convicted of domestic abuse, (2) that he "beat" his ex-girlfriend, and (3) that he is mentally and physically unfit to be a police officer. Lieutenant Wing's claims are based on one statement that Officer Winter's "boss" allowed Officer Winters to carry a firearm after beating up a woman. Despite Galanakis's argument that all these statements are true and that the statement about Lieutenant Wing was not about him, the evidence proves otherwise, making summary judgment inappropriate.

First, it is hard to understand how Galanakis can continue to argue that his statement that Officer Winters was convicted of domestic abuse is true when there is no genuine dispute it is verifiably false. It is even harder to understand why Galanakis continues to make this false statement to millions of people every day on YouTube. Second, there is insufficient evidence to substantiate Galanakis's statements that Officer Winters "beat" anyone, and Officer Winters denies that assertion entirely. Finally, Galanakis testified that his statement that Officer Winters's "boss" let him carry a firearm after beating someone may have been directed at Lieutenant Wing.

In light of all this, Galanakis cannot show that he is entitled to summary judgment on any of the counterclaims.

## II.  SUMMARY OF BACKGROUND FACTS

The Counterclaimants incorporate the facts included in their Statement of Additional Undisputed Material Facts and provide the following summary of the background facts.

Officer Winters is a Newton Police Department officer, and on August 28, 2022, at about 12:13 a.m., he stopped Galanakis for driving his vehicle with the bright lights on. Statement of Additional Fact ("SOAF") Nos. 1–2. During the stop, Officer Winters suspected Galanakis of operating his vehicle while intoxicated ("OWI") in violation of Iowa Code section 321J.2. SOAF No. 3. And after several field sobriety tests, Officer Winters arrested Galanakis for OWI. SOAF Nos. 4–5. Galanakis was ultimately released and not charged with OWI or any other offense. SOAF No. 6.

**Galanakis's False Statements About Officer Winters**

On September 9, 2022, Galanakis posted a publicly viewable video under his account on the public video-sharing website called "YouTube" depicting the following written statements:

(1)   "NATHAN WINETRS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMETIC ABUSE AFTER BEATING UP HIS EX GIRLFRIEND;" and

(2)   NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."

SOAF No. 7. Galanakis created the YouTube video and wrote these statement into the video. SOAF No. 8. However, Officer Winters has never been charged with or convicted of domestic abuse. SOAF Nos. 12–13.  Nor did he "beat" anyone, including any person

3

with whom he has had a romantic relationship. SOAF Nos. 12–15. Resp. to Galanakis SOF Nos. 9–17.

Galanakis's YouTube video has been viewed approximately 2 million times, and approximately 18,341 individuals have commented on the video. SOAF Nos. 9–10.

Galanakis based these false statements on two things: (1) an online message he received from a person whose name he cannot remember and who identified themself as Officer Winters's ex-girlfriend; (2) his review of only part of a document he located on Iowa Courts Online's website. SOAF Nos. 19–24. Galanakis never met the person that messaged him in person, and Galanakis cannot remember what they told him. SOAF Nos. 19–21. But in any case, they never told Galanakis that Officer Winters was convicted of a crime. SOAF No. 20. Similarly, the document that Galanakis reviewed on Iowa Courts Online's website also never stated that Officer Winters was convicted of a crime. SOAF Nos. 22–23. So Galanakis had no basis to falsely claim that Officer Winters was convicted of domestic abuse or that Officer Winters beat anyone. SOF Nos. 19–24.

Previously, on August 29, 2022, Galanakis made other false statements about Officer Winters, this time on Facebook. SOAF Nos. 33–36. He stated that Officer Winters is "on the slow side of the spectrum" and that Officer Winters is "not fit mentally for the job and physically." *Id*. Yet, it is perfectly clear from Galanakis's deposition testimony that he had no reasonable basis whatever to make these statements to all his followers on Facebook. SOAF No. 36. In fact, when asked, Galanakis testified that he knew nothing about Officer Winters's mental or physical fitness. SOAF No. 36.

### Galanakis's False Statement About Lieutenant Wing

Also on August 29, 2022, Galanakis made a false statement about Lieutenant Wing on Facebook. SOAF Nos. 37–39. He stated that Officer Winters's "boss" was "allowing [Officer Winters] to walk around with a gun after beating up a woman." SOAF No. 37. Although earlier in this case Galanakis urged the Court to believe this statement referred to the Newton Police Chief, Galanakis has since testified that he might have been talking about Lieutenant Wing. Doc. 16 at 19 ("Galanakis claims he was referring to the Newton Police Chief, not Wing."); SOAF No. 38. Specifically, at his deposition, Galanakis testified that he "was either talking about Wing, a lieutenant, or the chief." *Id*.

### Galanakis is Profiting from His False Statements

Shortly after posting the YouTube video, Galanakis created a GoFundMe fundraiser on GoFundMe.com that solicited online donations to pay for Galanakis's prospective attorney fees in connection with a lawsuit he wanted to file against Officer Winters for arresting him for OWI. SOAF Nos. 25–29. Galanakis ultimately raised at least $2,768.00 in donations. SOAF No.26. However, Galanakis did not use the donated money for attorney fees and instead spent about $1,768 on personal expenses and discretionary purchases. SOAF Nos. 26–28. About $1,000 in GoFundMe donations is in Galanakis's personal bank account. SOAF No. 29.

In addition to the GoFundMe money, Galanakis also received at least $2,000 in ad revenue from the YouTube video he posted depicting the false statements about Officer Winters. SOAF No. 30. This ad revenue was based on the number of times people viewed Galanakis's YouTube video, i.e., the more views the more ad revenue. SOAF No 31.

Galanakis also attempted to sell apparel to make even more money from his false statements and interaction with Officer Winters on August 28, 2022. SOAF No. 32.

Galanakis eventually sued Officer Winters and Lieutenant Wing claiming they wrongfully arrested Galanakis, and they counterclaimed for defamation and false light invasion of privacy under Iowa law. Docs. 1-1 & 23. Galanakis now moves for summary judgment on the counterclaims. As discussed below, however, summary judgment on the counterclaims is plainly inappropriate.

### III. STANDARD OF REVIEW

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Cottrell v. Am. Family Mut. Ins. Co.*, 930 F.3d 969, 971 (8th Cir. 2019) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

A fact is material if it "affect[s] the outcome of a lawsuit under applicable substantive law." *Id*. at 972. And a "material fact dispute is 'genuine' if each party has supplied some evidence that is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*.

### IV. ARGUMENT

Based on the evidence, the Court must deny Galanakis's misguided Motion for Summary Judgment on the counterclaims in this action.

First, Officer Winters's counterclaims for defamation and false light invasion of privacy are based on three general statements by Galanakis on YouTube and Facebook: (1)

6

that he was convicted of domestic abuse, (2) that he "beat" his ex-girlfriend, and (3) that he is mentally and physically unfit to be a police officer. Galanakis seeks summary judgment on Officer Winters's counterclaims on the grounds that these statements are "substantially true," but the evidence shows the first statement is verifiably false and that there is at least a genuine dispute as to the truth of the other statements. Doc. 44-1 at 2. This makes summary judgment on Officer Winters's counterclaims improper.

Second, Lieutenant Wing's counterclaims for defamation and false light invasion of privacy are based one statement by Galanakis on Facebook that Officer Winters's "boss" allowed Officer Winters to carry a firearm after beating up a woman. Galanakis seeks summary judgment on Lieutenant Wing's counterclaims on the grounds that this statement is true and not directed at Lieutenant Wing. However, as noted above, there is at least a genuine dispute as to the truth of this statement, and Galanakis testified that he might have directed the statement at Lieutenant Wing. Summary judgment on Lieutenant Wing's counterclaims is therefore improper.

### A. Summary Judgment is Improper on Officer Winters's Counterclaims

The Court must deny summary judgment on Officer Winters's counterclaims for defamation and false light invasion of privacy. Because these claims are based on the same public statements by Galanakis, Officer Winters will analyze them together.

To prove defamation, "a plaintiff must show the defendant (1) published a statement that was (2) defamatory (3) of and concerning the plaintiff." *Taggart v. Drake Univ.*, 549 N.W.2d 796, 802 (Iowa 1996). Further, "[d]efamation generally comes in two types: libel and slander." *Hoffman v. Clark*, 975 N.W.2d 656, 664 (Iowa 2022). "Libel is a defamatory statement expressed in writing or some other fixed medium." *Id*. And it also "comes in two types: libel per quod and libel per se." *Id*. "Libel per se . . . refers to statements 'of such a nature, whether true or not, that

the court can presume as a matter of law that their publication will have libelous effect." *Id*. (quoting *Vinson v. Linn-Mar Cmty. Sch. Dist.*, 360 N.W.2d 108, 116 (Iowa 1984). These are statements that "have an obvious defamatory character" and "a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse." *Id*. (cleaned up).

To prove false light invasion of privacy, a plaintiff must prove three elements: (1) the defendant gave publicity to a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light would be highly offensive to a reasonable person, and (3) the defendant had knowledge of and acted with reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff was placed. *Mills v. Iowa*, 924 F. Supp. 2d 1016, 1035 (S.D. Iowa 2013).

First, with respect to Galanakis's statement that Officer Winters was convicted of domestic abuse, Galanakis argues summary judgment is appropriate because this statement is substantially true. Doc. 44-1 at 2, 4–5. At this point, it is frivolous for Galanakis to continue pressing this argument and malicious for Galanakis to continue insisting there is truth to this statement. The evidence proves that Officer Winters has never been charged or convicted of domestic abuse. SOAF Nos. 12–13; *see also* Doc. 44-1 at 4–5 ("It is true Officer Winters has not been convicted of domestic abuse."). Yet, for some reason, Galanakis continues to argue that his false statement that Officer Winters was convicted of domestic abuse has some truth to it when it simply does not. Truth is in no way grounds for summary judgment on Officer Winters's counterclaims based on the false statement that he was convicted of domestic abuse.

Although Galanakis attempts to say he "clarified" his false statement with a retweet, the fact that Galanakis's YouTube video is still posted completely undercuts this argument. SOAF

No. 11; Doc. 44-1 at 5. How can Galanakis claim to have "clarified" anything when he still publishes his YouTube video containing the admittedly false statement every day to millions of people? *Id*. He can't. And he can't seriously seek summary judgment in light of this undisputed fact.

Galanakis also argues he should get summary judgment on Officer Winter's false light claim based on the false statement that he was convicted of domestic abuse because Galanakis reasonably misunderstood the meaning of a civil protective order. Doc. 44-1 at 12. Again, it is frivolous for Galanakis to continue pressing the argument that his claimed misunderstanding of a civil protective order somehow excused his false statement when Galanakis's YouTube video containing the false statement is still posted every day. SOAF No. 11. Even assuming Galanakis truly misunderstood the civil protective order when he first made the false statement that Officer Winters is convicted of domestic abuse, this does not help the fact that Galanakis now knows that this statement is false yet continues to perpetuate it on YouTube. *Id*. So again, the civil protective order cannot save Galanakis from liability for defamation and false light invasion of privacy for falsely claiming Officer Winters was convicted of a crime. Nor can he seriously seek summary judgment in his favor.

Next, with respect to Galanakis's statements that Officer Winters "beat" his ex-girlfriend, Galanakis argues summary judgment is appropriate because these statements are undisputedly true. However, a review of the evidence plainly shows a genuine dispute as to this fact, preventing summary judgment. SOAF Nos. 12–15; *see* Fed. R. Civ. P. 56(a).

Galanakis attempts to argue that Officer Winters improperly asserted his Fifth Amendment rights in response to certain interrogatories and deposition questions to make it harder for Galanakis to find out the truth as to his statement that Officer Winters "beat" his ex-girlfriend.

However, Officer Winters has produced internal investigation reports and other information regarding the false allegations of assault against him. And the interrogatories and deposition questions to which Officer Winters asserted his Fifth Amendment rights lacked any degree of specificity as to time and other details that would allow Officer Winters to answer. Resp. to Galanakis SOF No. 18. So asserting his Fifth Amendment rights was proper and had no unfair impact on Galanakis.

Finally, with respect to Galanakis's statements that Officer Winters was on the slow side of the spectrum and mentally and physically unfit to be a police officer, Galanakis argues summary judgment is proper because these statements are opinions and rhetorical hyperbole, not statements of fact. Galanakis's deposition testimony shows otherwise. As the Court has already recognized, the "Iowa Supreme Court has held that statements about someone's capacity or fitness to perform a job are capable of defamatory meaning." Doc. 16 at 15–16. And rather than testify that his statements about Officer Winters's mental and physical capacity to perform his job were hyperbole, Galanakis doubled down on them. SOAF No. 36. That is, he truly meant them. *Id.* But he had no reasonable basis for making them. *Id*. Specifically, Galanakis testified that he truly believed Officer Winters was not physically fit because Officer Winters's shirt was tight and that he was not mentally fit because Officer Winters has had concussions. SOAF No. 36. Yet, Galanakis testified that he was actually unaware of Officer Winters's mental and physical fitness to perform his job. *Id*. This deposition testimony shows Galanakis's statements about Officer Winters's mental and physical capacities are valid bases for Officer Winters's counterclaims for defamation and false light. The Court should therefore deny summary judgment on these claims.

## B. Summary Judgment is Improper on Lieutenant Wing's Counterclaims

The Court should also deny summary judgment on Lieutenant Wing's counterclaims for

defamation and false light invasion of privacy based on Galanakis's false statement that Officer Winters's "boss" allowed Officer Winters to carry a firearm after beating up a woman.

Galanakis first argues that summary judgment is proper because there is no evidence that Galanakis directed this statement at Lieutenant Wing. Doc. 44-1 at ("For this to mean Officer Wing required a tortured reading."). This argument neglects the evidence because Galanakis testified that he was potentially talking about Lieutenant Wing when he said Officer Winters's "boss" let Officer Winters carry a firearm after beating a woman. SOAF No. 38. Specifically, Galanakis testified that he "was either talking about Wing, a lieutenant, or the chief." *Id*. So there is a genuine dispute of fact as to whether Galanakis directed his false statement at Lieutenant Wing, which prevents summary judgment.

Galanakis next argues that his statement about Officer Winters's "boss" is true. However, the evidence shows a genuine dispute as to this fact. Officer Winters denies that he ever "beat" or otherwise abused anyone. SOAF Nos. 12–15. Also, as Galanakis recognizes, Lieutenant Wing had no authority over Officer Winters's ability to carry a firearm, either at work or outside of work. *See* Doc. 44-1 at 11. This, coupled with Galanakis's testimony that he was potentially talking about Lieutenant Wing when he said Officer Winters's "boss" let Officer Winters carry a firearm after beating a woman, prevents summary judgment on Lieutenant Wing's defamation claim. *See* Fed. R. Civ. P. 56(a).

Finally, Galanakis argues summary judgment on Lieutenant Wing's false light claim is proper because Galanakis's statement potentially about him involved public, rather than private, information. Doc. 44-1 at 13. This argument is misguided. While Lieutenant Wing may be a somewhat public figure as a lieutenant police officer, whether Lieutenant Wing knew about any abuse allegations against Officer Winters, whether Lieutenant Wing had authority over Officer

Winters's ability to carry a firearm, and whether Officer Winters was involved in a domestic dispute were not public information. And Galanakis has provided no evidence suggesting otherwise. He only points to a civil protective order, but that civil protective order did not publicize anything about the statement that Officer Winters's "boss" allowed Officer Winters to carry a firearm after beating someone. Galanakis's motion for summary judgment in this regard is therefore misguided.

## V.  CONCLUSION

For these reasons, the Court should deny Galanakis's Motion for Summary Judgment, Doc. 44.

Dated: January 18, 2024.

By:   */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Defendants CITY OF NEWTON, IOWA, ROB BURDESS, CHRISTOPHER WING, and NATHAN WINTERS

## CERTIFICATE OF SERVICE

      I hereby certify that on January 18, 2024, a true copy of Defendants' BRIEF RESISTING PLAINTIFF TAYVIN GALANAKIS'S MOTION FOR SUMMARY JUDGMENT was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

      Matthew M. Boles
      Adam C. Witosky
      GRIBBLE, BOLES, STEWART &
      WITOSKY LAW
      2015 Grand Avenue, Suite 200
      Des Moines, Iowa 50312
      mboles@gbswlaw.com
      awitosky@gbswlaw.com
      Counsel for Plaintiff/Counterclaim Defendant

                              */s/    Nicholas F. Miller*
                                  **Nicholas F. Miller, AT0015361**