UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>　　　Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>　　　Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>　　　Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>　　　Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**COUNTERCLAIMANTS NATHAN WINTERS AND CHRISTOPHER WING'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS**<br><br>**FILED UNDER SEAL**<br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.b.3., Counterclaim Plaintiffs Officer Nathan Winters ("Officer Winters") and Lieutenant Christopher Wing ("Lieutenant Wing") (together, "Counterclaimants") submit Statement of Additional Undisputed Material Facts in resistance to Plaintiff Tayvin Galanakis's ("Galanakis") Motion for Summary Judgment, Doc. 44.

**STATEMENT OF ADDITIONAL MATERIAL FACTS**

**Officer Winters**

1.　Nathan Winters was a police officer with the Newton Police Department on August 28, 2022, and he is still in that position. Doc. 1-1 ¶ 4, Doc. 23 ¶ 4; Counterclaimants Appx. 15 ¶

1

1.

**Officer Winters Stopped Galanakis**

2. On August 28, 2022, at approximately 12:13 a.m., Officer Winters was on active duty patrol in a Newton Police Department vehicle with Lieutenant Christopher Wing when Winters stopped Plaintiff Tayvin Galanakis ("Galanakis") for operating his vehicle with the bright lights on in violation of Iowa Code section 321.415. Counterclaimants Appx. 10, 15–16 ¶¶ 2–3.

3. During the stop, Officer Winters suspected Galanakis of operating his vehicle while intoxicated ("OWI") in violation of Iowa Code section 321J.2. Counterclaimants Appx. Counterclaimants Appx. 10, 15–16 ¶¶ 2–3.

4. Officer Winters had Galanakis perform several field sobriety tests. Counterclaimants Appx. Counterclaimants Appx. 10, 15–16 ¶¶ 2–3.

5. After Galanakis completed the field sobriety tests administered by Officer Winters, Officer Winters arrested Galanakis for OWI in violation of Iowa Code section 321J.2. Counterclaimants Appx. Counterclaimants Appx. 10, 15–16 ¶¶ 2–3.

**Galanakis Was Released Without Charges**

6. Galanakis was ultimately released and not charged with OWI in violation of Iowa Code section 321J.2 or any other offense. Doc. 23 ¶ 8; Doc. 32 ¶ 8.

**On YouTube, Galanakis Falsely Stated Officer Winters was "Convicted of Domestic Abuse," that he "Beat Up" His Ex-Girlfriend, and that He "Beat the Shit Out His Girlfriend"**

7. On September 9, 2022, Galanakis posted a publicly viewable video under his account on the public video-sharing website called "YouTube" depicting the following two written statements:

(1) "NATHAN WINETRS OF THE NEWTON POLICE DEPARTMENT

        CONVICTED OF DOMETIC ABUSE AFTER BEATING UP HIS EX GIRLFRIEND;" and

(2)    "NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."

Doc. 23 ¶¶ 12.a. & 12.b..; Doc. 32 ¶¶ 12.a. & 12.b..; Counterclaimants Appx. 1–2 ¶¶ 2–4; Counterclaimants Appx. 4 at 38:24; Counterclaimants Appx. 5–6, 21–28.

8.    Galanakis personally wrote the following statements that are depicted in the video Galanakis posted to YouTube on September 9, 2022:

(1)    "NATHAN WINETRS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMETIC ABUSE AFTER BEATING UP HIS EX GIRLFRIEND;"

(2)    "NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."

Doc. 23 ¶ 12.a.; Doc. 32 ¶ 12.a.; Counterclaimants Appx. 1–2 ¶¶ 2–4; Counterclaimants Appx. 4 at 38:24; Counterclaimants Appx. 5–6, 21–28.

9.    The video that Galanakis posted to YouTube on September 9, 2022, depicting the statements in paragraphs 7 and 8 above has been viewed approximately 2 million times. Counterclaimants Appx. 5–6.

10.    Approximately 18,341 individuals have commented on the video that Galanakis posted to YouTube on September 9, 2022, depicting the statements in paragraphs 7 and 8 above. Counterclaimants Appx. 5–6

11.    The video that Galanakis posted to YouTube on September 9, 2022, depicting the statements in paragraphs 7 and 8 above is currently accessible and viewable at https://www.youtube.com/watch?v=so_bFYoIsow. Counterclaimants Appx. Counterclaimants Appx. 5–6, 16 ¶ 4.

12. Officer Winters has never been charged with domestic abuse. Doc. 23 ¶ 13; Doc. 32 ¶ 13; Counterclaimants Appx. 16 ¶ 5

13. Officer Winters has never been convicted of domestic abuse. Doc. 23 ¶ 13; Doc. 32 ¶ 13; Counterclaimants Appx. 16 ¶ 5, 25–26.

14. Galanakis knows Officer Winters has never been convicted of domestic abuse. Counterclaimants Appx. 25–26.

15. Officer Winters has never physically abused any person with whom he has had a romantic relationship, including the person that he called his girlfriend in 2020 and 2021. Counterclaimants Appx. 16 ¶ 6.

16. Galanakis's statement that Officer Winters was "convicted of domestic abuse" was false. Doc. 23 ¶ 13; Doc. 32 ¶ 13; Counterclaimants Appx. 16 ¶ 5.

17. Galanakis's statement that Officer Winters "beat[ ] up his ex-girlfriend" is also false. Counterclaimants Appx. 16–17 ¶¶ 5–13.

18. Galanakis's statement that Officer Winters "beat the shit out his girlfriend" is also false. Counterclaimants Appx. 16–17 ¶¶ 5–13.

19. Galanakis's false statements that Officer Winters was convicted of domestic abuse, was based on an online conversation he had with a person whose name he does not remember but who identified themself as Officer Winters's ex-girlfriend. Counterclaimants Appx. 21–28.

20. Galanakis does not remember what the person who identified themself as Officer Winter's ex-girlfriend told him during their online conversation, but that person never told Galanakis that Officer Winters was convicted of a crime, including domestic abuse. Counterclaimants Appx. 24–28.

21. Galanakis never met the person who identified themself as Officer Winter's ex-

4

girlfriend in person.  Winters Appx. 27–28.  Counterclaimants Appx. 24–28.

22. Galanakis's false statement that Officer Winters was convicted of domestic abuse was also based on his review of only part of a document he located on Iowa Courts Online's website.  Counterclaimants Appx. 25–28.

23. The document that Galanakis reviewed on Iowa Courts Online's website did not represent that Officer Winters had been convicted or charged with domestic abuse.  Winters Appx. 25–31.  Counterclaimants Appx. 25–28.

24. So neither of the two bases for Galanakis's statement that Officer Winters was convicted of domestic abuse supported Galanakis's statement.  Counterclaimants Appx. 23–28.

**Galanakis Profited From His YouTube Video Defaming Officer Winters**

25. Around the time Galanakis posted the YouTube video depicting the statements in paragraphs 7 and 8 above on September 9, 2022, Galanakis created a GoFundMe fundraiser on GoFundMe.com that solicited online donations to pay for Galanakis's prospective attorney fees in connection with a lawsuit he wanted to file against Officer Winters and others for Officer Winters's decision to arrest Galanakis for OWI.  Counterclaimants Appx. 50–56, 64.

26. Through his GoFundMe fundraiser, Galanakis received at least $2,768.00 in donations.  Counterclaimants Appx. 50–56, 64.

27. Galanakis did not spend any of the donated money he received through GoFundMe on attorney fees.  Counterclaimants Appx. 52–54.

28. Galanakis spent approximately $1,768.00 of the donated money he received through GoFundMe on personal expenses and discretionary purchases.  Counterclaimants Appx. 52–54.

29. Approximately $1,000.00 of the donated money Galanakis received through

GoFundMe is in his personal bank account. Counterclaimants Appx. 53.

30. Galanakis also received at least $2,000.00 in ad revenue from the YouTube video he posted on September 9, 2022, depicting the statements in paragraphs 7 and 8 above. Counterclaimants Appx. 56–58.

31. Galanakis received ad revenue based on the number of times the YouTube video he posted on September 9, 2022, depicting the statements in paragraphs 7 and 8 above was viewed. Counterclaimants Appx. 56–58.

32. Galanakis also attempted to sell apparel to make money from his interaction with Officer Winters on August 28, 2022. Counterclaimants Appx. 62.

**On Facebook, Galanakis Falsely Stated that Officer Winters was "On the Slow Side of the Spectrum" and that He was "Not Fit Mentally for the Job and Physically"**

33. On August 29, 2022, Galanakis posted a publicly viewable post on the social media website "Facebook" in which he stated Officer Winters "is on the slow side of the spectrum." Doc. 23 ¶ 12.c.; Doc. 12.c.; Counterclaimants Appx. 29–36, 59.

34. Galanakis's statement that Officer Winters "is on the slow side of the spectrum" is false, and Galanakis had no reasonable basis to make that statement. Counterclaimants Appx. 29–36, 59.

35. Also on August 29, 2022, Galanakis posted a publicly viewable post on the social media website "Facebook" in which he stated that "Officer Winters is not fit mentally for the job and physically." Doc. 23 ¶ 12.d.; Doc. 32 ¶ 12.d.; Counterclaimants Appx. 36–40.

36. Galanakis's statement that "Officer Winters is not fit mentally for the job and physically" is false, and Galanakis had no reasonable basis to make that statement. Counterclaimants Appx. 36–40.

### On Facebook, Galanakis Falsely Stated that Lieutenant Wing "Allow[ed] [Officer Winters] to Walk Around With a Gun After Beating Up a Woman"

37. On August 29, 2022, Galanakis posted a publicly viewable comment on the social media website "Facebook" in which he stated that Officer Winters's "boss needs to make a statement. He's the one allowing [Officer Winters] to walk around with a gun after beating up a woman."  Doc. 23 ¶ 35.a.; Doc. 32 ¶ 35.a.; Counterclaimants Appx. 40–44; 61.

38. Galanakis testified that he could have been referring to Lieutenant Wing when Galanakis stated Officer Winters's "boss needs to make a statement. He's the one allowing [Officer Winters] to walk around with a gun after beating up a woman."  Counterclaimants Appx. 43

39. Galanakis's statement that Lieutenant Wing allowed Officer Winters "to walk around with a gun after beating up a woman" is false, and Galanakis had no reasonable basis to make the statement and assert it was true.  Counterclaimants Appx. 40–44.

### Galanakis Did Not Identify Courtney Van Der Hart Until Discovery Was Nearly Over

40. Galanakis did not identify Courtney Van Der Hart as a potential witness in this case until October 19, 2023, less than a month before discovery closed.  Counterclaimants Appx. 90–96.

Dated: January 18, 2024.

By:   */s/ Nicholas F. Miller*
    Matthew S. Brick, AT0001081
    Erin M. Clanton, AT0002592
    Douglas A. Fulton, AT0002672
    Nicholas F. Miller, AT0015361
    **BRICK GENTRY, P.C.**
    6701 Westown Parkway, Suite 100
    West Des Moines, IA 50266
    T: (515) 274-1450
    F: (515) 274-1488
    matt.brick@brickgentrylaw.com
    erin.clanton@brickgentrylaw.com
    doug.fulton@brickgentrylaw.com

nick.miller@brickgentrylaw.com

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER WING

## CERTIFICATE OF SERVICE

    I hereby certify that on January 18, 2023, a true copy of COUNTERCLAIMANTS STATEMENT OF ADDITIONAL MATERIAL FACTS was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART & WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff/Counterclaim Defendant

*/s/     Nicholas F. Miller*
**Nicholas F. Miller, AT0015361**