IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>        Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>        Defendants. | CASE NO. 4:23-cv-00044<br><br><br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANT'S REPLY TO RESISTANCE TO MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS**<br><br>***REDACTED*** |
| **NATHAN WINTERS AND CHRISTOPHER WING,**<br>        Counterclaim Plaintiffs,<br><br>v.<br><br>**TAYVIN GALANAKIS,**<br>        Counterclaim Defendant. | |

**COMES NOW** the Plaintiff/Counterclaim Defendant and for this Reply to Motion to Resistance to Motion for Summary Judgment on Counterclaims states:

TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 2

ARGUMENT ........................................................................................................................ 2

   A. Officer Winters Cannot Be Permitted to Rely on a Self-Serving Affidavit after Asserting Fifth Amendment Protections During Discovery ........................................................................................................ 2

   B. Appendix Documents are Sufficiently Authenticated .......................... 5

CONCLUSION ..................................................................................................................... 7

**INTRODUCTION**

During discovery, Newton Police Officer Nathan Winters was asked about the

domestic abuse underlying his ex-girlfriend's Petition for Relief from Domestic Abuse. In response, he asserted the Fifth Amendment Privilege against self-incrimination at the advice of counsel. With discovery closed and facing summary judgment, Officer Winters has now produced a self-serving affidavit denying his actions. This affidavit must be struck and summary judgment granted in Tayvin's favor.

**Argument**

**A. Officer Winters Cannot Be Permitted to Rely on a Self-Serving Affidavit after Asserting Fifth Amendment Protections During Discovery**

Officer Winters "cannot hide behind a blanket invocation of the Fifth Amendment." *Koester v. American Republic Investments, Inc.*, 11. F.3d 818, 823 (8th Cir. 1993). While a witness can decline to answer questions under the Fifth Amendment, it is not a substitute for evidence. *U.S. v. Rylander*, 460 U.S. 752, 758 (1983). The Fifth Amendment is a shield, not "a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his." *Id*. This Court must "fashion a response to a party's invocation of the Fifth that is no more harsh than necessary to prevent unfair and unnecessary prejudice to the other side." *S.E.C. v. Brown*, 579 F.Supp.2d 1228, 1234 (D. Minn. 2008) *aff'd by S.E.C. v. Brown*, 658 F.3d 858 (8th Cir. Oct. 13, 2011).

Officer Winters claims producing his unsworn statements in an investigation conducted by his own police department, ending in his favor because the investigating Lieutenant believes victims require corroboration, is sufficient.. This is false.

Where a party asserted affirmative defenses and a counterclaim in response to a civil forfeiture, these were struck because the court could "find no lesser sanction

2

which would preserve the government's right to discovery and cross-examination." *U.S. v. One Parcel of Real Prop. Commonly Known as 901 N.E. Lakewood Drive, Newport, Or.*, 780 F. Supp. 715, 722 (D. Or. 1991). It recognized she "did answer some questions regarding her…affirmative defense…and her counterclaim[,]" including testifying she was "promised that nothing would happen to her if she cooperated and was truthful" in an interview, "…that she was cooperative and truthful, and…took their promise to mean that nothing adverse would happen[.]" *Id*. She then asserted the Fifth Amendment "in response to questions regarding her specific statements during the interview[,] …questions regarding her discussion of the interview [and] refused to answer questions regarding the accuracy of the statements reportedly made by" alleged co-conspirators. *Id*. By refusing to answer questions "which could reflect on her credibility and the accuracy of the information which she provided[,]" the court found she "refused to provide discovery as to crucial elements of her counterclaim and sixth affirmative defense." *Id*. Noting it was a harsh remedy, the court stated:

> The purpose of cross-examination is to test the credibility of the witness and the truthfulness of her earlier testimony. …Striking all of the testimony of a witness may be the only appropriate remedy when refusal to answer the questions of the cross-examiner frustrates the purpose of the process.

*Id*. The court alternatively held:

> …the testimony regarding the basis for her counterclaim and estoppel defense should be disregarded due to her refusal to answer the government's questions regarding essential elements of the counterclaim and defense. Thus, Bailey has failed to present evidence which could meet her burden of proof, and summary judgment…is appropriate.

*Id.* at n.1.

Officer Winters cannot rely on a self-serving affidavit after refusing to answer related questions. *See U.S. v. 15 Black Ledge Drive*, 897 F.2d 97, 102–03 (2nd Cir. 1990) (striking testimony and granting summary judgment where claimant submitted a conclusory affidavit but asserted the Fifth Amendment when asked related questions in deposition). This Court has "ample authority to strike the affidavit once [Officer Winters] shielded his account of the 'facts' from scrutiny by invoking the fifth amendment[.]" *U.S. v. Parcels of Land*, 903 F.2d 36, 44 (1st Cir. 1990). As one court put it:

> Defendant has, however, chosen the tactic of seeking to bar plaintiff's access to the evidence. At least to the extent of pleading the Fifth Amendment, that is his right. But, in a civil case, he cannot have it both ways. By hiding behind the protection of the Fifth Amendment as to his contentions, he gives up the right to prove them. By his initial obstruction of discovery and his subsequent assertion of the privilege, defendant has forfeited the right to offer evidence disputing the plaintiff's evidence or supporting his own denials.

*S.E.C. v. Benson*, 657 F.Supp. 1122, 1129 (S.D. NY 1987). This is the situation here. By using the Fifth Amendment to shield himself from questions, Officer Winters forfeited his right to a self-serving affidavit.

## B. Appendix Documents are Sufficiently Authenticated

It is asserted Tayvin must be denied summary judgment because certain documents cannot be considered as they were not authenticated. This is inaccurate.

Appendix pages 21 to 26 are a notarized Affidavit with sworn-to attachments submitted by Courtney Van Der Hart based on her personal knowledge. Pages 34 to

40 are a Petition for Relief from Domestic Abuse signed by Courtney Van Der Hart "certify[ing] under penalty of perjury and pursuant to the laws of the State of Iowa that the information I have provided in this Petition is true and correct." (Appx. 40.)

Pages 41 to 53 are court orders granting the Petition for Relief from Domestic Abuse and entering a Protective Order against Officer Winters signed by judges of the Fifth Judicial District of Iowa and publicly filed in Jasper County Case No. DACV122471. This Court "'may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir.1992). That these Orders were entered against Officer Winters is all that is to be considered.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████

Pages 57 to 62 are excerpts of the Newton Police Department Policy Manual, a document electronically signed by Chief Burdess as "The Newton Police Department Policy Manual represents the best practices of modern police procedures." (Supp.Appx. 1400.) Law enforcement and other governmental policies are appropriately considered on summary judgment. *See Roubideaux v. N. Dakota Dep't of Corr. & Rehab.*, 570 F.3d 966, 979 (8th Cir. 2009) (affirming summary judgment and taking "judicial notice of the Policies and Procedures Manual of the North Dakota Department of Corrections and Rehabilitation"); *Day v. Chaplin*, 354

Fed.Appx. 472, 474 (2nd Cir. 2009) (affirming summary judgment when "District Court took judicial notice of Administrative Directive 9.6 of the Connecticut Department of Correction[.]")

Pages 63 to 66 are the communications between Tayvin and Ms. Van Der Hart, which Ms. Van Der Hart has authenticated. (Supp.Appx. 3-8.)

Pages 67 to 70 are the in-context Facebook statements alleged to be defamatory by Officer Winters and Lt. Wing, which they introduced into the record as part of the Counterclaim pleading. (Counteclaimant.Appx. 59-60.) They are accessible at https://www.facebook.com/tayvin.galanakis, with the post filter set to August 29, 2022, last accessed January 19, 2024.

Page 101 is the same video submitted by Counterclaim Plaintiffs. (Counteclaimant.Appx. 1-2 [¶3-4].) The timestamps would be the same, so the Court can watch whichever it prefers.

CONCLUSION

Officer Winters refused to answer questions under oath as to whether he committed domestic abuse. His affidavit was provided one business day before hearing. This is abusive and improper and the Court cannot permit it. His affidavit must be struck. Tayvin's documents are properly authenticated. Summary judgment should be granted in Tayvin's favor on the counterclaims.

**GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY:     */s/ Adam C. Witosky*
        Matthew Boles        AT0001037
        Adam C. Witosky      AT0010436
        2015 Grand Avenue, Suite 200
        Des Moines, Iowa 50312
        Telephone: (515) 235-0551
        Fax: (515) 243-3696
        Email: mboles@gbswlaw.com
               awitosky@gbswlaw.com

**ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

    The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on January 19, 2024. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

    Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

                          */s/ Adam C. Witosky*