UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S CONTESTED MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Local Rule 5.c., Counterclaim Plaintiff Officer Nathan Winters ("Officer Winters") moves to file his Reply Brief, Reply to Plaintiff Tayvin Galanakis's ("Galanakis") Statement of Additional Facts, and Supplemental Appendix under seal. In support of his Motion Officer Winters states:

1. On December 13, 2023, Officer Winters filed a Motion for Partial Summary Judgment. Doc. 45.

2. On January 18, 2023, Galanakis filed his brief, statement of additional facts, and appendix resisting Officer Winters's Motion for Partial Summary Judgment under seal. Docs. 64-1, 64-2, 64-3, 64-4.

1

3. Under Local Rules 7.g. and 56.d., Officer Winters's time to reply to Galanakis's resistance is January 25, 2024.

4. Previously in this case, the Court entered the parties' Stipulated Protective Order allowing the parties to designate certain documents, testimony, and other information confidential. Doc. Doc. 37.

5. Under the Stipulated Protective Order, Officer Winters designated certain documents and information related to Galanakis's false statements that Officer Winters was convicted of domestic abuse confidential, including interrogatory answers, internal investigation documents, declarations, and deposition testimony.

6. To support his resistance to the Motion for Partial Summary Judgment, Galanakis relied on documents and information designated confidential under the Stipulated Protective Order. So he filed his resistance and supporting documents under seal.

7. To resist Galanakis's Motion for Summary Judgment, Counterclaimants must address the documents and information Galanakis already filed under seal, requiring Counterclaimants to file their documents resisting the Motion for Summary Judgment under seal. Docs. 64-1, 64-2, 64-3, 64-4.

8. Also, to reply to Galanakis's resistance to the Motion for Partial Summary Judgment, Officer Winters will rely on documents and information designated confidential under the Stipulated Protective Order, including a declaration denying the false statements made by Galanakis.

9. Officer Winters therefore intends to include confidential documents and information in his Reply Brief, Reply to Galanakis's Statement of Additional Facts, and Supplemental Appendix.

10. Consistent with the Court's prior orders, if the Motion is granted, Officer Winters will publicly file redacted versions of his Reply Brief, Reply to Galanakis's Statement of Additional Facts, and Supplemental Appendix within 24 hours of filing the sealed versions.

11. On January 24, 2024, Nicholas F. Miller, undersigned counsel for Officer Winters, personally conferred with Adam C. Witosky, counsel for Galanakis, and Galanakis objects to Officer Winters filing his reply documents under seal, including his Reply Brief, Reply to Galanakis's Statement of Material Facts, and Supplemental Appendix.

12. Galanakis objects to Officer Winters's Motion to File Documents Under Seal because the Court heard oral arguments on all pending motions for summary judgment, including Officer Winters's Motion for Partial Summary Judgment, Doc. 45, on January 22, 2024.

13. Although the Court scheduled oral arguments on all pending motions for summary judgment for January 22, 2024, and heard oral arguments on that date, the Court never indicated that Officer Winters's time to file his reply to Galanakis's resistance to Officer Winters's Motion for Partial Summary Judgment on Liability was shortened by four days. Doc. 50.

14. Further, Galanakis's objection is, respectfully, unwarranted because Local Rules 7.g. and 56.d. limit the scope of reply materials to addressing arguments already raised in Galanakis's resistance, meaning Officer Winters's reply materials cannot raise new arguments. There is therefore no prejudice to Galanakis from Officer Winters filing a reply—as permitted by the Court's Local Rules—but there is substantial prejudice to foreclosing Officer Winters's right file a reply.

WHEREFORE, Officer Winters respectfully requests that the Court grant his Motion to File Documents Under Seal and grant Officer Winters leave to file his Reply Brief, Reply to Galanakis's Statement of Material Facts, and Supplemental Appendix under seal.

Dated: January 24, 2024.

By:   */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Counterclaimant NATHAN WINTERS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, a true copy of Officer Winters's MOTION TO FILE DOCUMENTS UNDER SEAL was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

> Matthew M. Boles
> Adam C. Witosky
> GRIBBLE, BOLES, STEWART & WITOSKY LAW
> 2015 Grand Avenue, Suite 200
> Des Moines, Iowa 50312
> mboles@gbswlaw.com
> awitosky@gbswlaw.com
> Counsel for Plaintiff/Counterclaim Defendant

*/s/*    *Nicholas F. Miller*
**Nicholas F. Miller, AT0015361**
