IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>    Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>    Defendants. | CASE NO. 4:23-cv-00044<br><br><br><br>**PLAINTIFF/COUNTERCLAIM DEFENDANT'S RESISTANCE TO COUNTERCLAIM PLAINTIFF'S MOTION TO FILE REPLY BRIEF UNDER SEAL** |
| **NATHAN WINTERS AND CHRISTOPHER WING,**<br>    Counterclaim Plaintiffs,<br><br>v.<br><br>**TAYVIN GALANAKIS,**<br>    Counterclaim Defendant. | |

**COMES NOW** the Plaintiff/Counterclaim Defendant and for this Resistance to Counterclaim Plaintiff's Motion to File Reply Brief Under Seal states:

1.  Hearing on the parties' cross-Motions for Summary Judgment was held on January 22, 2024. This hearing was set by a text order issued on December 28, 2023, signed by Judge Locher, specifically stating "The Court will hear oral arguments" on each pending Motion for Summary Judgment.

2.  Judge Locher's order came after a text order signed by Judge Jackson setting the deadline for the parties' response briefs for January 18, 2024.

3.  It is acknowledged Local Rule 56(d) generally provides: "The moving party must, within 7 days after service of the resisting party's statement of additional

facts, file a reply in which the moving party expressly admits, denies, or qualifies each of the resisting party's numbered statements of additional facts." Plaintiff/Counterclaim Defendant does not object to the filing of a reply to his statement of additional facts and a supplemental appendix, under seal if necessary.

4. However, Local Rule 56(d) *only* addresses the filing of a reply to additional facts and a supplemental appendix. It says nothing about a reply *brief*. This is addressed in Local Rule 7(g) which states:

> Ordinarily, reply briefs are unnecessary, and the court may elect to rule on a motion without waiting for a reply brief. However, the moving party may, within 7 days after a resistance to a motion is served, file a reply brief, not more than 5 pages in length, to assert newly-decided authority or to respond to new and unanticipated arguments made in the resistance.

LR 7(g).

5. Counterclaim Plaintiff knew the Court had elected to hear arguments on all summary judgment motions before the general reply deadline. It was clear the issues involved were to be submitted on January 22. Counterclaim Plaintiff had the same opportunity as Counterclaim Defendant to submit any new authority or written argument in advance of hearing. Counterclaim Plaintiff chose not to. *Cf. Lewis v. Heartland Inns of America, L.L.C.*, No. 4:07–cv–00287, 2011 WL 13177567, *1 (S.D. Iowa Jan. 21, 2011) (court granted request to file reply to resistance filed evening before hearing, but rejecting supplemental briefing filed without leave).

6. By waiting until three days after hearing to file new arguments, Counterclaim Plaintiff knowingly deprived Counterclaim Defendant of an opportunity to address those arguments with the Court. "The Court may strike

2

procedurally improper or untimely filings from the docket under the Court's inherent power to control the cases on its docket[.]" *Fleshner v. Tiedt*, No. 15-CV-2033-CJW, 2019 WL 271619, *1 (N.D. Iowa Jan. 18, 2019). This includes discretion on considering untimely summary judgment filings. *Id*. Such legal gamesmanship should not be allowed and no reply brief should be permitted.

7. If the Court allows the reply brief, Counterclaim Defendant requests permission to file a surreply brief by February 1, 2024. While they are generally disfavored, as Counterclaim Defendant has been deprived of an opportunity to address any additional arguments raised in Counterclaim Plaintiff at hearing, a surreply is the only avenue available to do so now.

**WHEREFORE**, the Plaintiff/Counterclaim Defendant objects to Counterclaim Plaintiff's Application to File Under Seal to the extent it seeks permission to file a reply brief, requests the Court deny the filing of a reply brief, and alternatively for permission to file a surreply brief by February 1, 2024.

          **GRIBBLE, BOLES, STEWART & WITOSKY LAW**

BY: */s/ Adam C. Witosky*
    Matthew M. Boles          AT0001037
    Adam C. Witosky           AT0010436
    2015 Grand Avenue, Suite 200
    Des Moines, Iowa 50312
    Telephone: (515) 235-0551
    Facsimile: (515) 243-3696
    Email:    mboles@gbswlaw.com
                awitosky@gbswlaw.com
    **ATTORNEYS FOR PLAINTIFF**

**PROOF OF SERVICE**

    The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on January 25, 2024. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

    Copies have been provided to all registered parties because once the document is posted, those parties can view and download the presented or filed document.

    */s/ Adam C. Witosky*