UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>        Defendants. | No. 4:23-cv-00044-SHL-SBJ<br><br>**COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY** |
| NATHAN WINTERS and CHRISTOPHER WING,<br>        Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>        Plaintiff/Counterclaim Defendant. | Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Local Rule 7.g.,[1] Counterclaim Plaintiff Officer Nathan Winters ("Officer Winters")

submits this Reply Brief to respond to new and unanticipated arguments made in Plaintiff Tayvin

Galanakis's ("Galanakis") Brief Resisting Officer Winters's Motion for Partial Summary

Judgment, Doc. 64-1.

Galanakis acknowledged he falsely stated that Officer Winters was convicted of domestic

abuse.  Doc. 64-1 at 2.  But rather than stop making that false statement, Galanakis perpetuates the

---

[1] Local Rule 7.g. states "the moving party may, within 7 days after a resistance to a motion is served, file a reply brief."  Officer Winters moved to file his reply under seal, but Galanakis opposed that motion, and the Court has not ruled on the motion.  Docs. 73, 74.  Because it is unclear whether the Court will have an opportunity to rule on the motion to seal before Officer Winters' reply deadline, Officer Winters is filing his reply not under seal and, to the extent necessary, cites to evidence previously filed under seal.

lie every day on YouTube and makes poorly improvised excuses for why he should not be held liable for spreading this lie.  Doc. 45-2 ¶¶ 7–11.  The Court should not take these excuses seriously.

First, Galanakis tries the excuse that he somehow "clarified" his false statement that Officer Winters was convicted of domestic abuse by separately retweeting a comment that "the officer may not have been convicted nor any charges filed . . . ."  Doc. 64-1 at 3; Doc. 23 ¶ 20; Doc. 32 ¶ 20; Resp. to SAMF No. 2.  However, Galanakis falsely stated Officer Winters was convicted of domestic abuse in a *YouTube video*.  Doc. 45-2 ¶¶ 7–11.  Retweeting a comment from *someone else* on *Twitter* does not excuse or even address the false statement on YouTube because there is no evidence that the retweet and the YouTube video share the same audience.  More importantly, Galanakis is still publishing the false statement on YouTube, even after his retweet.  Doc. 45-2 ¶¶ 7–11.  So to say his retweet "clarified" anything is misguided.

Next, Galanakis points to the statement he wrote in an expandable text box under his YouTube video that "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend."  Doc. 64-1 at 3; Resp. to SAMF No. 3.  Like his retweet, this clarified nothing.  For starters, to even see this statement, viewers have to click "more" to expand the text box below the YouTube video, and there is no evidence that any number of viewers ever did this.  Doc 45-2 ¶¶ 7–11.  But in any case, the statement does not address or in any way correct the false statement that Officer Winters was convicted of domestic abuse.  It simply says there is a "no contact order."  Resp. to SAMF No. 3.  This statement is therefore immaterial and does not erase Galanakis's false statement.  Doc. 45-2 ¶¶ 7–11.

Galanakis's next excuse is that he is a layperson who misunderstood the difference between a civil protective order and a criminal conviction.  Doc. 64-1 at 3.  This is a tired excuse that Galanakis has tried on the Court before.  *See* Doc. 16 at 9–11.  The Court rejected this excuse then,

and it should reject it again now.  *Id*.  Also, Galanakis cannot continue to use the civil protective order as an excuse because he has known the distinction between a civil protective order and a criminal conviction for several months now.  *See id*.; Doc. 45-2 ¶¶ 7–11.  Yet, he continues to falsely state that Officer Winters was convicted of domestic abuse in his YouTube video.  Doc. 45-2 ¶¶ 7–11.  Given this, Galanakis's continued attempts to point to a civil protective order as an excuse for his defamation are frivolous.

Galanakis's next excuse is even more unconvincing than the last.  Despite acknowledging that his statement that Officer Winters was convicted of domestic abuse is false, he contends his statement is "substantially true" because "[t]he facts establish Officer Winters physically abused his ex-girlfriend" and because the lack of a criminal conviction is "immaterial."  Doc. 64-1 at 3–4.  This argument misrepresents the summary judgment record and misapplies the law.  First, the record certainly does not "establish" that Officer Winters physically abused anyone.  Doc. 65-1 at 5–8 ¶¶ 9–17.  Galanakis submitted evidence from Ms. Van Der Hart in support of his argument, and Officer Winters submitted evidence showing a genuine dispute.  *Id*.  So Galanakis's representation that the record proves abuse is plainly incorrect.  Second, as the Court previously explained, the lack of a criminal conviction is not immaterial, as Galanakis boldly suggests.  *See* Doc. 16 at 9–11.  A criminal conviction means an impartial jury unanimously found guilt beyond a reasonable doubt after a fair trial and in-court testimony subject to cross-examination.  *See* Iowa R. Crim. P. 2.22(1); *Ramos v. Louisiana*, 590 U.S. __, 140 S. Ct. 1390, 1397 (2020) (The Sixth Amendment requires unanimous jury verdicts in state court for serious crimes).  Here, Galanakis's biased hearsay evidence of physical abuse has not been judged by anyone other than himself, let alone an impartial jury after a fair trial and in-court testimony subject to cross-examination.  So while he may credit Ms. Van Der Hart's unexamined hearsay, this is a far cry from a criminal

conviction.  The lack of a criminal conviction is therefore material, and Galanakis's assertions otherwise are plainly misguided.   Thus, Galanakis's argument that his false statement is "substantially true" is unconvincing because it is based on a mischaracterization of the summary judgment record and a misapplication of law—particularly, the difference between a biased hearsay allegation and a valid criminal conviction.

Although Galanakis criticizes Officer Winters for asserting his Fifth Amendment rights in response to certain deposition questions and interrogatories, this criticism is misplaced and unfair. *See* Doc. 64-1 at 4–5.  Galanakis suggests Officer Winters asserted the Fifth Amendment to deny Galanakis discovery.  This is misplaced with respect to Officer Winters's counterclaims based on the false statement that he was convicted of domestic abuse because without any discovery, Galanakis knew Officer Winters was not convicted of domestic abuse, and this statement was verifiably false with public information.  Doc. 45-3, Winters Appx. 27–31.  As a result, Galanakis cannot complain that Officer Winters's assertion of the Fifth Amendment unfairly denied him any discovery with respect to Officer Winters's counterclaims based on the false statement that he was convicted of domestic abuse.   This criticism is also unfair because the interrogatories and deposition questions to which Officer Winters asserted his Fifth Amendment rights were so overbroad and lacking specificity that Officer Winters had to assert the Fifth Amendment.  SAMF No. 13; CCDef.App. 54–57.  In fact, counsel for Officer Winters and Galanakis had an off-the-record conversation about this issue, but they were unable to resolve it.   SAMF No. 13; CCDef.App. 54.  Galanakis did not raise this issue again until summary judgment.

Next, Galanakis argues Officer Winters is a public figure and that Galanakis's false statement that Officer Winters was convicted of domestic abuse is a matter of public concern, meaning Officer Winters must prove malice, falsity, and damages to succeed on his defamation

claim.  Doc. 64-1 at 5–8.  Controlling precedent from the Iowa Supreme Court shows this argument

lacks merit.  In *Kiesau v. Bantz*, the Iowa Supreme Court rejected the argument that "the mere fact

of [the plaintiff] being a police officer makes her a public figure" and concluded that a low ranking

police officer without "substantial responsibility over the conduct of governmental affairs is not a

public official."  686 N.W. 2d 164, 178 (Iowa 2004), *overruled on other grounds by Alcala v.*

*Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016)); *see also Olson v. City of N. Liberty*, 451 F.

Supp. 3d 1010, 1026–1027 & n.7 (S.D. Iowa 2020) (citing *Kiesau* and denying summary judgment

on a police officer's defamation per se claim).  Then, in *Bierman v. Weier*, the Iowa Supreme Court

explained that public concern protection is designed to assure the "unfettered interchange of ideas"

intended to spur "political and social changes desired by the people."  826 N.W. 436, 462 (Iowa

2013).  The Court also explained that "purely private disputes such as a lawsuit in which the impact

is limited primarily to the parties involved, *even though perhaps of interest to the public*, are

insufficient to create a matter of public concern."  *Id.* (emphasis added).  Here, Officer Winters

and his former girlfriend had a purely private dispute that was resolved with the entry of a civil

protective order.  And while this may be of particular interest to Galanakis, there is no evidence

that it has any impact whatever on parties other than Officer Winters and his former girlfriend.

Accordingly, precedent from the Iowa Supreme Court shows that Officer is not a public figure and

that Galanakis's false statement is not a matter of public concern.  But still, Officer Winters can

prove malice, falsity, and damages because Galanakis is *still* publishing his false statement on

YouTube.  Doc. 45-2 ¶¶ 7–11.; Doc. 45-3, Winters Appx. 2–4.

　　Finally, Galanakis's argument that the money from his GoFundMe fundraiser and

YouTube ad revenue is not relevant is hard to take seriously.  Doc. 45-2 ¶¶ 21–27.  His YouTube

video links to his GoFundMe fundraiser, and the revenue from these sources shows Galanakis's

motive for posting the YouTube video and writing the false statements contained in it.  Doc. 45-2

¶¶ 7–11.; Doc. 45-3, Winters Appx. 4.

Dated: January 25, 2024.

By: ___*/s/ Nicholas F. Miller*_____
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Defendants CITY OF
NEWTON, IOWA, ROB BURDESS,
CHRISTOPHER WING, and NATHAN
WINTERS

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2024, a true copy of COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff/Counterclaim Defendant

___*/s/      Nicholas F. Miller*_____
**Nicholas F. Miller, AT0015361**