UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S REPLY TO COUNTERCLAIM DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**<br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

Under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.d.,[1] Counterclaim Plaintiff Officer Nathan Winters ("Officer Winters") submits this Reply to Plaintiff Tayvin Galanakis's ("Galanakis") Statement of Additional Material Facts, Doc. 64-3.

---

[1] Local Rule 56.d. states "[t]he moving party must, within 7 days after service of the resisting party's statement of additional facts, file a reply in which the moving party expressly admits, denies, or qualifies each of the resisting party's numbered statements of additional facts." Officer Winters moved to file his reply under seal, but Galanakis opposed that motion, and the Court has not ruled on the motion. Docs. 73, 74. Because it is unclear whether the Court will have an opportunity to rule on the motion to seal before Officer Winters' reply deadline, Officer Winters is filing his reply not under seal and, to the extent necessary, cites to evidence previously filed under seal.

1

## REPLY

  1. Tayvin made the allegedly defamatory statements about Officer Nathan Winters having been convicted of domestic abuse on his social media. (CCDef.App. 4-5 [¶12(a)-(e)], 8 [¶12(a)-(e)].)

  **RESPONSE:** Admitted.

  2. Tayvin subsequently publicly clarified, "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend … *for* domestic abuse. The order has been modified to allow him to use a gun while at work." (CCDef.App. 6 [¶20], 9 [¶20].)

  **RESPONSE:** Admitted, in part, and denied, in part.  Officer Winters admits that Galanakis retweeted the following comment on his Twitter account: "[a]lthough the officer may not have been convicted nor any charges filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend . . . *for* domestic abuse. The order has been modified to allow him to use a gun while at work."  However, Officer Winters denies that Galanakis clarified anything with this retweet, including his previous false statements that Officer Winters was convicted of domestic abuse, because after this retweet, Galanakis continued to make the false statement that Officer Winters was convicted of domestic abuse.  Doc. 45-3, Winters Appx. 4.

  3. On the YouTube page where the defamatory video is posted, the enlarged grey text box between the video and the comments includes the clarifying statement, "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." (Winters.Appx. 2 [¶8-9], 7.)

  **RESPONSE:** Admitted, in part, and denied, in part.  Officer Winters admits the YouTube

2

Case 4:23-cv-00044-SHL-SBJ   Document 75-1   Filed 01/25/24   Page 3 of 10

page containing Galanakis's defamatory YouTube video includes the following statement: "Officer Nathan Winters has a no contact order involving domestic abuse in 2021 after beating his ex girlfriend. The Chief of police Rob Burdess allowed Nathan Winters to keep his job as an officer even after the news of domestic abuse." However, Officer Winters denies that this is a clarifying statement and contends it is defamatory. Doc. 45-3, Winters Appx. 2 ¶ 8.

4. Between April 2020 and July 2021, Newton Police Officer Nathan Winters physically abused Courtney Van Der Hart, his then-girlfriend. (CCDef.App. 10-15, 22-28.)

**RESPONSE:** Denied. Doc. 65-1 at 5–8 ¶¶ 9–17.

5. In April 2020, Officer Winters was sitting in his patrol car on duty when she leaned in to give him a kiss goodnight. He elbowed her in the chest so hard it pushed her backward into her car and left a bruise on her chest. Following this, they communicated via SnapChat and text message about him pushing her, which he admitted to doing. (CCDef.App. 11 [¶11], 13-15, 24.)

**RESPONSE:** Denied. Doc. 65-1 at 5–8 ¶¶ 9–17.

6. In July 2020, while at his mother's house where he lived, Officer Winters refused to let her leave the bedroom. When she attempted to, he lifted her up, slammed her onto his bed, held her down by the wrists, and told her she could leave when he said she could leave. (CCDef.App. 11 [¶12], 26.)

**RESPONSE:** Denied. Doc. 65-1 at 5–8 ¶¶ 9–17.

7. Throughout the summer of 2020, Officer Winters would regularly drive past her house and other places she went. He would park down the road from her house, sitting in his car with the lights off. (CCDef.App. 11 [¶10], 26.)

**RESPONSE:** Denied. Winters Suppl. Appx. 3 ¶ 9; CCDef.App. 55 at 25:4–8.

8. In May 2021, while at a birthday party for one of her co-workers, she was walking

3

behind another co-worker as they were all leaving for dinner when Officer Winters grabbed her wrist, pulled her back, and told her she wasn't allowed to be that close to the co-worker. (CCDef.App. 11 [¶9].)

**RESPONSE:** Denied.  Doc. 65-1 at 5–8 ¶¶ 9–17.

9. In June 2021, during an argument at her home in her bedroom, Officer Winters blocked the door as she tried to leave while her kids were on the other side in the living room. (CCDef.App. 10 [¶7], 26.)

**RESPONSE:** Denied.  Doc. 65-1 at 5–8 ¶¶ 9–17.

10. In June 2021, Officer Winters was giving her a shoulder rub while she lay on the bed. He put his hand on the back of her neck, squeezed slightly, and said, "You realize if I squeezed right now it would kill you." (CCDef.App. 11 [¶8].)

**RESPONSE:** Denied.  Doc. 65-1 at 5–8 ¶¶ 9–17; *compare* Doc. 44-2 ¶ 15 *with* Doc. 64-3 ¶ 10.

11. In July 2021, she was holding and looking at Officer Winters' cell phone, which he allowed her to do. When she started to walk while reading a message, he pushed her onto the bed, held her down, and grabbed and twisted her wrist until she dropped the phone. (CCDef.App. 10 [¶6], 24.)

**RESPONSE:** Denied.  Doc. 65-1 at 5–8 ¶¶ 9–17.

12. In July 2021, Officer Winters' threatened to kill her if she cheated on him, saying he would need three bullets, one for her, one for the "new" guy, and one for himself. (CCDef.App. 10 [¶5], 23-24.)

**RESPONSE:** Denied.  Doc. 65-1 at 5–8 ¶¶ 9–17.

13. Officer Winters has asserted his Fifth Amendment right against self-incrimination

4

when questioned on whether he had abused his then-girlfriend. (CCDef.App. 54 [21:19-24, 21:25-22:5, 23:24-24:22], 55-56 [25:15-21, 27:6-31:3], 57 [35:4-18, 36:10-16], 60-62.)

**RESPONSE:** Admitted, with the qualification that Officer Winters asserted his Fifth Amendment privilege in response to particular questions during his deposition and particular interrogatories lacking specificity regarding time and other details.

14. Ms. Van Der Hart filed a Petition for Relief from Domestic Abuse in August 2021. (CCDef.App. 22-28.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in pages 22 through 28 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on pages 22 through 28 of his Appendix, Officer Winters responds to this statement of fact as follows: admitted, in part, and denied, in part. Officer Winters admits Ms. Van Der Hart filed a Petition for Relief from Domestic Abuse in August 2021. However, Officer Winters denies the allegations contained in that Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

15. A Temporary Protective Order was issued. (CCDef.App. 29-32.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in pages 29 through 32 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on pages 29 through 32 of his Appendix, Officer Winters responds to this statement of fact as follows: admitted, in part, and denied, in part. Officer Winters admits a Temporary Protective Order was issued. However, Officer Winters denies the allegations contained in the underlying Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

16. Officer Winters consented to the entry of a Protective Order against him protecting Ms. Van Der Hart. (CCDef.App.. 33-35, 55 [25:22-24].)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in pages 33 through 35 and 55 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on pages 33 through 35 and 55 of his Appendix, Officer Winters responds to this statement of fact as follows: admitted, in part, and denied, in part. Officer Winters admits he consented to a Protective Order. However, Officer Winters denies the allegations contained in the underlying Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

17. Language was included in the Protective Order to permit Officer Winters to continue working: "Nothing in this Order Prohibits the Respondent from conducting official police business." (CCDef.App. 34.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in page 34 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on page 34 of his Appendix, Officer Winters responds to this statement of fact as follows: admitted, in part, and denied, in part. Officer Winters admits the Protective Order states "Nothing in this Order prohibits the Respondent from conducting official police business." However, Officer Winters denies the allegations contained in the underlying Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

18. Absent this language, Officer Winters would be prohibited from carrying a firearm: "WARNINGS TO RESPONDENT: …Federal and state laws provide penalties for possessing, transporting, shipping, or receiving any firearm or ammunition." (CCDef.App. 33.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in page 33 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on page 33 of his Appendix, Officer Winters responds to this statement of fact as follows: denied. CCDef Appx. 33. This statement of fact does not includes a statement of fact but a legal conclusion based on the hypothetical absence of certain language from the Protective Order by Consent Agreement. *Id*.

19. A modified Protective Order was entered twelve days later specifying when Officer Winters could call dispatch and enter the building when Ms. Van Der Hart was on duty. (CCDef.App. 36-38.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in pages 36 through 38 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on pages 36 through 38 of his Appendix, Officer Winters responds to this statement of fact as follows: admitted, in part, and denied, in part. Officer Winters admits a Cancellation, Modification, or Extension of Chapter 236 Order was entered on October 13, 2021. However, Officer Winters denies the allegations contained in the underlying Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

20. Officer Winters consented to the extension of the Protective Order until February 22, 2024. (CCDef.App. 39-42, 55 [27:3-5].)

**RESPONSE:** Admitted, in part, and denied, in part. Officer Winters admits he consented to an extension of the Protective Order until February 22, 2024. However, Officer Winters denies the allegations in the underlying Petition. Doc. 65-1 at 5–8 ¶¶ 9–17.

21.     Ms. Van Der Hart contacted Tayvin and told him Officer Winters had abused her and directed him to her civil action seeking the Protective Order, which he conflated with a conviction. (CCDef.App. 16-21, 45-47 [67:18-71:12, 72:11-74:24].)

**RESPONSE:**   Admitted, in part, and denied, in part.  CCDef. Appx. 16–21, 45–47. Counterclaimants admit Ms. Van Der Hart contacted Galanakis and notified him about the civil proceeding in which she sought a protective order. *Id*. Counterclaimants deny that Ms. Van Der Hart told Galanakis that Officer Winters abused her because Galanakis testified he could not remember what Ms. Van Der Hart told him and therefore refused to state what she told him. *Id*. at 45. Counterclaimants also deny that Galanakis misunderstood or conflated the civil proceeding in which Ms. Van Der Hart sought a protective order with a criminal conviction because Ms. Van Der Hart told Galanakis "I didn't file any charges or anything i petitioned for the no contact order civilly." *Id*. at 19.

22.     Tayvin started a GoFundMe after he was falsely arrested to raise funds he believed were necessary to hire an attorney to pursue legal action. (Winters.Appx. 32-34 [96:21-98:8], 35 [99:7-15]; CCDef.App. 49.)

**RESPONSE:**   Admitted, in part, and denied, in part.  Winters Appx. 32–36.  Officer Winters admits Galanakis started a GoFundMe fundraiser.  However, Officer Winters denies that Galanakis was falsely arrested.  Doc. 45-3, Winters Appx. 8.  Officer Winters also denes that Galanakis started the GoFundMe fundraiser for the genuine purpose of raising money for attorney fees because Galanakis testified he did not spend any of the money he raised through GoFundMe on attorney fees but on personal expenses.  Doc. 45-3, Winters Appx. 32–36.

23.     The only video on Tayvin's YouTube account is the one posted of his stop. (CCDef.App. 91 - accessible at https://www.youtube.com/@tayvingalanakis/videos, last accessed on January 18, 2024.)

**RESPONSE:** admitted that Galanakis posted a publicly viewable video under his account

on the public video-sharing website called "YouTube" depicting the following false written statement: "NATHAN WINTERS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE." Doc. 45-3, Winters Appx. 3 at 38:24–38:38; Doc. 45-3, Winters Appx. 4, 28–29.

24. Before any ad revenue could be received from the YouTube video, it required Tayvin's account to have 1,000 subscribers with 4,000 valid public watch hours in the last 12 months. (CCDef.App. 93 - accessible at https://support.google.com/youtube/answer/72851?hl=en&ref_topic=9153642&sjid=1706151683357366761-NC, last accessed on January 18, 2024.)

**RESPONSE:** Denied. Galanakis failed to authenticate the evidence included in pages 92 through 95 of his Appendix, meaning he cannot rely on that evidence to support this statement of fact. *See* LR 56.e.

To the extent the Court permits Galanakis to rely on pages 92 through 95 of his Appendix, Officer Winters responds to this statement of fact as follows: denied. Doc. 45-3, Winters Appx. 38–40.

Dated: January 25, 2024.

By:  /s/ Nicholas F. Miller  
Matthew S. Brick, AT0001081  
Erin M. Clanton, AT0002592  
Douglas A. Fulton, AT0002672  
Nicholas F. Miller, AT0015361  
**BRICK GENTRY, P.C.**  
6701 Westown Parkway, Suite 100  
West Des Moines, IA 50266  
T: (515) 274-1450  
F: (515) 274-1488  
matt.brick@brickgentrylaw.com  
erin.clanton@brickgentrylaw.com  
doug.fulton@brickgentrylaw.com  
nick.miller@brickgentrylaw.com

        Counsel for Counterclaim Plaintiff
        NATHAN WINTERS

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 25, 2024, a true copy of the COUNTERCLAIM PLAINTIFF NATHAN WINTERS'S REPLY TO COUNTERCLAIM DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

    Matthew M. Boles
    Adam C. Witosky
    GRIBBLE, BOLES, STEWART &
    WITOSKY LAW
    2015 Grand Avenue, Suite 200
    Des Moines, Iowa 50312
    mboles@gbswlaw.com
    awitosky@gbswlaw.com
    Counsel for Plaintiff/Counterclaim Defendant

        */s/    Nicholas F. Miller*
        **Nicholas F. Miller, AT0015361**