UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>    Defendants.<br><hr>NATHAN WINTERS and CHRISTOPHER WING,<br>    Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>    Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE TRIAL OF CLAIMS AND COUNTERCLAIMS**<br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

   Under Local Rule 7(d), Defendants City of Newton, Iowa (the "City"), Nathan Winters ("Winters"), and Christopher Wing ("Wing") submit this Reply Brief in support of their Motion to Bifurcate Trial of Claims and Counterclaims.

**TABLE OF CONTENTS**

ARGUMENT…………………………………………………………………………………...3

    I.     Galanakis's Resistance to Defendants' Motion to Bifurcate misconstrues Defendants' argument regarding the risk of prejudice to all parties…………………………………3

    II.    Galanakis's Resistance to Defendants's Motion to Bifurcate fails to address the true risk of prejudice to Winters in trying his claims and Defendants's counterclaims in one action…………………………………………………………………………………..4

    III.   The permissive nature of Defendants' counterclaim does not minimize the risk of prejudice in trying the claims and counterclaims together and should not impact Defendants' Motion to Bifurcate…………………………………………………...4

    IV.   Efficiency does not require trying Galanakis's claims and Defendants's counterclaims in one action where there is a risk of prejudice in doing so……………………………5

CONCLUSION……………………………………………………………………………….6

## **ARGUMENT**

I. **Galanakis's Resistance to Defendants' Motion to Bifurcate misconstrues Defendants' argument regarding the risk of prejudice to all parties.**

In the Defendants' initial Brief in Support of their Motion to Bifurcate Trial of Claims (hereinafter "Motion to Bifurcate"), the Defendants explain the risk of prejudice to all parties in trying the claims and counterclaims together. Doc. 98-1, at 11–13. In his Brief in Resistance, Galanakis asserts that if there is a risk of prejudice to all parties, "then no one is prejudiced" because such prejudice would "cancel[ ] the other." Doc. 99-1, at 6. This is a misconception of Defendants' position and the meaning of "prejudice."

Prejudice is "the *capacity* of some concededly relevant evidence to lure the fact-finder into [finding liability] on a ground different from proof specific to the [claim asserted]." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (emphasis added). For the reasons addressed in Defendant's initial Brief, there is a risk of prejudice to all parties in trying the claims and counterclaims together. But the fact that there is a risk that the evidence presented on the claims and counterclaims has a capacity to prejudice all parties does not mean each party is certain to be equally prejudiced such that the prejudice is "cancelled" out. The risk of prejudice in this situation depends upon the presentation of, and the jury's reception to, the evidence. As a result, it is impossible at this point in the proceeding to conclude that the potential prejudice to each party will necessarily cancel the prejudice to the other. Either way, the risk to all parties is that the jury will reach conclusions about the constitutionality of Galanakis's arrest and the liability for Galanakis's false statements based on evidence that is not specifically relevant to those discrete issues. The risk is that evidence relevant to only one of the issues will influence the jury's judgment of the other, resulting in an unjust outcome.

Ultimately, the Court "may order a separate trial" "to avoid prejudice." Fed. R. Civ. Pro. 42(b). And there is a risk of prejudice to all parties if the claims and counterclaims are tried together.

## II. Galanakis's Resistance to Defendants' Motion to Bifurcate fails to address the true risk of prejudice to Winters in trying his claims and Defendants' counterclaims in one action.

Galanakis's Resistance fails to address the true risk of prejudice to Winters in trying the claims and counterclaims together and summarily asserts that there is little risk of the jury confusing the issues. Doc. 99-1, at 8. But the risk of prejudice includes more than just confusion of the issues. It also includes the risk that evidence related to the Defendants' counterclaim may influence the jury's judgment—either consciously or subconsciously—such that their consideration of Galanakis's claim may be improperly affected. *See, e.g.*, *Peters v. Risdal*, No. C12-4070, 2013 WL 9839564, at *2 (N.D. Iowa Nov. 27, 2013) (stating if "evidence was particularly graphic or inflammatory, then perhaps defendants would have a valid argument that such evidence would unfairly impact the jury's consideration").

As addressed in Defendants' initial Brief in Support of their Motion to Bifurcate, evidence on Winters's counterclaims will likely involve evidence of false accusations about alleged criminal conduct, and this evidence will influence the jury. Doc. 98-1, at 12. On their own, false accusations and alleged criminal conduct carry an obvious stigma and are likely to cloud the jury's perspectives of the parties, including Winters. With respect to Winters, this could potentially cause them to form opinions of Winters's character based on evidence unrelated to, and completely independent from, Galanakis's arrest. This will, in turn, unfairly impact the jury's consideration of Galanakis's underlying claims for wrongful arrest, and a limiting instruction is not sufficient to overcome this

4

risk. Thus, the risk of prejudice to Winters in trying Galanakis's claims and the Defendants' counterclaims in one action is high and the Court should bifurcate the trial.

    **III.**    **The permissive nature of Defendants' counterclaim does not minimize the risk of prejudice in trying the claims and counterclaims together and should not impact Defendants' Motion to Bifurcate.**

Galanakis asserts that Defendants' Motion to Bifurcate should be denied because Defendants' counterclaim was permissive rather than compulsory. Doc. 99-1, at 6–8. Rule 42 provides the court discretion to bifurcate all counterclaims and does not differentiate between compulsory and permissive counterclaims. Fed. R. Civ. Pro. 42(b) (stating "the court may order a separate trial of one or more separate issues, claims, crossclaims, *counterclaims*, or third-party claims" (emphasis added)). Galanakis provides no authority which establishes that compulsory and permissive counterclaims should be treated differently under a motion to bifurcate.

Furthermore, the risk of prejudice complained of by the Defendants would not be immediately evident at the pleadings stage of the litigation. As stated by Galanakis, "[i]t is only after discovery," and other formative stages of the litigation that the true risk of prejudice became evident. Thus, the fact that the Defendants' counterclaim is permissive does not impact their underlying Motion to Bifurcate. Nor does it lessen the risk of prejudice in trying the claims and counterclaims in one action.

    **IV.**    **Efficiency does not require trying Galanakis's claims and Defendants' counterclaims in one action where there is a risk of prejudice in doing so.**

Galanakis is correct that judicial economy is often served when claims and counterclaims are tried together—i.e., one trial is usually more efficient than two. Doc. 99-1, at 11. But judicial economy is not the only consideration, especially where, as here, there is a risk of prejudice—as stated by this Court, "the risk of prejudice caused by a failure to bifurcate . . . outweigh[s] efficiency concerns." *John Deere Shared Services, Inc. v. Kinze Manufacturing, Inc.*, No. 4:20-cv-

5

00389, 2023 WL 9471719, at *2 (S.D. Iowa Aug. 14, 2023) (citing *Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc.*, No. CV 03-0597, 2007 WL 3208540, at *1 (D. Ariz. Oct. 30, 2007) ("When weighing the competing equities under Rule 42(b), prejudice is the Court's most important consideration.")).

Defendants' position is supported by cases cited and quoted in Galanakis's Resistance. Doc. 99-1, at 12 (citing *Weitz Co., LLC v. MH Washington, LLC*, No. 06-0559-CV, 2008 WL 4371400, at *2 (W.D. Mo. Sept. 20, 2008) (denying bifurcation, *absent prejudice* (emphasis added)); *Est. of Thompson v. Kawasaki Heavy Indus., Ltd.*, 933 F. Supp. 2d 1111, 1137 (N.D. Iowa 2013) (denying bifurcation when *not necessary to avoid prejudice* (emphasis added))).

Galanakis's arguments related to efficiency require first that there is no risk of prejudice in not bifurcating the trial. As already established, there is a significant risk of prejudice to the Defendants in trying all claims and counterclaims together. Thus, any and all arguments made in Galanakis's Resistance related to judicial economy must be weighed against the prejudices involved with trying all claims and counterclaims together. In fact, he risk of prejudice outweighs efficiency concerns, and the Court should bifurcate the trial on Galanakis's claims and Defendants' Counterclaims.

## CONCLUSION

For all these reasons and those previously stated in the Defendant's initial Brief in Support of their Motion to Bifurcate Trial of Claims, the Defendants respectfully request that the Court grant their Motion to Bifurcate Trial of Claims and Counterclaims and bifurcate trial of Galanakis's claims and Winters's counterclaims, trying Galanakis's claims first and Winters's counterclaims second.

Dated: February 9, 2026.

Respectfully submitted,

THE CITY OF NEWTON, IOWA, NATHAN WINTERS, and CHRISTOPHER WING, Defendants and Counterclaimants

By: */s/ Nicholas F. Miller*
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

## **CERTIFICATE OF SERVICE**

I certify that on February 9, 2026, a true copy of this BRIEF was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

Matthew M. Boles
Adam C. Witosky
Christopher Stewart
GRIBBLE, BOLES, STEWART & WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
cstewart@gbswlaw.com

*/s/   Nicholas F. Miller*
**Nicholas F. Miller, AT0015361**