UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>     Defendants.<br><br>_____<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br><br>     Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br><br>     Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044<br><br><br><br><br><br><br><br><br><br><br><br>**COUNTERCLAIM PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES** |

COMES NOW, the Counterclaim Plaintiffs Nathan Winters and Christopher Wing (collectively "Counterclaim Plaintiffs") submit the following supplemental initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), Fed. R. Civ. P. 26(e), and Local Rule 26.

**I.    Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Counterclaim Plaintiffs identify the following:**

A.    Counterclaim Plaintiffs state that the following persons may have discoverable information pertaining to this action:

| Name/Basis of Information | Address and Telephone Number |
|---|---|
| Rob Burdess; It is believed that he would have information regarding the training and typical practices of police officers in the City. | To be Contacted through Counsel |
| Nathan Winters, as a direct fact witness to the events alleged in Plaintiff's Petition. | To be Contacted through Counsel |
| Christopher Wing as a direct fact witness to the events alleged in Plaintiff's Petition. | To be Contacted through Counsel |
| Michael L. Hanson, in his official capacity. It is believed that he would have information regarding the operations of the City and its handling of complaints against the City's officers. | To be Contacted through Counsel |
| Andrew Shinkle, in his official capacity, as a direct fact witness to the events alleged in Plaintiff's Petition. | To be Contacted through Counsel |
| Katrina Davis, as the City Clerk for the City of Newton, Iowa, and who has knowledge of the City's records, including their custodianship and maintenance. | To be Contacted through Counsel |
| Counterclaim Plaintiffs' medical providers may have knowledge regarding the damages incurred, as cited within Counterclaim Plaintiffs' Counterclaim from any personal observations in treating the Counterclaim Plaintiffs. | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |
| Counterclaim Plaintiffs' fellow officers and coworkers may have knowledge regarding the damages incurred, as cited within Counterclaim Plaintiffs' Counterclaim, from direct observations and being able to opine about the effect of Plaintiff's action on Counterclaim Plaintiffs. | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |
| Counterclaim Plaintiffs' friends and family members may have knowledge regarding the facts and circumstances within Counterclaim Plaintiffs' Counterclaim as well as what damages have been incurred by Counterclaim Plaintiffs through their personal observations and interactions with Counterclaim Plaintiffs. | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |
| Counterclaim Plaintiffs reserve the right to call any individual listed as a witness by Plaintiff | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |
| Counterclaim Plaintiffs reserve the right to call any witness needed to authenticate documents used as exhibits | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |

| | |
|---|---|
| Counterclaim Plaintiffs reserve the right to call any witness necessary for impeachment or rebuttal | Yet to be determined; Counterclaim Plaintiffs reserve the right to supplement. |

Counterclaim Plaintiffs reserve the right to amend or supplement this list prior to trial as discovery is continuing.

**II.    Pursuant to Rule 26(a)(1)(A)(ii), Counterclaim Plaintiffs identify the following:**

A.    Documents Counterclaim Plaintiffs may use to support their claims:

| Description | Bates No. |
|---|---|
| Citations Pertaining to Plaintiff | CITY ID 00001-00017 |
| Plaintiff's Complaint to the City | CITY ID 00018-00020 |
| Plaintiff's Communication with City | CITY ID 00021-00043 |
| City of Newton Police Department Policy Manual Excerpt | CITY ID 00044-00055 |
| YouTube Comments to Plaintiff's YouTube Video | CITY ID 00056-00295 |
| Plaintiff's GoFundMe Page | CITY ID 00296-00302 |
| Plaintiff's Twitter Account | CITY ID 00303-00313 |
| Plaintiff's TikTok Account | CITY ID 00314-00437 |
| Plaintiff's Instagram Account | CITY ID 00438-00490 |
| Plaintiff's Facebook Account | CITY ID 00491-00606 |
| Plaintiff's Social Media Videos | CITY ID 00612-00627 |
| Newton Police Department Videos | CITY ID 00628-00630 |
| 911 Activity Reports | CITY ID 00607-00611 |
| Any and all document produced by Plaintiff, or otherwise later identified through discovery. | CITY RFP 00631–02833 |

Counterclaim Plaintiffs reserve the right to amend or supplement this list prior to trial as discovery is continuing.

**III.    Pursuant to Rule 26(a)(1)(A)(iii), Counterclaim Plaintiffs provide the following:**

Counterclaim Plaintiffs are jointly seeking to recover the relief set forth within their Counterclaim filed in this matter, which is incorporated herein by reference, including but not limited to:

- **Compensatory Damages**: This amount is both present and continuing. The undersigned is not yet in possession of all the relevant documents to calculate such damages.

3

- **Past and Future Pain and Suffering/Mental Anguish:** Counterclaim Plaintiffs are seeking $250,000.00. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the experience and knowledge of counsel, and these damages are subject to change as discovery continues.

- **Punitive Damages:** Counterclaim Plaintiffs estimate that punitive damages in the amount of $1,000,000.00 may be requested because of the behavior and actions of Plaintiff. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the experience and knowledge of counsel, and these damages are subject to change as discovery continues.

- **Embarrassment/Humiliation:** Counterclaim Plaintiffs are seeking $100,000.00. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the experience and knowledge of counsel, and these damages are subject to change as discovery continues.

- **Attorney's Fee/Court Costs**: Counterclaim Plaintiffs will be seeking full recovery of all attorney's fees and litigation costs incurred. This amount cannot be readily calculated at this time due to the early stage of this litigation.

- **Loss of Enjoyment of Life/Inconvenience**: Counterclaim Plaintiffs are seeking $50,000.00. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the experience and knowledge of counsel, and these damages are subject to change as discovery continues.

- **Loss of Community Reputation**: Counterclaim Plaintiffs are seeking $50,000.00. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the

experience and knowledge of counsel, and these damages are subject to change as discovery continues.

- **Loss of Employability**: Counterclaim Plaintiffs are seeking $250,000.00. The nature of these damages is difficult to quantify. Counterclaim Plaintiffs are relying on the experience and knowledge of counsel, and these damages are subject to change as discovery continues.

Counterclaim Plaintiffs reserve the right to amend or supplement this list prior to trial as discovery is continuing.

**V.      Pursuant to Rule 26(a)(1)(a)(iv)**, **Counterclaim Plaintiffs state the following regarding insurance coverage:**

Counterclaim Plaintiffs have no insurance agreement under which an insurance provider may be liable to satisfy part or all of their damages.

By:  /s/ Nicholas F. Miller
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Douglas A. Fulton, AT0002672
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
doug.fulton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

Counsel for Defendants
CITY OF NEWTON, ROB BURDESS,
NATHAN WINTERS and CHRISTOPHER
WING

Counsel for Counterclaim Plaintiffs
NATHAN WINTERS and CHRISTOPHER
WING

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, a true copy of COUNTERCLAIM PLAINTIFFS' SUPPLEMENTAL INITIAL DISCLOSURES was electronically delivered via email as follows:

Matthew M. Boles
Adam C. Witosky
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
Counsel for Plaintiff/Counterclaim Defendant

/s/   Nicholas F. Miller
Nicholas F. Miller, AT0015361

6