**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF IOWA CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>　　　Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>　　　Defendants.<br><br>─────────────────<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br><br>　　　Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br><br>　　　Plaintiff/Counterclaim Defendant. | Case No. 4:23-cv-00044-SHL-SBJ<br><br><br>**DEFENDANT NATHAN WINTERS'S OBJECTIONS AND ANSWERS TO PLAINTIFF TAYVIN GALANAKIS'S SECOND SET OF INTERROGATORIES**<br><br><br><br><br><br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

**COMES NOW**, Defendant Nathan Winters ("Winters"), by and through his undersigned counsel, and under Rule 33 of the Federal Rules of Civil Procedure provides the following objections and answers to Plaintiff Tayvin Galanakis's ("Galanakis") Second Set of Interrogatories.

I.　　General Statement

By responding to these Interrogatories, Winters does not waive any objections that may be appropriate (a) to the use, for any purpose, by Winters of any of the information or documents

**INTERROGATORY NO. 23:**  Summarize Your factual contentions for Counterclaim Counts I and V, Identifying any documents relied on, including how You "have suffered and will continue to suffer":

a. Pain and suffering;

b. Mental anguish;

c. Loss of enjoyment of life;

d. Loss of community reputation;

e. Loss of employability;

f. Embarrassment;

g. Humiliation;

h. Loss of time and inconvenience bringing this action; and,

i. "Any other category of damages" You expect to seek.

**ANSWER:**

**Winters incorporates the general objections as if restated here.  Winters further objects to Interrogatory No. 23 as vague and ambiguous with respect to the term "summarize."  The term "summarize" as used in Interrogatory No. 23 has a subjective meaning, and Winters cannot reasonably anticipate the level of detail sought by Interrogatory No. 23.  To the extent that Interrogatory No. 23 seeks a comprehensive written**

**description of all the facts supporting Counterclaims I and V, Winters objects to Interrogatory No. 23 as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all facts regarding several broad topics, which is an improper and unreasonable blanket request for information in the form of an interrogatory.**

**Subject to these objections, Winters states that Galanakis published the following false statements:**

**On September 9, 2022, Galanakis posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "NATHAN WINTER OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE AFTER BEATING UP HIS EX GIRLFRIEND."**

**On September 9, 2022, Galanakis also posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "EVEN AFTER NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."**

**On August 29, 2022, Galanakis posted a publicly viewable posting on the social media website "Facebook" in which he stated that "I got falsely ARRESTED. Nathan Winters of the Newton Police Department, IA decided to assume and guess I was drinking based off of me having a hard time finding my insurance. I don't even want to refer to him as officer winters, this guy is on the slow side of the spectrum."**

**On August 29, 2022, Galanakis posted a publicly viewable comment on the social media website "Facebook" on which he stated that "Officer Winters is not fit mentally for the job and physically."**

**On September 9, 2022, Galanakis posted a publicly viewable video under his account on the public video-sharing website called "YouTube," on which he wrote that "NATHAN WINTERS OF THE NEWTON POLICE DEPARTMENT CONVICTED OF DOMESTIC ABUSE AFTER BEATING OF HIS EX GIRLFRIEND THE CHIEF OF POLICE ALLOWED NATHAN WINTERS TO STAY ON THE FORCE EVEN AFTER NATHAN BEAT THE SHIT OUT HIS GIRLFRIEND."**

**At some point, Galanakis also retweeted the following comment through his account on the social media platform "Twitter" that, referring to Winters, "[a]lthough the officer may not have been convicted nor any charges**

**filed, he did consent to have a civil no-contact/protective order placed on him by a former girlfriend … \*for\* domestic abuse. The order has been modified to allow him to use a gun while at work."**

**Winters also states that for defamation per se, including libel and slander, general damages are presumed and left to the factfinder's discretion. Winters is therefore not required to prove general damages in connection with his claims of defamation per se.**

**Winters further states that Galanakis's published statements have necessarily and presumptively harmed Winters's professional and personal reputation. Galanakis's published statements also caused others to send him outrageous and egregious threats, encouragements, suggestions, and other comments. Galanakis's published statements and the resulting communications from third parties caused Winters to continuously suffer the stress and mental anguish of worrying about his and his family's safety, as well as the effects on his personal and professional reputation. Galanakis's published statement also embarrassed and humiliated Winters, both personally and professionally, and harmed his future employment prospects.**

**Further, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Winters directs Galanakis to the documents and things produced in this action, as well as the documents and things referenced in the Amended Answer, Affirmative Defenses, Counterclaims, and Jury Demand for Nathan Winters and Christopher Wing.**

**INTERROGATORY NO. 24:** Regarding the damages claimed, state each item, category or kind of damages to which You believe You are entitled, the amount You claim for each item, category or kind of damage, the formula or process You used to arrive at that amount, and the date on which the injury giving rise to the damage occurred.

**ANSWER:**

**Winters incorporates the general objections as if restated here. Winters further objects to Interrogatory 24 as vague, premature, overbroad, unduly burdensome, not**

**proportional to the needs of the case, and as seeking information that Winters is not capable of knowing because, as stated in the answer to Interrogatory No. 23, general damages are presumed and left to the factfinder's discretion, making it impossible for Winters to state the amount of money damages which he is entitled to recover, as well as the formula and process used to determine the amount of recoverable money damages. Winters also objects to Interrogatory No. 24 as vague, premature, overbroad, unduly burdensome, not proportional to the needs of the case, and as seeking information that Winters is not capable of knowing because the amount of damages for the kinds of injuries and harms stated in the answer to Interrogatory No. 23 are not subject to objective calculation using a particular formula or process. Rather, they are somewhat subjective and will be left to the factfinder to determine and quantify. Winters therefore objects to Interrogatory No. 24.**

**Subject to these objections, Winters states he is entitled to recover general, special, and punitive damages on all his causes of action. Winters further states that the injuries and harms caused by Galanakis's published statements occurred on or about the dates stated in the answer to Interrogatory No. 23 and are continuous and ongoing injuries given the nature of the published statements.**

**INTERROGATORY NO. 25:** Identify all treatment providers from which you have received mental health treatment or counseling for the five years prior to the events alleged in Counterclaim Counts II or VI to present, and State whether You sought treatment or counseling based on the allegations, including:
 a. The date of each visit;
 b. The examination or treatment, if any, that You received; and
 **c.** Any diagnosis or prognosis made.

**ANSWER: Winters incorporates the general objections as if restated here. Subject to these objections, Winters states: none.**

## **VERIFICATION**

The undersigned hereby states that I have read the foregoing Answers to Interrogatories and know the contents thereof, and under penalty of perjury hereby state that the information contained therein is true and accurate to the best of my knowledge and belief.

Dated this _19_ day of _October_, 2023.

_____
Nathan Winters