UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, ROB BURDESS, NATHAN WINTERS, CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br>        Defendants.<br><br>———————————<br><br>NATHAN WINTERS and CHRISTOPHER WING,<br>        Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>TAYVIN GALANAKIS,<br>        Plaintiff/Counterclaim Defendant. | No. 4:23-cv-00044-SHL-SBJ<br><br><br>**RESISTANCE TO MOTION IN LIMINE**<br><br><br><br>Removed from the District Court for Jasper County, Iowa, No. LACV123038 |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.    Trial on Galanakis's Claims ............................................................................................. 4

        A.   Evidence on College Drug Testing Standards ............................................................. 4

        B.   GoFundMe Evidence ................................................................................................... 6

        C.   Allegations of Prior Drug Use ..................................................................................... 7

        D.   Affirmative Defenses Not Pled .................................................................................... 7

        E.   "Ripple Effect" of Litigation ....................................................................................... 7

        F.   Reference to Taxation or Taxpayers ............................................................................ 7

        G.   Source of Payment for any Award ............................................................................... 7

        H.   Defendants' Opinion as to Nature and Extent of Galanakis's Damages ...................... 7

1

II.    Trial on Counterclaims.................................................................................................. 8

    A.    Winters's Testimony on Domestic Abuse .................................................................. 8

    B.    Undisclosed Witnesses and Evidence on Reputational Injury. ...................................... 8

    C.    Undisclosed Witnesses and Evidence on Damages ....................................................... 8

    D.    Evidence of Online Comments ................................................................................. 9

       i.    The online comments are not inadmissible hearsay..................................................... 9

      ii.    The online comments are not unfairly prejudicial and are relevant.......................... 10

III.    Applicable to Both Trials ........................................................................................... 11

    A.    Dismissed Claims..................................................................................................... 11

    B.    Attempted T-Shirt Sales ......................................................................................... 11

    C.    Financial Status ...................................................................................................... 13

    D.    Offers of Settlement ............................................................................................... 13

    E.    Requests for Sequestration...................................................................................... 13

CONCLUSION................................................................................................................... 14

## **INTRODUCTION**

The Court previously bifurcated trial of Plaintiff Galanakis's claims and Defendant Nathan Winters's counterclaims, and Galanakis moved to exclude certain categories of evidence from each trial that he speculates the Defendants will present. (ECF 101, 102, & 102-1). Yet, Galanakis did not confer with the Defendants under Local Rule 7(k) to determine whether the Defendants actually intend to present the evidence challenged in his motion—which is significant because the Defendants do not intend to present most of the challenged evidence. Nor did he attach or refer to some of the specific items of evidence that he wants the Court to exclude. As a result, most of Galanakis's motion in limine is unnecessary, and other aspects are incomplete because they do not attach or otherwise specifically identify the challenged evidence. As for the evidence that the Defendants *do* intend to offer at trial, the Court should deny the motion in limine because the

evidence is admissible, or at least Galanakis has not shown it is inadmissible at this point in the case.

## ARGUMENT

The Defendants will address the evidence that Galanakis seeks to exclude from each trial in turn, including the evidence that the Defendants do not intend to present. As an initial matter, however, the Defendants contend that Galanakis's motion in limine should be summarily denied because he did not confer with Defendants under Local Rule 7(k). Conferring under Rule 7(k) would have substantially narrowed the scope of Galanakis's motion in limine and, in all likelihood, would have helped identify some of the specific pieces of evidence that Galanakis seeks to exclude from trial. That is, conferring would have narrowed and sharpened the issues for the Defendants and the Court. This, the Defendants contend, is grounds to summarily deny the motion in limine. *See Epstein Const., Inc. v. Modern Piping, Inc.*, No. 19-CV-106-CJW-KEM, 2022 WL 407382, at *5 (N.D. Iowa Feb. 9, 2022) (stating the court may deny a motion for failure to comply with Local Rule 7(k)).

Galanakis's Motion should also be denied because he fails to address or include the specific items of evidence which he asks the Court to exclude from trial. This Court has denied motions in limine where the movant "does not point to specific pieces of evidence [they] seek to exclude." *Wilbur-Ellis Co. LLC v. Downing*, No. 4:21-cv-00332-RGE-HCA, 2025 WL 1185373 at *3–5 (S.D. Iowa Mar. 13, 2025). This is because such motions "essentially amount[] to a request for the Court to enforce the Federal Rules of Civil Procedure and Federal Rules of Evidence." *Id.* at *3; *see also Laurie v. State Farm Fire & Casualty Co.*, No. 4:25-cv-00007-RGE-SBJ, 2025 WL 4481117, at *1 (S.D. Iowa July 24, 2025) ("Because [the movant] does not point to specific pieces of evidence she seeks to exclude, her motion essentially amounts to a request for the Court to

3

enforce the Federal Rules of Civil Procedure and Federal Rules of Evidence. Given this broad request, there is an insufficient basis for the Court to grant [her] motion."). Galanakis did not attach any specific documents to his Motion. Therefore, his Motion asks the Court only to exclude amorphous, generalized exhibits and testimony from trial. Galanakis's Motion should be denied on this basis.

## I.    Trial on Galanakis's Claims

Galanakis's Motion seeks to exclude (1) evidence on college drug testing standards, (2) GoFundMe evidence, (3) allegations of prior drug use, (4) affirmative defenses not pled, (5) "ripple effect" of litigation, (6) reference to taxation or taxpayers, (7) source of payment for any award, (8) Defendants' opinion as to nature and extent of Galanakis's damages. Doc. 102-1, at 2–6. Defendants do not seek to introduce evidence on college drug testing standards, allegations of prior drug use, affirmative defenses not pled, "ripple effect" of litigation, reference to taxation or taxpayers, source of payment for any award, or Defendant's opinion as to nature and extent of Galanakis's damages. Of the issues raised with regard to the trial on Galanakis's claims, Defendants only intend to offer some evidence on college drug testing standards and GoFundMe evidence.

### A. Evidence on College Drug Testing Standards

Evidence of how Officer Winters perceived Galanakis's statement that he was drug tested every Friday is admissible. Galanakis first argued that evidence of how Officer Winters perceived Galanakis's statement that he gets drug tested "every Friday" should be excluded at trial because this evidence deserves no weight, is irrelevant, and is more prejudicial than probative. *See* Galanakis Br., ECF 102-1, at 2–3 (citing Fed. R. Evid. 402 & 403) (hereinafter "Galanakis Br."); *see also* Order Mot. Summ. J., ECF 77, at 16. This is misguided.

4

Evidence of how Officer Winters perceived Galanakis's statement that he gets drug tested "every Friday" is relevant to the existence of probable cause because it speaks to whether Galanakis's statement to an arresting officer was untruthful or misleading. *See* Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.") (cleaned up). That is, if Officer Winters had grounds to believe Galanakis's statement was misleading or untruthful, then an officer considering the totality of circumstances could conclude that this contributed to probable cause. *See Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020) ("Law enforcement officers are afforded "substantial latitude in interpreting and drawing inferences from factual circumstances.") (internal quotation marks omitted). This evidence is therefore relevant. *See* Fed. R. Evid. 401; *Bell*, 979 F.3d at 603.

The Court's analysis in its summary judgment order that the credibility and weight of this evidence was questionable for purposes of establishing qualified immunity does not make it irrelevant or inadmissible. *See* Order Mot. Summ. J., ECF 77, at 16. Rather, if this type of evidence is presented at trial, then Galanakis may attempt to challenge its credibility and argue it deserves little or no weight. But in any case, the Court's summary judgment analysis does not make it inadmissible.

As a result, the Court should deny Galanakis's motion in limine seeking to exclude evidence of how Officer Winters perceived Galanakis's statement that he gets drug tested "every Friday." The Defendants do not intend to offer into evidence any documents reflecting the drug testing policies or protocols of William Penn University or the National Association of Intercollegiate Athletics.

### B. GoFundMe Evidence

Evidence regarding Galanakis's GoFundMe is admissible. Galanakis argues that evidence related to his GoFundMe account should be barred under the collateral source rule. Doc. 102-1, at 3–4. The collateral source rule is a common law principle which "holds that the defendant's liability shall not be reduced merely because the plaintiff's net damages are reduced by payments received from others." *Gill v. Maciejewski*, 546 F.3d 557, 564 (8th Cir. 2008) (quoting *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) (citations omitted)). And while the collateral source rule "bars evidence of compensation received by an injured party from a collateral source [and] prevents the jury from reducing the tortfeasor's obligation to make restitution for the injuries caused by the tortfeasor's negligence," Defendants do not seek to introduce the evidence for that purpose. *North Star Mut. Ins. Co. v. Lipps*, No. 20-CV-3042-KEM, 2022 WL 19000608, at *2 (N.D. Iowa Nov. 22, 2022) (quoting *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 156 (Iowa 2004)).

Rather, Defendants seek to introduce the evidence as relevant to Galanakis's credibility and public actions and response after his interaction with Defendants. Galanakis's GoFundMe is not evidence of payments made to reduce damages or costs, at all. It is evidence of his misuse of funds he purported to seek to pay for attorney fees. In his deposition, Galanakis testified that he created his GoFundMe page to raise funds for attorney fees and that he raised $2,768. ECF 77, at 9. Further, that he used a portion of the funds on basic necessities while he was going to school, and then one thousand remained in his personal bank account. *Id*. Finally, that he never told the contributors to his GoFundMe page that he did not spend the money for what it was intended. *Id*. Evidence related to Galanakis's GoFundMe is directly relevant to his credibility. Such evidence is

admissible under Federal Rule of Evidence 608(b) to cross examine Galanakis on his character for truthfulness. *See* Fed. R. Evid. 608(b).

While evidence may be inadmissible for one purpose, it may still be admissible for other purposes. *See, e.g.*, *Rennenger v. Manley Toy Direct L.L.C.*, 161 F.Supp.3d 719, 723 (S.D. Iowa April 23, 2015).

Additionally, attorney fees are costs, not damages, under § 1983. 42 U.S.C. § 1988(b) ("In any action or proceeding to enforce . . . section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the *costs* . . . ." (emphasis added)). Thus, any funds Galanakis received from his GoFundMe do not reduce his net damages.

Evidence related to Galanakis's GoFundMe page should not be excluded from trial.

### C.  Allegations of Prior Drug Use

Defendants do not intend to offer evidence regarding allegations of prior drug use.

### D.  Affirmative Defenses Not Pled

Defendants do not intend to offer evidence of affirmative defenses not pled.

### E.  "Ripple Effect" of Litigation

Defendants do not intend to offer evidence of the "ripple effect" of litigation.

### F.  Reference to Taxation or Taxpayers

Defendants do not intend to offer evidence making references to taxation or taxpayers.

### G.  Source of Payment for any Award

Defendants do not intend to offer evidence on the source of payment for any award.

### H.  Defendants' Opinion as to Nature and Extent of Galanakis's Damages

Defendants do not intend to offer Defendants' opinions as to the nature and extent of the Galanakis's damages.

## II.     Trial on Counterclaims

Galanakis's Motion seeks to exclude (1) Winters's testimony on domestic abuse, (2) undisclosed witnesses and evidence on reputation injury, (3) undisclosed witnesses and evidence on damages, (4) online comments as hearsay, unfairly prejudicial, and irrelevant. Doc. 102-1, at 6–20. Defendants do not seek to introduce Winters's testimony on domestic abuse, undisclosed witnesses and evidence on reputational injury, or undisclosed witnesses and evidence on damages. Of the four categories addressed in Galanakis's Motion related to the trial on Defendants' counterclaims, Defendants seek only to introduce evidence related to previously disclosed online comments.

### A.  Winters's Testimony on Domestic Abuse

Defendants do not intend to offer as evidence Winters's testimony on domestic abuse. Although, Winters should be allowed to testify that he was neither charged with nor convicted of domestic abuse or a similar crime.

### B.  Undisclosed Witnesses and Evidence on Reputational Injury.

Defendants do not intend to offer any evidence from undisclosed witnesses nor do Defendants intend to offer any undisclosed evidence at all. All evidence and witnesses Defendants intend to offer have been previously disclosed.

### C.  Undisclosed Witnesses and Evidence on Damages

Defendants do not intend to offer any evidence from undisclosed witnesses nor do Defendants intend to offer any undisclosed evidence at all. All evidence and witnesses Defendants intend to offer have been previously disclosed.

### D. *Evidence of Online Comments*

Galanakis argues that previously disclosed online comments should be barred from evidence. Doc. 102-1, at 18–20.

i.      *The online comments are not inadmissible hearsay.*

Galanakis first alleges that they constitute hearsay. Doc. 102-1, at 18–19. This is misguided. Hearsay is an out-of-court statement, offered to provide the truth of the matter asserted. Fed. R. Evid. 801(c). Defendants seek to introduce comments made on the YouTube video in which Galanakis makes the statement underlying Defendants' counterclaim which reflect or respond to Galanakis's untruthful allegation that Officer Winters was convicted of domestic abuse. While such comments are out of court statements, Defendants do not seek to introduce them to prove the truth of the matter asserted. Quite the opposite, such comments are *not* true and would be introduced to demonstrate the reach of, effect of, and public response to Galanakis's untruthful statement, which bears on the extent of any reputational injury. *Wayne Works v. Hicks Body Co., 55 N.E.2d 382, 387 (Ind. Ct. App. 1944)* ("it was admissible to show that the statements themselves were made, for it tended to show the extent of the circulation of the rumors and consequent damage to appellee, for which, as we have already said, the appellant was liable."). Online comments do not constitute hearsay and should not be excluded from trial on this basis. *See* Fed. R. Evid. 801.

Additionally, to the extent that any of the comments may include statements which are hearsay, they would fit neatly into the "then-existing mental, emotional, or physical condition," exception to hearsay. Fed. R. Evid. 803(3). This exception includes:

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Fed. R. Evid. 803(3).

The comments include statements of plans and reactions to Galanakis's statement. These categories fit within this exception. *See Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013) (discussing the admissibility of statements which show the effect of an action on the declarant); *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 252 (3d Cir. 1999) (finding statements by customers of why they stopped shopping at a business admissible). Some comments include the declarant's contemporaneous reaction and feeling as a result of viewing the "convicted" statement made by Galanakis. These comments do not prove that Galanakis made the statement, but the effects his statement had on the individuals who viewed it. This fits within the Rule 803(3) exception. *See Callahan v. A.E.V., Inc.*, 182 F.3d 237, 252 (3d Cir. 1999).

   ii.    *The online comments are not unfairly prejudicial and are relevant.*

Galanakis next argues that online comments should be barred from evidence as unfairly prejudicial and irrelevant. Doc. 102-1, at 19–20. Evidence is relevant if it has a tendency make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. Defendants seek only to introduce online comments which are directly related to, reflective of, or arising out of, Galanakis's incorrect statement that Officer Winters was convicted of domestic abuse. Galanakis admits that such comments are relevant but argues that the weight afforded to them should be slight. Doc. 102-1, at 19.

The court may exclude relevant evidence "if its probative value is substantially outweighed by . . . unfair prejudice." Fed. R. Evid. 403. "Unfair prejudice" is "an undue tendency to suggest decision on an improper basis." *Junk v. Terminix Intern. Co., Ltd.*, No. 4:05-CV-0608-JAJ, 2008 WL 5142188, at *3 (S.D. Iowa Aug. 15, 2008) (quoting Fed. R. Evid. 403 advisory committee notes). Galanakis has presented no argument as to how he would be unfairly prejudiced by the admission of this evidence, nor can he. Doc. 102-1, at 18–20. The online comments Defendants

seek to introduce at trial were posted on Galanakis's own video, in response to his own statements. Furthermore, as admitted by Galanakis, the comments reflect a "gamut of support," for him, and "antagonism for Officer Winters." Doc. 102-1, at 19. As the comments Defendants seek to introduce were made in favor of Galanakis and against Officer Winters, Galanakis will not be prejudiced, let alone unfairly prejudiced, by their admission at trial. Thus, the online comments relating to Galanakis's wrongful comments that Officer Winters had been convicted of domestic abuse are not hearsay, are relevant, and do not pose a risk of unfair prejudiced and should not be excluded from trial.

### III.   <u>Applicable to Both Trials</u>

Galanakis's Motion seeks to exclude (1) dismissed claims, (2) attempted t-shirt sales and financial status, (3) other bad acts evidence, (4) offers of settlement, and (5) requests the sequestrations of all non-party witnesses. Defendants do not seek to introduce evidence or testimony of dismissed claims, financial status, other bad act evidence, or offers of settlement. Likewise, Defendants do not object to Galanakis's request for sequestration of all non-party witnesses, other than retained experts. The only issue here is with regard to attempted t-shirt sales.

#### A.  *Dismissed Claims*

Defendants do not intend to offer evidence regarding dismissed claims.

#### B.  *Attempted T-Shirt Sales*

Galanakis argues that evidence of attempted t-shirt sales should be excluded because it is irrelevant or because it is more prejudicial than probative under Federal Rule of Evidence 403. Doc. 102-1, at 20–21. Galanakis ties this evidence to evidence of financial status, and it is first important to clarify that to the extent t-shirt sales bear on Galanakis's finances, Defendants do not seek to admit that evidence. Defendants do not seek to show the extent of any sales or non-sales

of t-shirts. Instead, Galanakis's attempts to sell t-shirts bearing humorous quotes from his interactions with the Defendants are relevant to his claims for damages related to mental and emotional pain and suffering.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence of Galanakis's production of and attempt to sell t-shirts as a result of his interactions with Defendants has bearing on the extent of any emotional and mental injury suffered by Galanakis, if any. "Mental pain and suffering includes mental anguish, anxiety, embarrassment, loss of enjoyment of life, a feeling of uselessness, or other emotional distress." *Garber v. United States*, 665 F. Supp. 3d 945, 961 (S.D. Iowa 2023) (quoting *Latta v. Interstate Power and Light Co.*, 700 N.W.2d 333, 347 (Iowa 2005)). Galanakis's attempts to capitalize on his arrest through the production and sale of humorous merchandise is relevant to determining whether he suffered "mental anguish, anxiety, embarrassment, loss of enjoyment of life, a feeling of uselessness, or other emotional distress." *See id.* "[A]wards for pain and suffering are highly subjective." *Gonzalez v. United States*, 681 F.3d 949, 953 (8th Cir. 2012) (quoting *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1301 (8th Cir.1987)). And a jury could conclude Galanakis's online antics indicate he did not suffer mental or emotional injury as a result of the arrest.

Galanakis also argues that "[t]he purpose of such evidence would be to stoke an emotional reaction in the jury against him, requiring exclusion for being unduly prejudicial," under Federal Rule of Evidence 403. Rule 403 states: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Galanakis does not bother to explain why evidence of t-shirts is likely to

"stoke an emotional reaction," and it is not immediately clear to Defendants why that would be the case, but regardless, it is highly relevant to his damages. And as a result, Rule 403 does not provide a basis for exclusion. *See* Fed. R. Evid. 403. It is highly probative to whether Galanakis suffered mental and emotional injury, and it is not highly likely to result in unfair prejudice, particularly where there is no intent to offer it in connection to Galanakis's financial status.

Evidence of Galanakis's creation of and attempts to sell merchandise related to his arrest is admissible.

### C. *Financial Status*

Defendants do not intend to offer evidence of or related to Galanakis's financial status.

### D. *Offers of Settlement*

Defendants do not intend to offer evidence of offers of settlement.

### E. *Requests for Sequestration*

Defendants do not object to the sequestration of non-party witnesses, except that Defendants' retained expert witness should not be sequestered during the trial of Galanakis's claims.

Federal Rule of Evidence 615 provides for the sequestration of witnesses, but it also provides exceptions. One such exception being, "any person whose presence a party shows to be essential to presenting the party's claim or defense." Fed R. Evid. 615(a)(3). "Experts are perhaps the most likely candidates for this exemption." *Meredith Corp. v. United States*, 433 F. Supp. 3d 1109, 1111 (S.D. Iowa 2019) (citation omitted). "This is so for two reasons. First, such a witness can help counsel understand testimony elicited by the adversary." *Id.* And "[s]econd, '[a] strong argument can also be made for permitting the presence of an expert witness who intends to give an opinion based in part on evidence presented at trial.'" *Id.* (citation omitted). Additionally, "experts do not

possess the same risk of collusion or dishonesty as lay witnesses." *Id.* "[R]egardless of how the trial comes out, the expert gets paid." *Id.*

The Court should not order the sequestration of Defendants' retained expert witness who may be able "to give an opinion based in part on evidence presented at trial," where both parties are likely to elicit testimony on the facts of Galanakis's behavior during the stop which may or may not indicate intoxication. This ultimately supports not sequestering Defendants' expert witness. *See id.* at 1112 ("The Government suggests that Prince had time plenty to learn Plaintiff's case and, presumably, will not be hearing its facts for the first time at trial. Fair enough. But even in a bench trial, neither the parties nor the Court can predict with certainty what facts will be elicited from various witnesses. Nor is the Court willing to mandate that each expert witness—who presumably has other duties—must memorize each detail of the record prior to taking the stand.").

## CONCLUSION

Galanakis's Motion in Limine should be denied for his failure to comply with Local Rule 7(k) and/or his failure to include or reference specific items of evidence to be excluded. In the alternative, Galanakis's Motion in Limine should be denied regarding evidence related to collegiate drug testing standards, his GoFundMe page, online comments made regarding Galanakis's untruthful allegation that Officer Winters was convicted of domestic abuse, his selling of t-shirts, and the sequestration of expert witnesses.

Respectfully submitted,

THE CITY OF NEWTON, IOWA,
NATHAN WINTERS, and CHRISTOPHER
WING, Defendants and Counterclaimants,

By: _____ */s/ Nicholas F. Miller* _____
Matthew S. Brick, AT0001081
Erin M. Clanton, AT0002592
Nicholas F. Miller, AT0015361
**BRICK GENTRY, P.C.**
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
T: (515) 274-1450
F: (515) 274-1488
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
nick.miller@brickgentrylaw.com

## CERTIFICATE OF SERVICE

I certify that on May 8, 2026, a true copy of this BRIEF was electronically filed using the Court's CM/ECF system, which sent notice to counsel of record, as follows:

Matthew M. Boles
Adam C. Witosky
Christopher Stewart
GRIBBLE, BOLES, STEWART &
WITOSKY LAW
2015 Grand Avenue, Suite 200
Des Moines, Iowa 50312
mboles@gbswlaw.com
awitosky@gbswlaw.com
cstewart@gbswlaw.com

*/s/* _____ *Nicholas F. Miller* _____
        **Nicholas F. Miller, AT0015361**

15