**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>　　　Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>　　　Defendants. | **CASE NO. 4:23-cv-00044**<br><br><br>**JOINT PROPOSED JURY INSTRUCTIONS** |

**COME NOW**, the Parties, and pursuant to the Court's Pre-trial Order, hereby propose the following Jury Instructions and Verdict Forms to be submitted in this matter.

| | |
|---|---|
| **BOLES WITOSKY STEWART LAW PLLC** | **BRICK GENTRY, P.C.** |
| BY: _/s/ Adam C. Witosky_ | BY: _/s/ Nicholas F. Miller_ |
| Matthew M. Boles　　AT0001037 | Nicholas F. Miller　AT0015361 |
| Adam C. Witosky　　AT0010436 | Matthew S. Brick　AT0001081 |
| Christopher Stewart　　AT0013127 | Erin M. Clanton　　AT0002592 |
| 2015 Grand Avenue, Ste. 200 | 6701 Westown Parkway, Suite 100 |
| Des Moines, Iowa 50312 | West Des Moines, IA 50266 |
| Telephone:　(515) 235-0551 | Phone: (515) 274-1450 |
| Facsimile:　(515) 243-3696 | Fax: (515) 274-1488 |
| Email:matt@bwsiowa.com | Email:nick.miller@brickgentrylaw.com |
| 　　adam@bwsiowa.com | 　　matt.brick@brickgentrylaw.com |
| 　　chris@bwsiowa.com | 　　erin.clanton@brickgentrylaw.com |
| **ATTORNEYS FOR PLAINTIFF/** | **ATTORNEYS FOR DEFENDANT** |
| **COUNTERCLAIM DEFENDANT** | **/COUNTERCLAIM PLAINTIFF** |

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on May 12, 2026. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

_/s/ Tami Fairchild_

1

**Instruction No. 1**
**EXPLANATORY: BEFORE VOIR DIRE**

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off.

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

2

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

———————————————

8th Circuit Federal Civil Jury Instructions (2025), 1.01

**Instruction No. 2**
**EXPLANATORY: RECESS AT END OF VOIR DIRE**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

 I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

---

8th Circuit Federal Civil Jury Instructions (2025), 1.02

**Instruction No. 3**
**EXPLANATORY: GENERAL; NATURE OF CASE; DUTY OF JURY;**
**CAUTIONARY**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

Your electronic devices, including cell phones, cameras, PDA, tablets, and any other wireless communication devices, are not allowed in the courthouse.

This is a civil case brought by plaintiff Tayvin Galanakis against defendants Nathan Winters, Christopher Wing, and the City of Newton, Iowa. Mr. Galanakis claims that on August 28, 2022, he was arrested by Officer Winters and Lieutenant Wing for operating while intoxicated without probable cause in violation of his Fourth Amendment rights. Mr. Galanakis also claims this arrest was a false arrest under Iowa law. Mr. Galanakis also claims that the City of Newton, as the employer of Officer Winters and Lieutenant Wing, is liable for their conduct under a theory of vicarious liability called respondeat superior. Defendants deny the arrest was without probable cause or was otherwise unlawful. Defendants further assert, as an affirmative defense to the false arrest claim under Iowa law, that Officer Winters and Lieutenant Wing acted in good faith and with a reasonable belief as to the lawfulness of the arrest.  It will be your duty to decide from the evidence whether Mr. Galanakis is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

––––––––––––––––––––––––

8th Circuit Federal Civil Jury Instructions (2025), 1.03

**Instruction No. 4**
**EXPLANATORY: EVIDENCE; LIMITATIONS**

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it, unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You

need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

_____

8th Circuit Federal Civil Jury Instructions (2025), 1.04

**Instruction No. 5**
**EXPLANATORY: BENCH CONFERENCES AND RECESSES**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

_____

8th Circuit Federal Civil Jury Instructions (2025), 1.05

**Instruction No. 6**
**EXPLANATORY: NO TRANSCRIPT AVAILABLE [NOTE-TAKING]**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them _____.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

_____

8th Circuit Federal Civil Jury Instructions (2025), 1.06

10

**Instruction No. 7**
**EXPLANATORY: CONDUCT OF THE JURY**

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

First, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the [bailiff] [deputy clerk]. (Describe person.)

Fourth, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

Fifth, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court. But you must

11

warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

Sixth, do not do any research or investigate the case facts or the law-- on the Internet, in libraries, newspapers, dictionaries or otherwise. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

Seventh, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over I suggest that you reduce or limit [avoid at all] reading or receiving any digital streaming or any newspapers or news journals, and avoid listening to any television or radio newscasts

at all. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want, you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over. I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

Eighth, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Ninth, it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that

13

person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

_____

8th Circuit Federal Civil Jury Instructions (2025), 1.08

**Instruction No. 8**
**EXPLANATORY: OUTLINE OF THE TRIAL**

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

---

8th Circuit Federal Civil Jury Instructions (2025), 1.09

**Instruction No. 9**
**EXPLANATORY: DUTIES OF JURY; RECESSES**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

As I instructed you earlier, it is important that you discharge your duties as jurors without discrimination or bias regarding any party, witness, or counsel on account of race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

16

---

8th Circuit Federal Civil Jury Instructions (2025), 2.01

**Instruction No. 10**
**EXPLANATORY: STIPULATED FACTS**

1.    On August 28, 2022, Officer Nathan Winters and Lieutenant Christopher Wing arrested Tayvin Galanakis for Operating While Intoxicated.

2.    When Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they were acting under color of Iowa law.

3.    When Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they were acting within the scope of their employment with the City of Newton, Iowa, Police Department.

4.    After Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they transported him to the Newton Police Department where Officer Shinkle performed a drug influence evaluation and ultimately concluded Mr. Galanakis was not under the influence of a drug or another controlled substance, including alcohol.

5.    Mr. Galanakis was released without any criminal charge against him.

---

8th Circuit Federal Civil Jury Instructions (2025), 2.03

**Instruction No. 11**
**EXPLANATORY: JUDICIAL NOTICE**

I have decided to accept as proved the following fact[s]: _____.

You must accept [(this) (these)] fact[s] as proved.

_____

8th Circuit Federal Civil Jury Instructions (2025), 2.04

**Instruction No. 12**
**EXPLANATORY: EVIDENCE ADMITTED FOR LIMITED PURPOSE**

The evidence [(you are about to hear) (you have just heard)] may be considered

by you only on the [(issue) (question)] of _____. It may not be considered for any

other purpose.

_____

8th Circuit Federal Civil Jury Instructions (2025), 2.09

**Instruction No. 13**
**EXPLANATORY: DEPOSITION EVIDENCE AT TRIAL**

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was electronically video recorded and that recording now will be played for you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. When the deposition is read to you, you should not place any significance on the manner or tone of voice used to read the witness's answers to you.

_____

8th Circuit Federal Civil Jury Instructions (2025), 2.14

**Instruction No. 14**
**EXPLANATORY: ADDITIONAL INSTRUCTIONS**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you during the trial.

You will have copies of [the instructions I am about to give you now] [all of the instructions] in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

You must discharge your duties as jurors in your deliberations and rendering of a verdict without discrimination or bias against any party, witness, or counsel regarding race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

---

8th Circuit Federal Civil Jury Instructions (2025), 3.01

**Instruction No. 15**
**EXPLANATORY: JUDGE'S OPINION**

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

_____

8th Circuit Federal Civil Jury Instructions (2025), 3.02

**Instruction No. 16**
**EXPLANATORY: CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood. That may depend on whether it has to do with an important fact or only a small detail.

_____

8th Circuit Federal Civil Jury Instructions (2025), 3.03

24

**Instruction No. 17**
**EXPLANATORY: BURDEN OF PROOF**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more probably true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

_____

8th Circuit Federal Civil Jury Instructions (2025), 3.04 (modified)
9th Circuit Federal Civil Jury Instructions (2025), 1.6 (modified)

**Instruction No. 18**
**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

_____

7th Circuit Federal Civil Jury Instructions (2017 rev.), 1.11

## Instruction No. 19
### LAWYER INTERVIEWING WITNESSES

It is proper for a lawyer to meet with any witness in preparation for trial.

_____

7th Circuit Federal Civil Jury Instructions (2017 rev.), 1.16

## Instruction No. 19B
### LAWYER INTERVIEWING WITNESSES

The Defendants do not believe this instruction is necessary and therefore object to its inclusion.

**Instruction No. 20**
**NUMBER OF WITNESSES**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

_____

7th Circuit Federal Civil Jury Instructions (2017 rev.), 1.17

**Instruction No. 21**
**EXPLANATORY: EXPERT OPINION**

You have heard testimony from expert witnesses who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of this witness.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

———————————————

8th Circuit Federal Civil Jury Instructions (2025), 3.05

## Instruction No. 22A
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

_____

9th Circuit Federal Civil Jury Instructions (2025), 1.12

## Instruction No. 22B
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

The Defendants do not believe this instruction is necessary because direct and circumstantial evidence is addressed in proposed Instruction No. 4 consistent with the Eighth Circuit's model instruction.

**Instruction No. 23**
**TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

_____

9th Circuit Federal Civil Jury Instructions (2025), 1.8

**Instruction No. 24**
**§ 1983 CLAIM – INTRODUCTORY INSTRUCTION**

The plaintiff, Mr. Galanakis, brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.01

**Instruction No. 25**
**DEFINITION: UNDER COLOR OF LAW**

In this case, the parties have stipulated that Defendants Nathan Winters and

Christopher Wing acted "under color" of law, and you must accept that fact as proved.

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.20

**Instruction No. 26**
**ELEMENTS OF CLAIM: FALSE ARREST UNDER 42 U.S.C. §1983**

Your verdict must be for the Plaintiff, Mr. Galanakis, and against Defendants Nathan Winters and Christopher Wing for Mr. Galanakis's arrest without probable cause in violation of his civil and constitutional rights if all the following elements have been proved:

First, Officers Winters and Wing arrested Mr. Galanakis; and

Second, Officers Winters and Wing did not have probable cause to arrest Mr. Galanakis; and

If any of the above elements has not been proved, then your verdict must be for Defendants Nathan Winters and Christopher Wing.

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in Officer Winters's or Officer Wing's position would have believed that Mr. Galanakis had committed a crime. In determining whether there was probable cause for the arrest, you should consider what Officer Winters and Officer Wing knew and the reasonably trustworthy information Officers Winters and Wing had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Officer Winters's or Officer Wing's belief was probably right.

---

8th Circuit Federal Civil Jury Instructions (2025), 4.52

34

**Instruction No. 27A**
**DEFINITION: OWI – UNDER THE INFLUENCE, CONCENTRATION OF .08, AND CONTROLLED SUBSTANCE**

The crime of Operating While Intoxicated can be committed in three ways: (1) by operating a motor vehicle while under the influence of alcohol or drugs, (2) by operating a motor vehicle while having an alcohol concentration of .08 or more, and/or (3) by operating a motor vehicle while having a measurable amount of a controlled substance in the person.

A person is "under the influence" when, by drinking liquor and/or beer, one or more of the following is true:

1. His reason or mental ability has been affected.

2. His judgment is impaired.

3. His emotions are visibly excited.

4. He has, to any extent, lost control of bodily actions or motion

---

Iowa Model Criminal Jury Instructions (July 2025), 2500.1 (modified)
Iowa Model Criminal Jury Instructions (July 2025), 2500.5

**Instruction No. 27B**
**DEFINITION: OWI – UNDER THE INFLUENCE, CONCENTRATION OF .08,**
**AND CONTROLLED SUBSTANCE**

The crime of Operating While Intoxicated can be committed in three ways: (1) by operating a motor vehicle while under the influence of alcohol or drugs, (2) by operating a motor vehicle while having an alcohol concentration of .08 or more, and/or (3) by operating a motor vehicle while having a measurable amount of a controlled substance in the person.

A person is "under the influence" when one or more of the following is true:

1. His reason or mental ability has been affected.

2. His judgment is impaired.

3. His emotions are visibly excited.

4. He has, to any extent, lost control of bodily actions or motion

_____

Iowa Model Criminal Jury Instructions (July 2025), 2500.1 (modified)
Iowa Model Criminal Jury Instructions (July 2025), 2500.5

## Instruction No. 28A
## FALSE ARREST UNDER IOWA LAW – ESSENTIALS FOR RECOVERY

"False arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement.

Mr. Galanakis must prove all of the following propositions:

1. He was detained or restrained against his will.

2. The detention or restraint was done by the Defendants Officer Winters and Officer Wing.

3. The detention or restraint was a cause of Mr. Galanakis's damage.

4. The amount of damage.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, you will consider the defense of good faith and reasonable belief as explained in Instruction No. 32.

_____

Iowa Model Civil Jury Instructions (July 2025), 2800.1

**Instruction No. 28B**
**FALSE ARREST UNDER IOWA LAW – ESSENTIALS FOR RECOVERY**

"False arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement.

Mr. Galanakis must prove all of the following propositions:

1. He was detained or restrained against his will.

2. The detention or restraint was done by the Defendants Officer Winters and Lieutenant Wing.

3. The detention or restraint by Officer Winters and Lieutenant Wing was unlawful.

4. The detention or restraint was a cause of Mr. Galanakis's damage.

5. The amount of damage.

The detention or restraint was lawful if Officer Winters and Lieutenant Wing had probable cause to believe Galanakis committed a crime, including Operating While Intoxicated.

If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, you will consider the defense of good faith and reasonable belief as explained in Instruction No. 32.

---

Iowa Model Civil Jury Instructions (July 2025), 2800.1
*Kraft v. City of Bettendorf*, 359 N.W.2d 466, 469 (Iowa 1984)
Iowa Code § 804.7(1)(c)

**Instruction No. 29**
**DEFINITION: ARREST**

"Arrest" means taking a person into custody. It includes restraint or detention of the person or his submission to custody. In this case, the parties have stipulated that Defendants Nathan Winters and Christopher Wing arrested Tayvin Galanakis, and you must accept that fact as proved.

_____

Iowa Model Civil Jury Instructions (July 2025), 2800.2 (modified)

**Instruction No. 30B**
**FALSE ARREST – AFFIRMATIVE DEFENSE – GOOD FAITH AND**
**REASONABLE BELIEF**

The defendants claim Officer Winters and Lieutenant Wing acted in good faith and with a reasonable belief.

Defendants must prove both of the following propositions:

1. Officer Winters and Lieutenant Wing believed in good faith that the person who was arrested had committed a crime.

2. Officer Winters and Lieutenant Wing's belief was reasonable.

If the defendants have failed to prove both of these propositions, the defendants have not proved their defense. If the defendants have proved both of these propositions, the plaintiff cannot recover and your verdict will be for the defendants.

_____

Iowa Model Civil Jury Instructions (July 2025), 2800.3

## Instruction No. 31A
## FALSE ARREST – GOOD FAITH

"Good faith" describes a state of mind denoting honesty of purpose and being faithful to one's duty and obligation. It is a subjective belief that one's conduct is not unconscionable, or that known circumstances do not require further investigation. It requires due diligence and the exercise of ordinary care.

_____

*City of Riverdale v. Diercks*, 806 N.W.2d 643, 656 (Iowa 2011) (*quoting Sieg Co. v. Kelly*, 568 N.W.2d 794, 804-05 (Iowa 1997))

*Children v. Burton*, 331 N.W.2d 673, 680-81 (Iowa 1983) (*quoting Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339, 1348 (2nd Cir.1972)

*O'Neill v. Keeling*, 288 N.W. 887, 890 (Iowa 1939) (*quoting Blocker v. Clark*, 54 S.E. 1022, 1023 (Ga. 1906)

## Instruction No. 31B
## FALSE ARREST – GOOD FAITH

The defendants do not believe this instruction is necessary because "good faith" is a term or phrase that any common juror understands and does not need specific definition. The defendants therefore object to the inclusion of proposed Instruction No. 33.

**Instruction No. 32**
**FALSE ARREST – REASONABLE BELIEF**

A person's belief is reasonable if it is based on reasonably trustworthy information about the facts and circumstances which would allow a reasonably careful person to believe a crime had been committed.

Whether an arrest is based on a reasonable belief is determined by the circumstances existing and known to the defendant when the arrest was made, and not later investigation of the facts or the outcome of later criminal charges.

_____

Iowa Model Civil Jury Instructions (July 2025), 2800.4

**Instruction No. 33**
**LIABILITY OF EMPLOYER**

An employer is liable for the wrongful acts of an officer, agent, or employee if the acts are done in the scope of the employment.

_____

Iowa Model Civil Jury Instructions (July 2025), 730.1

**Instruction No. 34**
**SCOPE OF EMPLOYMENT**

For an act to be within the scope of an employee's employment, the act must be necessary to accomplish the purpose of the employment, and it must be intended to accomplish that purpose. In this case, the parties have stipulated that Defendants Nathan Winters and Christopher Wing acted within the scope of employment, and you must accept that fact as proved.

_____

Iowa Model Civil Jury Instructions (July 2025), 730.2 (modified)

**Instruction No. 35**
**DAMAGES - ACTUAL**

If you find in favor of the plaintiff under Instruction 28 or 30, then you must award the plaintiff an amount of money that will fairly compensate the plaintiff for any damages you find the plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the violation of the plaintiff's constitutional rights.

You must determine mental and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the suffering, and whether it is temporary or permanent.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.70

**Instruction No. 36**
**DAMAGES - NOMINAL**

If you find in favor of the plaintiff under Instruction 28, but you find that the

plaintiff's damages have no monetary value, then you must return a verdict for the

plaintiff in the nominal amount of One Dollar ($1.00).

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.71

**Instruction No. 37**
**DAMAGES – PUNITIVE**

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of the plaintiff and against defendants under Instructions 28 or 30 and if it has been proved that the conduct of that defendant as submitted in Instructions 28 or 30 was malicious or recklessly indifferent to the plaintiff's rights, then you may, but are not required to, award the plaintiff an additional amount of money as punitive damages for the purposes of punishing the defendant for engaging in misconduct and deterring the defendants and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instructions 34 and 35.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the defendant's conduct was. In this regard, you may consider whether the harm suffered by the plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether the defendant's conduct that harmed the plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the plaintiff.

2. How much harm the defendant's wrongful conduct caused the plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the defendant's financial condition, to punish the

47

defendant for his wrongful conduct toward the plaintiff and to deter the defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to the plaintiff.

You may assess punitive damages against one or more defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.72

**Instruction No. 38**
**DEFINITION: MALICIOUSLY**

"Maliciously" means intentionally injuring another without just cause.

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.24

**Instruction No. 39**
**EXPLANATORY: ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNAMINOUS VERDICT; VERDICT FORMS**

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

Second, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this

case.

Fourth, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Fifth, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the marshal and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

Sixth, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Finally, the court has prepared Special Verdict forms with written questions for you to answer. These questions will be provided to you in writing and contain places for you to record your findings. You will note that some questions should be answered only if certain answers are given to prior questions. The form contains specific directions about how to proceed. Consider the questions in their numerical order and follow the stated directions. You must record as your findings only answers

51

52

to which all jurors unanimously agree. When you unanimously have decided upon the answer to any question considered, the foreperson will record the answer in the space provided. When you have finished with all the questions, the foreperson will sign and date the form and tell the marshal that you are ready to return to the courtroom with your verdict.

_____

8th Circuit Federal Civil Jury Instructions (2025), 3.07

**Instruction No. 40**
**EXPLANATORY: "ALLEN" CHARGE TO BE GIVEN AFTER EXTENDED**
**DELIBERATION**

As I told you earlier, it is your duty to consult with one another, deliberate, and try to reach agreement, if you can do that without violating your conscience. Of course, you must not give up your honest beliefs about the evidence just because of what other jurors believe to be true, or just because you want to reach a verdict. Each of you must decide the case for yourself, but only after considering and discussing the evidence with your fellow jurors.

When you deliberate, you should be willing to re-examine your own views and change your mind, if you decide you were mistaken. For all jurors to agree, you will have to openly and frankly examine and discuss the questions you have to decide. Listen to the opinions of others and be willing to re-examine your own views.

Finally, remember that you are not representing any side. You are, instead, judges – judges of the facts; judges of the believability of the witnesses; and judges of the weight of the evidence. Your only job is to find the truth from the evidence. You may take all the time you need. There is no reason to think that this case would be tried in a better way or that a different jury would be more likely to reach a decision. If you cannot agree on a verdict, the case is left open, and it will have to be retried at some later time.

You are reasonable people. Please go back now to continue your deliberations using your best judgment.

---

8th Circuit Federal Civil Jury Instructions (2025), 3.08

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>     Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>     Defendants. | **CASE NO. 4:23-cv-00044**<br><br><br>**VERDICT FORM IA – FOURTH AMENDMENT VIOLATION** |

We, the jury, unanimously find the following by a preponderance of the evidence:

(1) Did Nathan Winters lack probable cause when he arrested Tayvin Galanakis for the crime of Operating While Intoxicated?

Answer: Yes _____  No _____

PROCEED TO THE NEXT QUESTION.

(2) Did Christopher Wing lack probable cause when he arrested Tayvin Galanakis for the crime of Operating While Intoxicated?

Answer: Yes _____  No _____

IF YOU ANSWERED "YES" TO EITHER QUESTION 1 OR 2, PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO" TO BOTH QUESTIONS 1 AND 2, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM I AND PROCEED TO VERDICT FORM II.

(3) Did Tayvin Galanakis suffer actual damages as a result of his arrest?

Answer: Yes _____  No _____

IF YOU ANSWERED "YES', PROCEED TO QUESTION 4(A). IF YOU ANSWERED "NO", PROCEED TO PART 4(B).

 (4)(A) Please state the amount that will fairly compensate Tayvin Galanakis

55

for any damages he actually sustained as a result of Defendants' conduct?

       Nathan Winters: $ _____
       (Fill in Dollar Figure)

       Christopher Wing: $ _____
       (Fill in Dollar Figure)

       (4)(B) Because we answered "No" to Question 3, Tayvin Galanakis is awarded

nominal damages in the amount of $_____ (Write in $1.00.)

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.80 (modified)
11th Circuit Civil Pattern Jury Instructions (Sept. 2025), 5.13 – Appendix B (modified)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>    Defendants. | CASE NO. 4:23-cv-00044<br><br><br>VERDICT FORM IB – FOURTH AMENDMENT VIOLATION |

We, the jury, unanimously find the following by a preponderance of the evidence:

(1) Did Nathan Winters lack probable cause when he arrested Tayvin Galanakis for the crime of Operating While Intoxicated?

Answer: Yes _____ No _____

PROCEED TO THE NEXT QUESTION.

(2) Did Christopher Wing lack probable cause when he arrested Tayvin Galanakis for the crime of Operating While Intoxicated?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES" TO EITHER QUESTION 1 OR 2, PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO" TO BOTH QUESTIONS 1 AND 2, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM I, PROCEED TO VERDICT FORM II, ANSWER "NO" TO QUESTIONS 1 AND 2 ON VERDICT FORM II, AND SIGN AND DATE VERDICT FORM II.

(3) Did Tayvin Galanakis suffer actual damages as a result of his arrest?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES', PROCEED TO QUESTION 4(A). IF YOU ANSWERED "NO", PROCEED TO PART 4(B).

 (4)(A) Please state the amount that will fairly compensate Tayvin Galanakis

56

for any damages he actually sustained as a result of Nathan Winters's conduct.

Answer: $ _____
(Fill in Dollar Figure)

(4)(B) Because we answered "No" to Question 3, Tayvin Galanakis is awarded

nominal damages in the amount of $_____ (Write in $1.00.)

SO SAY WE ALL, this ___ day of _____, 2026.

_____
Foreperson

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.80 (modified)
11th Circuit Civil Pattern Jury Instructions (Sept. 2025), 5.13 – Appendix B (modified)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>        Defendants. | CASE NO. 4:23-cv-00044<br><br><br>VERDICT FORM IIA – FALSE ARREST |

We, the jury, unanimously find the following by a preponderance of the evidence:

### A.   False Arrest

(1) Was Nathan Winter's detention or restraint of Tayvin Galanakis unlawful?

Answer: Yes _____  No _____

(2) Was Christopher Wing's detention or restraint of Tayvin Galanakis unlawful?

Answer: Yes _____  No _____

IF YOU ANSWERED "YES" TO EITHER QUESTION, PROCEED TO SECTION B. IF YOU ANSWERED "NO" TO BOTH QUESTIONS, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT FORM III.

### B.   Affirmative Defense – Good Faith and Reasonable Belief

(3) Did Nathan Winters have a good faith belief that Tayvin Galanakis had committed the crime of Operating While Intoxicated?

Answer: Yes _____  No _____

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO," PROCEED TO QUESTION 5.

(4) Was Nathan Winters's belief reasonable?

Answer: Yes _____ No _____

PROCEED TO THE NEXT QUESTION.

(5) Did Christopher Wing have a good faith belief that Tayvin Galanakis had

committed a crime?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO" TO THIS QUESTION, PROCEED TO SECTION C.

(6) Was Christopher Wing's belief reasonable?

Answer: Yes _____ No _____

PROCEED TO SECTION C ONLY IF ONE OR MORE OF THE ABOVE FINDINGS IS IN FAVOR OF THE PLAINTIFF. OTHERWISE, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT FORM III.

### C.   **Actual Damages**

(7) Did the detention or restraint of Tayvin Galanakis cause him damages?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES," PROCEED TO QUESTION 8(A). IF YOU ANSWERED "NO," PROCEED TO QUESTION 8(B).

(8)(A) Please state the amount that will fairly compensate Tayvin Galanakis for any damages he actually sustained as a result of his detention or restraint:

Nathan Winters: $ _____
(Fill in Dollar Figure)

Christopher Wing: $ _____
(Fill in Dollar Figure)

(8)(B) Because we answered "No" to Question 3, Tayvin Galanakis is awarded nominal damages in the amount of $_____ (Write in $1.00.)

THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT FORM III.

SO SAY WE ALL, this ___ day of _____, 2026.

_____
  Foreperson

_____

Iowa Model Civil Jury Instructions (July 2025), 2800.1
Iowa Model Civil Jury Instructions (July 2025), 2800.3
8th Circuit Federal Civil Jury Instructions (2025), 4.80 (modified)

35 *C.J.S. False Imprisonment* §81 (April 2026 Update) ("The fact of an illegal restraint thus raises the right to recover at least nominal damages regardless of whether actual damages have been proven. Nominal damages vindicate an invasion of a right that otherwise would go without redress, such as a false arrest where there are no actual damages, and thus, a claimant must be awarded at least nominal damages when the intentional tort of false imprisonment has been established.")

*Collier v. Nogelmeier*, 2010 WL 11692101, *1 (N.D. Iowa Aug. 3, 2010) (noting a jury award of nominal damages on finding of false arrest claim)

60

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>         Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>         Defendants. | **CASE NO. 4:23-cv-00044**<br><br><br>**VERDICT FORM IIB – FALSE ARREST** |

We, the jury, unanimously find the following by a preponderance of the evidence:

A.    <u>**False Arrest**</u>

(1) Was Nathan Winter's detention or restraint of Tayvin Galanakis unlawful?

Answer: Yes _____   No _____

(2) Was Christopher Wing's detention or restraint of Tayvin Galanakis unlawful?

Answer: Yes _____   No _____

IF YOU ANSWERED "YES" TO EITHER QUESTION, PROCEED TO SECTION B. IF YOU ANSWERED "NO" TO BOTH QUESTIONS, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT FORM III.

B.    <u>**Affirmative Defense – Good Faith and Reasonable Belief**</u>

(3) Did Nathan Winters have a good faith belief that Tayvin Galanakis had committed the crime of Operating While Intoxicated?

Answer: Yes _____   No _____

61

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO," PROCEED TO QUESTION 5.

(4) Was Nathan Winters's belief reasonable?

Answer: Yes _____   No _____

PROCEED TO THE NEXT QUESTION.

(5) Did Christopher Wing have a good faith belief that Tayvin Galanakis had

committed a crime?

Answer: Yes _____   No _____

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO" TO THIS QUESTION, PROCEED TO SECTION C.

(6) Was Christopher Wing's belief reasonable?

Answer: Yes _____   No _____

PROCEED TO SECTION C ONLY IF ONE OR MORE OF THE ABOVE FINDINGS IS IN FAVOR OF THE PLAINTIFF. OTHERWISE, THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT FORM III.

## C.   **Actual Damages**

(7) Did the detention or restraint of Tayvin Galanakis cause him damages?

Answer: Yes _____   No _____

IF YOU ANSWERED "YES," PROCEED TO QUESTION 8(A). IF YOU ANSWERED "NO," THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II. IF YOU AWARDED ACTUAL OR NOMINAL DAMAGES ON VERDICT FORM I, THEN PROCEED TO VERDICT FORM III. OTHERWISE, DO NOT PROCEED TO VERDICT FORM III.

(8)(A) Please state the amount that will fairly compensate Tayvin Galanakis for any damages he actually sustained as a result of his detention or restraint:

Answer: $ _____
(Fill in Dollar Figure)

THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM II AND PROCEED TO VERDICT

FORM III.

SO SAY WE ALL, this ___ day of _____, 2026.


_____
Foreperson


_____

Iowa Model Civil Jury Instructions (July 2025), 2800.1
Iowa Model Civil Jury Instructions (July 2025), 2800.3
8th Circuit Federal Civil Jury Instructions (2025), 4.80 (modified)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>        Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>        Defendants. | CASE NO. 4:23-cv-00044<br><br><br>**VERDICT FORM III – PUNITIVE DAMAGES** |

YOU MAY NOT AWARD PUNITIVE DAMAGES AGAINST ANY DEFENDANT UNLESS YOU HAVE FIRST FOUND AGAINST THAT DEFENDANT AND AWARDED THE PLAINTIFF NOMINAL OR ACTUAL DAMAGES.

(1) Did Nathan Winters act maliciously or wantonly in violating Tayvin Galanakis's rights?

Answer: Yes _____ No _____

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO," PROCEED TO QUESTION 3.

(2) Do you award punitive damages against Nathan Winters?

Answer: Yes _____ No _____

If yes, in what amount?

Answer: $ _____
(Fill in Dollar Figure)

PROCEED TO THE NEXT QUESTION.

(3) Did Christopher Wing act maliciously or wantonly in violating Tayvin Galanakis's rights?

Answer: Yes _____ No _____

64

65

IF YOU ANSWERED "YES," PROCEED TO THE NEXT QUESTION. IF YOU ANSWERED "NO," THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM III AND PROCEED TO VERDICT FORM IV.

(4) Do you award punitive damages against Christopher Wing?

Answer: Yes _____ No _____

If yes, in what amount?

Answer: $ _____
(Fill in Dollar Figure)

THE FOREPERSON SHOULD SIGN AND DATE VERDICT FORM III AND PROCEED TO VERDICT FORM IV.

SO SAY WE ALL, this day of June _____, 2026.

_____
  Foreperson

_____

8th Circuit Federal Civil Jury Instructions (2025), 4.72
8th Circuit Federal Civil Jury Instructions (2025), 4.80 (modified)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>          Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>          Defendants. | CASE NO. 4:23-cv-00044<br><br><br>VERDICT FORM IV –<br>RESPONDEAT SUPERIOR |

We, the jury, unanimously find the following by a preponderance of the evidence:

(1) Did the jury find in favor of Tayvin Galanakis for False Arrest against Nathan Winters?

Answer: Yes _____ No _____

(2) Did the jury find in favor of Tayvin Galanakis for False Arrest against Christopher Wing?

Answer: Yes _____ No _____

SO SAY WE ALL, this day of June _____, 2026.

_____

Foreperson

_____

*Dickens v. Associated Anesthesiologists, P.C.*, 709 N.W.2d 122, 125 (Iowa 2006) ("Under this doctrine, the employer is vicariously liable for the negligent acts of its employees. …One of the limitations of the doctrine is that the employer has no liability unless the employee is liable.")

66

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>    Defendants. | CASE NO. 4:23-cv-00044<br><br><br>**SPECIAL VERDICT FORM A:<br>SPECIAL INTERROGATORIES** |

To assist the Court in determining qualified immunity, you are directed to consider and answer the following questions:

1.      Were Galanakis's eyes red or bloodshot?

Answer: Yes _____ No _____

2.      Did Galanakis accurately identify expired copies of his automobile registration and proof of automobile insurance?

Answer: Yes _____ No _____

3.      Did Officer Winters have reason to believe that Galanakis was not being truthful when Galanakis told Officer Winters that he was drug tested every Friday?

Answer: Yes _____ No _____

4.      Did Galanakis fail his walk-and-turn field sobriety test?

Answer: Yes _____ No _____

5.      Did Galanakis fail his one-leg-stand field sobriety test?

Answer: Yes _____ No _____

6.      Did Galanakis show signs that his mental ability had been affected?

Answer: Yes _____ No _____

67

7.      Were Galanakis's emotions visibly excited?

Answer: Yes _____ No _____

8th Circuit Federal Civil Jury Instructions (2025), 21.90

## SPECIAL VERDICT FORM B: SPECIAL INTERROGATORIES

Plaintiff objects to Defendants' proposed Special Verdict Form as it is an improper statement of the law, unsupported by authorities, and misleading to the jury.