**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>      Plaintiff,<br><br>**v.**<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>      Defendants. | **CASE NO. 4:23-cv-00044** |
| **NATHAN WINTERS AND CHRISTOPHER WING,**<br>      Counterclaim Plaintiffs,<br><br>**v.**<br><br>**TAYVIN GALANAKIS,**<br>      Counterclaim Defendant. | **PLAINTIFF'S TRIAL BRIEF** |

**COMES NOW,** the Plaintiff, and for this Trial Brief states:

## TABLE OF CONTENTS

I.   **CAUSES OF ACTION**.................................................................................... 2

    A.   **42 U.S.C. §1983 – ARREST WITHOUT PROBABLE CAUSE**............................ 2

    B.   **FALSE ARREST** .................................................................................. 4

    C.   **RESPONDEAT SUPERIOR** ...................................................................... 6

    D.   **ACTUAL DAMAGES** ............................................................................. 6

    E.   **NOMINAL DAMAGES**........................................................................... 7

    F.   **PUNITIVE DAMAGES**........................................................................... 8

II.  **EVIDENTIARY MATTERS**............................................................................ 9

A.   ONLINE COMMENTS INADMISSIBLE FOR LACK OF AUTHENTICITY AND FOUNDATION, RELEVANCE, AND AS HEARSAY..............................................9

III. INSTRUCTION ISSUE..................................................................................12

A.   DEFENDANTS' VERDICT FORM SEEKING SPECIAL INTERROGATORY FINDINGS IS IMPROPER........................................................................12

## I.    CAUSES OF ACTION

### A.   42 U.S.C. §1983 – ARREST WITHOUT PROBABLE CAUSE

The parties are stipulating that Tayvin Galanakis was arrested by Officer Nathan Winters and Lieutenant Christopher Wing for Operating While Intoxicated; that when they did so, they were acting under color of law; that Tayvin was not intoxicated or otherwise impaired by alcohol or another controlled substance; and that he was released without any criminal charge.

The Fourth Amendment of the U.S. Constitution provides individuals with the right "to be secure in [his] person" and that warrants may not issue "but upon probable cause." U.S. Const. Amend. IV. Warrantless arrest is only reasonable under the Fourth Amendment when there is probable cause to believe a criminal offense has been or is being committed by the person arrested. *Bell v. Neukirch*, 979 F.3d 594, 603 (8th Cir. 2020). Probable cause depends on reasonable conclusions drawn from the facts known to the arresting officers at the time of arrest. *Id*. This standard is intended to be a "'practical, non-technical conception" calling for facts and circumstances that permit a prudent man to believe the person committed or is committing a crime. *Id*. (*quoting Gerstein v. Pugh*, 420 U.S. 103, 111-112 (1975)).

While it is not high bar, it is a bar, and requires facts and circumstances

establishing a "fair probability" or "substantial chance" the person seized has committed a crime. *Bell*, 979 F.3d at 603 (*quoting Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983)). Probable cause exists "to safeguard citizens from rash and unreasonable interferences with privacy and unfounded charges of crime." *Brinegar v. U.S.*, 338 U.S. 160, 176 (1949). To allow arrest on anything less "would be to leave law-abiding citizens at the mercy of the officers' whim or caprice." *Id.*

To arrest Tayvin Galanakis for the offense of Operating While Intoxicated, Officer Winters and Lieutenant Wing were required to have probable cause to believe Tayvin was intoxicated. *Lambert v. City of Dumas*, 187 F.3d 931, 935 (8th Cir. 1999). Any argument that such cause existed was defeated once Tayvin had completed sobriety tests and blew 0.00 on the preliminary breath test.  Tayvin denies his eyes were bloodshot, a denial bolstered by the body camera footage showing his eyes as normal. His speech was not slurred. Any claim he smelled of alcohol is false, as demonstrated by the three zeros on the breath test. He was steady on his feet and fully cooperated until Officer Winters' began accusing him. These facts contradict any claim as to probable cause to believe he was intoxicated. *See State v. Morgan*, 877 N.W.2d 133, 137 (Iowa Ct. App. 2016) (*quoting* 61A C.J.S. Motor Vehicles §1518 (2016)) ("'[C]ommon indicia of intoxication include an odor of alcohol, bloodshot and watery eyes, slurred speech and an uncooperative attitude.'")

Nor did field testing display evidence of impairment due to intoxication. Tayvin had no blood alcohol content. All clues from testing arose from a failure to follow instructions, not impairment. Tayvin and Officer Winters were more interested in

3

bickering than listening, with Officer Winters counseled for his poor communication during this stop. Officer Winters had no basis for suspecting Tayvin had used marijuana, was not qualified to make such a determination, but knew that marijuana does not smell like alcohol. Tayvin was released without charges following examination by a Drug Recognition Expert, as there were no indications of intoxication. Plaintiff believes all of these facts will be established at trial with the jury being asked to find the arrest was without probable cause resulting in damages to Tayvin.

## B.    FALSE ARREST

False arrest requires "(1) detention or restraint against one's will and (2) unlawfulness of the detention or restraint unlawful detention or restraint against one's will." *Children v. Burton*, 331 N.W.2d 673, 678–79 (Iowa 1983). Its essential elements are. *Id*. It is "the unlawful restraint of an individual's personal liberty or freedom of locomotion." *Sergeant v. Watson Bros. Transp. Co.*, 52 N.W.2d 86, 92 (Iowa 1952). "Every confinement of the person is an imprisonment…even by forcibly detaining one in the public streets." *Fox v. McCurnin*, 218 N.W. 499, 501 (Iowa 1928) (*quoting* 2 Blackstone, Comm. book 3, p. 171). An arrest is defined as taking a person into custody. *Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 769 (Iowa 2002). An arrest is defined as "the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody." Iowa Code §804.5. As it is an objective question, Iowa law looks at whether a statutory

4

arrest occurred. *Richards v. City of West Des Moines*, No. 22-0895, 2023 WL 4759456, *5 n.2 (Iowa Ct. App. July 26, 2023).

The lawfulness of detention is determined under the objective standard of Iowa Code §804.7. *Veatch v. City of Waverly*, 858 N.W.2d 1, 7 (Iowa 2015). Under §804.7, warrantless arrests are permitted: "1. For a public offense committed or attempted in the peace officer's presence[;] 2. Where a public offense has in fact been committed, and the peace officer has reasonable ground for believing that the person to be arrested has committed it." Iowa Code §807.4(1)-(2).

For either, the officer must have probable cause. *See Young v. City of Des Moines*, 262 N.W.2d 612, 619 (Iowa 1978) (adopting probable cause requirement for misdemeanors committed in officer's presence) *overruled on other grounds, Parks v. City of Marshalltown*, 440 N.W.2d 377 (Iowa 1989); *Veatch*, 858 N.W.2d at 7 ("reasonable grounds" in Iowa Code §870.4 equivalent to probable cause). This is not "identical to the federal constitutional standard" and arrests consistent with the Fourth Amendment probable cause standard do not automatically satisfy §804.7. *Id.*

In a civil context, "if an officer acts in good faith and with a reasonable belief that a crime has been committed and the person arrested committed," the arrest is justified. *Children*, 331 N.W.2d at 680. This must be based on facts within the officer's knowledge at the time the arrest was made. *Id.* In this context, reasonable grounds has the same meaning as reasonable suspicion, which requires "specific and articulable facts, which taken together with rational inferences…to believe criminal activity may have occurred" as determined by the information available at the time.

5

*State v. Tague*, 676 N.W.2d 197, 204 (Iowa 2004). Lack of charges or booking does not preclude an arrest. *State v. Rains*, 574 N.W.2d 904, 910 (Iowa 1998) *overruled on other grounds, State v. Williams*, 895 N.W.2d 856 (Iowa 2017).

Tayvin was detained against his will. Once a warrantless seizure is shown, "the burden of proof shifts to the defendant to show justification[.]" *Children*, 331 N.W.2d at 679. This justification must come from "facts within the officers' knowledge *at the time the arrest is made*." *Id.* at 680 (original emphasis).

## C.    RESPONDEAT SUPERIOR

An employer is liable for the negligence of an employee while the employee is acting within the scope of his or her employment. *Godar v. Edwards*, 588 N.W.2d 701 (Iowa 1999).  Scope of employment includes acts: "so closely connected with…and so fairly and reasonably incidental to" the employment "that they may be regarded as methods, even though quite improper ones, of carrying [its] objectives[.]" *Jones v. Blair*, 387 N.W.2d 349 (Iowa 1986). The parties have stipulated that Officer Winters and Lieutenant Wing were acting in their scope of employment with the City of Newton when they arrested Tayvin.

## D.    ACTUAL DAMAGES

If liability is found for a constitutional violation, "'[c]ompensatory damages…are mandatory; once liability is found, the jury is required to award compensatory damages in an amount appropriate to compensate the plaintiff for his loss.'" *Thurairajah v. City of Fort Smith, Ark.*, 3 F.4th 1017, 1026 (8th Cir. 2021) (*quoting Smith v. Wade*, 461 U.S. 30, 52 (1983)). These damages include

compensation for "emotional harm suffered (including fear, humiliation and mental anguish) even though no actual damages are proven[.]" *Bauer v. Norris*, 713 F.2d 408, 413 (8th Cir. 1983). *See also Carey v. Piphus*, 435 U.S. 247, n.22 (1978) (collecting cases on compensatory damages awards for illegal arrests, including "humiliation, embarrassment and discomfort" and fact "plaintiff was outraged by the arrest.")

Such damages are available for false arrest, as "an essential part of the injury done by a false arrest is the mental anguish it causes the victim." *Kraft v. City of Bettendorf*, 359 N.W.2d 466, 470 (Iowa 1984). While loss of time and expense may be incidental harms, "'the principal ground of recovery in most cases of this kind is the shame and humiliation to which the injured party has been wrongfully subjected.'" *Id.* (*quoting Young v. Gormley*, 94 N.W. 922, 923 (1903)).

E.   **NOMINAL DAMAGES**

The purpose of a damages claim under §1983 is "to compensate persons for injuries caused by the deprivation of constitutional rights. *Carey*, 435 U.S. at 254. If compensatory damages are not established from a constitutional violation, a nominal damages award "recognizes the importance to organized society" of scrupulous observance of these rights while holding "true to the principle that substantial damages should be awarded only to compensate actual injury." *Id.* at 266. Thus, the Court is obligated "to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992).

The same is true where a false arrest is established, but an actual injury is not:

> The fact of an illegal restraint thus raises the right to recover at least nominal damages regardless of whether actual damages have been proven. Nominal damages vindicate an invasion of a right that otherwise would go without redress, such as a false arrest where there are no actual damages, and thus, a claimant must be awarded at least nominal damages when the intentional tort of false imprisonment has been established.

35 *C.J.S. False Imprisonment* §81 (April 2026 Update). *See also Collier v. Nogelmeier*, 2010 WL 11692101, *1 (N.D. Iowa Aug. 3, 2010) (noting a jury award of nominal damages on finding of false arrest claim).

**F.   PUNITIVE DAMAGES**

An award of punitive damages is at the discretion of the fact finder upon a showing of sufficiently serious misconduct. *Thurairajah*, 3 F.4th at 1026. The purpose of such damages is to punish a defendant for willful or malicious conduct and deter others from this behavior. *Id*. It focuses on a defendant's intent and whether the conduct is the kind calling for deterrence or punishment beyond what may be awarded in compensatory damages. *Id*. Juries may assess punitive damages when evidence shows conduct motivated by evil motive or intent, or callous indifference to constitutional rights. *Id*. The same holds for punitive damages from false arrest, with evidence that "officers arrested [him] for a serious offense without probable cause despite [his] protestations of innocence and exculpatory evidence…enough to allow a reasonable juror to conclude the officers engaged in willful, want, and reckless, misconduct." *Dunn v. Doe 1-22*, 670 F.Supp.3d 735, 824 (S.D. Iowa 2023).

## II.    EVIDENTIARY MATTERS

### A.    ONLINE COMMENTS INADMISSIBLE FOR LACK OF AUTHENTICITY AND FOUNDATION, RELEVANCE, AND AS HEARSAY

Defendants seek to introduce online comments made by unknown third parties into evidence at trial. These must be excluded for several reasons. First, Defendants have not identified any method by which they would establish the authenticity of these comments. Before an exhibit can be admitted at trial, its authenticity must be established by "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Jones v. National American University*, 608 F.3d 1039, 1045 (8th Cir. 2010) (*quoting* Fed. R. Evid. 901(a)). This requires proving "a rational basis for the party's claim that the document is what it is asserted to be." *Id.* (*quoting U.S. v. Wadena*, 152 F.3d 831, 854 (8th Cir. 1998)).

While not ordinarily a high bar, the nature of online comments create additional complexities. First, online evidence in general requires testimony that explains how it was captured and preserved at a given time and that what is offered are true and correct copies. *See U.S. v. Gasperini*, 894 F.3d 482, 490 (2nd Cir. 2018) (*citing U.S. v. Bansal*, 663 F.3d 634, 667-68 (3rd Cir. 2011). It is unknown how Defendants intend to do this as no one has been identified as being able to do so. Nor can it be done by just anyone, as electronic evidence requires a witness with personal knowledge able to "provide factual specificity about the process by which the electronically stored information was  is created, acquired, maintained, and preserved without alteration or change, or the process by which it is produced if the result of a system or process that does so[.]" *Lorraine v. Markel American Ins. Co.*,

241 F.R.D. 534, 546 (D. Md. 2007). *See also People v. Johnson,* 28 N.Y.S.3d 783, 792 (N.Y. Cty. Ct. 2015) (applying *Lorraine* to exclude Facebook page evidence for lack of authentication).

When the information to be introduced is a comment or "like" made by an individual, there must be someone able to testify with "personal knowledge that the proffered materials were created by the person to whom he attributed them[.]" *Johnson,* 28 N.Y.S.3d at 792. This is due to the realities that "such data can be manipulated or corrupted" and "the great ease with which a social media account may be falsified or a legitimate account may be accessed by an imposter." *U.S. v. Browne,* 834 F.3d 403, 412 (3rd Cir. 2016). These comments require Defendants to show the comments were made by the purported author. *U.S. v. Jackson,* 208 F.3d 633, 638 (7th Cir. 2000). Unless Defendants can link the comment to an author, there is no authentication. *U.S. v. Lamm,* 5 F.4th 942, 948 (8th Cir. 2021).

Nor do these comments relevant to any facts at issue. Evidence is only relevant if it tends to make "more or less probable" a fact "of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. And relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of…: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. And any relevance these comments would have is lessened unless admitted for their truth, as "[g]iven the anonymous nature of the comments, their relatively limited number and the fact that they are not considered for the truth…,

the weight afforded them is slight." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F.Supp.2d 630, 647 (S.D. N.Y. 2011).

This leads directly into the hearsay nature of such comments.Each comment is a written assertion by a declarant not made while testifying during trial, making every single comment hearsay if offered to prove the truth of the matter asserted. Fed. R. Civ. P. 801(a)-(c). Online comments do not inherently fall within a hearsay exception, and can "only be admitted for their truth upon a showing that each individual out-of-court statement falls within an exception[.]" *Steak N Shake Inc. v. White*,  No. 4:18-cv-00072, 2020 WL 758977, *2 (E.D. Mo. Feb. 14, 2020). *See also Goldstein v. Hindle*, No. 21-cv-3124, 2026 WL 63116 (D. Md. Jan. 8, 2026) (alleged defamatory Facebook comments hearsay when offered for truth). Courts have applied the hearsay rule to internet comments to such an extent as to state, "'[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.'" *U.S. v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (*quoting St. Clair v. Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp.2d 773, 775 (S.D. Tex. 1999)).

Tayvin asserts these comments are not subject to a hearsay exception. No witnesses have been identified as being the source of any comments, nor any documentation produced that would support any exception for them. Such comments should be ordered excluded as hearsay, irrelevant, and lacking in authenticity and foundation.

## III.    INSTRUCTION ISSUE

### A.    DEFENDANTS' VERDICT FORM SEEKING SPECIAL INTERROGATORY FINDINGS IS IMPROPER

Defendants seek to have the jury instructed to find whether specific individual facts were present in order to renew an argument for qualified immunity already rejected by this Court and the Eighth Circuit. For legal support, only two authorities are cited. The first is the model instruction for special interrogatories, which provides only the form in which they are to be drafted along with a statement to "[describe equitable issue or defense]." 8th Circuit Federal Civil Jury Instructions (2025), 21.90. This is because Section 21 of the model instructions covers Trademark cases. 8th Circuit Federal Civil Jury Instructions (2025), 21.00. Qualified immunity is not an equitable defense.

The substantive law cited does provide that qualified immunity may be renewed at trial, with the district court to "consider as a matter of law whether the actions of the officers violated a clearly established right." *Ellison v. Lesher*, 796 F.3d 910, 918 (8th 2015). This includes the option to submit "special interrogatories to a jury to aid the court in making the qualified immunity determination." *Id.* These interrogatories, however, are not to be ones asking the jury to unanimously decide whether any single individual fact was established.

Such an approach is contrary, first, to how probable cause is assessed, which is by "looking at the 'whole picture.'" *Galanakis v. City of Newton, Iowa*, 134 F.4th 998, 1004 (8th Cir. 2025). Defendants' argument has already been faulted as a "'divide-and-conquer approach' to the facts" rather than one weighing "'all the

surrounding circumstances' in assessing whether the officers' belief that probable cause existed was reasonable." *Id*. At that stage, when viewing the record in Plaintiff's favor, Defendants' "sampling of Galanakis's actions and statements during the entire course of the stop" failed in the face of the "totality of the circumstances – namely the video of a lengthy stop in which Galanakis registers almost no outward indication of intoxication[.]" *Id*. Asking the jury to do the same for its factual findings is contrary to the law of probable cause.

It is also contrary to what is required for unanimity. It is the verdict that needs to be unanimous, not the facts on which a jury reaches it: "[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element[.]" *Richardson v. U.S.*, 526 U.S. 813, 817 (1999). It is improper to require a jury to do so here.

The analysis of probable cause during a jury trial involving qualified immunity has two steps. *Peterson v. City of Plymouth*, 60 F.3d 469, 473 (8th Cir. 1995). The first is whether there was actual probable cause. *Id*. The jury is already being asked to find this by the marshalling instruction. If they say yes, there is no violation. If they say no, the Court then considers whether "a reasonable officer could believe the arrests were supported by probable cause." *Id*. at 474. The special verdict in *Peterson* simply asked whether individual officers violated the Fourth Amendment or falsely imprisoned the plaintiff. *Id*. at 472. This is as far as is needed to permit the Court to assess the second step based on the evidence in the record. *Id*. at 477.

Further, the jury is already being asked to decide if Defendants had a

13

reasonable belief that Plaintiff had committed OWI as part of their defense of good faith and reasonable belief as to false arrest. If the jury finds such a belief, the Court can then assess whether this finding also require qualified immunity under the federal standard. Instructing a jury to find unanimous individual facts, particularly when as drafted, divorced from the requirement that the jury find unanimously that they were caused by intoxication, is improper.

**BOLES WITOSKY STEWART LAW PLLC**

BY: _/s/ Adam C. Witosky_

Matthew M. Boles          AT0001037
Adam C. Witosky           AT0010436
Christopher Stewart       AT0013127
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
Telephone:       (515) 235-0551
Facsimile:       (515) 243-3696
Email:     matt@bwsiowa.com
           adam@bwsiowa.com
           chris@bwsiowa.com

**ATTORNEYS FOR PLAINTIFF/**
**COUNTERCLAIM DEFENDANTS**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on May 12, 2026. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

_/s/ Adam Witosky_

14