**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| TAYVIN GALANAKIS,<br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA, et al.,<br>    Defendants. | CASE NO. 4:23-cv-00044<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE |

**COMES NOW,** the Plaintiff, and for this Reply In Support of Motion In Limine, states:

## I.    LOCAL RULE 7(K)

Plaintiff acknowledges having not sought Defendants' position on the issues raised in the Motion in Limine under LR 7(k). It is also acknowledged that failure to do so does permit the Court to "deny its Motion on that reason alone." *Epstein Construction, Inc. v. Modern Piping, Inc.*, No. 19-cv-106, 2022 WL 407382, *5 (N.D. Iowa Feb. 9, 2022). There is no denying the importance of compliance with local rules. *U.S. v. Winters*, 592 F. Supp. 2d 1105, 1108 n.1, (S.D. Iowa January 9, 2009) ("Counsel is reminded of the importance of complying with local rules."); *Shannon v. Barilla Am. Inc.*, 4:06-cv-00173, 2008 WL 793511, *2 n.1 (S.D. Iowa March 10, 2008) ("Plaintiff's counsel is reminded of the importance of complying with the Local Rules."); *Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1082 n.1 (S.D. Iowa September 27, 2007) ("Counsel is reminded of the importance of complying with the Local Rules."). Yet in each of these cases, including *Epstein*, the court declined to rule based on the failure of compliance and "assess[ed] the parties' other arguments[.]"

*Epstein*, 2022 WL 407382 at *5.

This is likely because while the purpose of such rules is "to ensure the efficient and expedient execution of justice," the standard for enforcement "is better framed in terms of fairness." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2nd Cir. 1991), *superseded on other grounds in Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2nd Cir. 2024). The question is whether "application of the letter of Local Rules to a particular case would cause an unjust result." *Somlyo*, 932 F.2d at 1049. *See also U.S. v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989) (court "must ensure no party's substantial rights are unfairly jeopardized.").

Because of this, "'[t]he district court has considerable discretion in applying its local rules.'" *R.A.D. Services LLC v. State Farm Fire & Casualty Company*, 60 F.4th 408, 412 (8th Cir. 2023) (*quoting Buffetts, Inc. v. Leischow*, 732 F.3d 889, 895 (8th Cir. 2013)) (rejecting evidence on summary judgment for failure to timely file as opposing party prejudiced by having to respond before evidence was filed). There must generally be more than a "technical violation" as "[l]itigation should not turn on gamesmanship." *United Mexican States v. Nelson*, No. 22-cv-4047, 2023 WL 2616095, *8 (N.D. Iowa March 23, 2023). Defendants do not assert that addressing the issues raised in the Motion on the merits would be prejudicial or unfair, contending only that "conferring would have narrowed and sharpened the issues[.]" (R.Doc. 103 at 3.)

Plaintiff recognizes the technical violation of LR 7(k). Plaintiff would note, however, that in counsel's experience, this is the first time any party has sought enforcement of LR 7(k) regarding a Motion in Limine. In litigation of similar claims

against other municipalities, no counsel has sought advance agreement on a limine issue filing or faulted the other for not doing so. While this appears to have become a point of emphasis for the Court, this is a recent development. *Compare Trevino v. Carolina Cargo Freight Expediters, LLC*, No. 4:22-cv-00225, 2024 WL 5682120, *1 (S.D. Iowa July 3, 2024) (motions failing to comply with LR 7(b)(3) addressed on merits with warning that renewed motions "must include briefs…supporting the motions and include citations to authority[.]") *to Bruhn Farms Joint Venture v. Fireman's Fund Insurance Company*, No. 13-cv-4106, 2017 WL 752282, *6 n.2 (N.D. Iowa Feb. 27, 2017) (questioning lawyers "waste of paper" when nothing in "local rules suggest that parties should file separate motions in limine and briefs on specific issues.").

Given that the only Plaintiff's claims remain for trial, there are only three issues in the Motion for the Court to address. Defendants have had a full opportunity to prepare their arguments for why the evidence should be admitted. There is no unfairness from this Court doing so despite Plaintiff's error.

## 2.  *College Drug Testing Standards*

Defendants assert there is probative value in Officer Winters' testimony as to his "perception" of Tayvin's statement about being drug tested weekly by the William Penn football team, because he instantly believed it false. Besides his self-serving testimony, there is nothing in any contemporaneous document or his deposition to support this. This Court has already noted, "Winters's incident report does not mention anything about this[.]" (R.Doc.77 at 16.) Nor does he contend that he had

contemporaneous knowledge of William Penn's policies, only that his understanding of NAIA's policies from his own past recruitment was different than what Tayvin had stated. (R.Doc. 40-3 at 8-9.)

The offending statement was specific to his team's, not the conferences, drug testing of him. Even if Winters claimed recollection of NAIA policies was immediate, that has nothing to do with what Tayvin said. Nor did this statement play into his decision to arrest. Based on his own statements, Officer Winters had already decided probable cause existed before Tayvin said anything about team testing. Had Tayvin said nothing, he would not have been free to leave and there was no more testing for Officer Winters to perform. Any testimony by Officer Winters on this issue is irrelevant and risks misleading or confusing the jury . Fed. R. Evid. 402, 403.

Defendants complain generally that Plaintiff's Motion should be denied because it did not specifically identify what was to be excluded. The Motion specifically stated: "Officer Winters should not be permitted to testify on it, nor introduce evidence of the NAIA and William Penn drug testing policies." (R.Doc. 102 at 3.) Defendants have announced they will not be introducing the policies, with no confusion as to the documents referenced. (*See* R.Doc. 40-3 at 37-69.) There is no confusion on which to justify denial of the Motion.

### 3.   *GoFundMe Evidence*

The authority Defendants rely on to introduce evidence of Tayvin's short-lived GoFundMe does not support their position. The case specifically notes that the offering party was "barred from offering evidence or argument that" payments were

received from a third-party source under the collateral source rule. *North Star Mutual Ins. Co. v. Lipps*, No. 20-cv-3042, 2022 WL 19000608, \*2 (N.D. Iowa Nov. 22, 2022). This is true whether payments go to damages or attorney fees. *Id.*

It is true *Lipps* allowed the offering party to discuss evidence of payments for the limited purpose of demonstrating what portion was attributed to "contractual damages" versus "extracontractual damages" so long as it could be done without mentioning the source or reasons for apportionment. *Id*. Tayvin's claims are not in contract and there is only one category of compensatory damages to be determined by the jury. Nor do Defendants explain how they can present the GoFundMe evidence without naming the source. The *Lipps* decision does not support admitting the evidence in this case. And as there are only four pages of documents regarding the GoFundMe that Defendants seek to introduce, there is no confusion as to what is sought to be excluded.

### 4.  *T-Shirt Evidence*

This evidence has no bearing on the mental and emotional distress Tayvin suffered during his arrest and detention by Defendants. As such, it has little if any relevance and would only work to stoke an emotional reaction in the jury against him, requiring exclusion for being unduly prejudicial. Fed. R. Evid. 403. the four pages of documents to be introduced belie any confusion as to what is to be excluded.

For these reasons, Plaintiff's Motion In Limine should be granted, with the Court ordering exclusion of all prohibited evidence and arguments.

**BOLES WITOSKY STEWART LAW PLLC**

BY:     */s/ Adam C. Witosky*

    Matthew M. Boles       AT0001037
    Adam C. Witosky        AT0010436
    Christopher Stewart     AT0013127
    2015 Grand Avenue, Ste. 200
    Des Moines, Iowa 50312
    Telephone:    (515) 235-0551
    Facsimile:    (515) 243-3696
    Email:   matt@bwsiowa.com
              adam@bwsiowa.com
              chris@bwsiowa.com

    **ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANTS**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on May 14, 2026. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

*/s/ Adam Witosky*

6