**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>      Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>      Defendants. | **CASE NO. 4:23-cv-00044**<br><br><br>**FINAL PRETRIAL ORDER** |

**COME NOW**, the Parties, and pursuant to the Court's Pre-trial Order, hereby propose the following Joint Proposed Final Pretrial Order for the trial:

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on May 15, 2026.

The following counsel, who will try the case, appeared at the conference:

1.      For the Plaintiff:
Matthew Boles and Adam Witosky
2015 Grand Avenue, Suite 200
Des Moines, IA 50312
515-235-0551

2.      For the Defendants:
Nicholas Miller, Jenna Hatanpa, and Jack Hatanpa
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
515-274-1450

Accordingly, it is ordered:

**I.**      The parties agree that the following facts are true and undisputed:

**A.**      On August 28, 2022, Officer Nathan Winters and Lieutenant Christopher Wing arrested Tayvin Galanakis for Operating While Intoxicated.

**B.**      When Officer Winters and Lieutenant Wing arrested Mr. Galanakis,

they were acting under color of Iowa law.

**C.**   When Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they were acting within the scope of their employment with the City of Newton, Iowa, Police Department.

**D.**   After Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they transported him to the Newton Police Department where another officer performed a drug influence evaluation and ultimately concluded Mr. Galanakis was not under the influence of a drug or another controlled substance, including alcohol.

**E.**   Mr. Galanakis was released without any criminal charge against him.

**F.**   Mr. Galanakis was in custody for approximately three hours.

## II.   EXHIBITS

**A.** The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

### 1.  Plaintiff's Exhibits

7.  DRE Report by Officer Andrew Shinkle (City ID 00009)
9.  Curriculum Vitae of Lance Platt, Ph.D.

### 2.  Defendants' Exhibits

A.  Portion of Body Camera Video of Officer Nathan Winters (City ID 00630), 00:12:48–00:40:50
B.  Portion of Body Camera Video of Lieutenant Christopher Wing (City ID 00629), 00:12:49–00:40:52
C.  Curriculum Vitae of Captain Matt Bruner

**B.** Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to

which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

## 1. Plaintiff's Exhibits

1. Body Camera Video of Officer Nathan Winters (City ID 00630)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: The Defendants do not object to the portion of Exhibit 1 consisting of 00:12:48–00:40:50. The Defendants do, however, object to all portions of Exhibit 1 following 00:40:50 because those portions are irrelevant (FRE 401 & 402) and unfairly prejudicial (FRE 403).

2. Body Camera Video of Lieutenant Christopher Wing (City ID 00629)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: The Defendants do not object to the portion of Exhibit 2 consisting of 00:12:49–00:40:52. The Defendants do, however, object to all portions of Exhibit 2 following 00:40:50 because those portions are irrelevant (FRE 401 & 402) and unfairly prejudicial (FRE 403).

3. Body Camera of Officer Andrew Shinkle (City ID 00628)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: irrelevant (FRE 401 & 402); cumulative (FRE 403); unfairly prejudicial (FRE 403)

4. Incident Report by Officer Nathan Winters (City ID 00001)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: irrelevant (FRE 401 & 402); unfairly prejudicial (FRE 403)

5. Incident Report by Lieutenant Christopher Wing (City ID 00005)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of

probable cause, credibility, actual damages, and punitive damages

Objection: irrelevant (FRE 401 & 402); unfairly prejudicial (FRE 403)

6. Incident Report by Officer Andrew Shinkle (City ID 00007)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: irrelevant (FRE 401 & 402); cumulative (FRE 403); unfairly prejudicial (FRE 403)

8. Investigation Report 22-006 (City RFP 00864)

Purpose: Lack of probable cause to arrest, lack of reasonable belief of probable cause, credibility, actual damages, and punitive damages

Objection: irrelevant (FRE 401 & 402); unfairly prejudicial (FRE 403)

10. Video Deposition of Lance Platt, PhD.

Purpose: Dr. Platt is unavailable to testify in person as he has been subpoenaed to testify at trial in California, where he resides, on the same dates of this trial. The deposition was conducted by Mr. Miller without objection. Sections to be removed include recorded portions not consisting of Dr. Platt's testimony, as well as portions regarding college testing standards depending on this Court's limine ruling. His recorded deposition is approximately two-and-a-half hours long. It constitutes former testimony under Fed. R. Evid. 804(b)(1) and proper expert opinion testimony under Fed. R. Evid. 702-704.

Objection: Specific page and line references to the parts of Dr. Platt's testimony that Galanakis intends to offer as evidence are not provided. Presenting the entirety of Dr. Platt's testimony will cause an undue delay (FRE 403) and be a waste of time (FRE 403). The Defendants' other objections are hearsay (FRE 801 & 802) and opinion on an ultimate issue (FRE 702 & 704).

11. Technical Report of Officer Nathan Winters Examination by Lance Platt, PhD.

Purpose: This report constitutes Dr. Platt's opinion as sworn to during deposition, where it was admitted as an exhibit. It constitutes former testimony under Fed R. Evid. 804(b)(1), present sense impression under

4

Fed. R. Evid. 803(1), and appropriately admitted under the residual exception, Fed. R. Evid. 807. It is proper expert opinion testimony under Fed. R. Evid. 702-704.

Objection: hearsay (FRE 801 & 802); opinion on an ultimate issue (FRE 702 & 704).

12.  Technical Report of DRE Examination by Lance Platt, PhD.

Purpose: This report constitutes Dr. Platt's opinion. It constitutes former testimony under Fed R. Evid. 804(b)(1), present sense impression under Fed. R. Evid. 803(1), and appropriately admitted under the residual exception, Fed. R. Evid. 807. It is proper expert opinion testimony under Fed. R. Evid. 702-704.

Objection: hearsay (FRE 801 & 802); opinion on an ultimate issue (FRE 702 & 704).

## 2.  Defendants' Exhibits

E.  Galanakis GoFundMe Fundraiser Update (City ID 00302)

Purpose: The Defendants offer this evidence for the purpose of proving Galanakis suffered no damages, caused his own damages, and/or for the purpose of challenging Mr. Galanakis's credibility. The Defendants also offer this evidence under Rule 608.

Objection: As set out in Plaintiff's Motion in Limine, it is irrelevant under Fed. R. Evid. 401-402 and inadmissible under the collateral source rule. It is also unfairly prejudicial under Fed. R. Evid. 403.

**C.** Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

## 1.  Defendants' Exhibits

D.  Galanakis GoFundMe Page (City ID 00297–00300)

Purpose: The Defendants offer this evidence for the purpose of proving Galanakis suffered no damages, caused his own damages, and/or for the purpose of challenging Mr. Galanakis's credibility. The

Defendants also offer this evidence under Rule 608.

Objection: As set out in Plaintiff's Motion in Limine, it is irrelevant under Fed. R. Evid. 401-402 and inadmissible under the collateral source rule. It is also unfairly prejudicial under Fed. R. Evid. 403. Pages 00298-00300 are further objected to on the grounds of lack of authentication, Fed. R. Evid. 901; lack of foundation; and are hearsay, Fed. R. Evid. 801-802.

F.  Facebook Post and Comments with Link to Online Shop (City ID 00518–00519)

Purpose: The Defendants offer this evidence for the purpose of proving Galanakis suffered no damages and otherwise caused his own damages.

Objection:  As set out in Plaintiff's Motion in Limine, it is irrelevant under Fed. R. Evid. 401-402. It is also unfairly prejudicial under Fed. R. Evid. 403. It is further objected to on the grounds of lack of authentication, Fed. R. Evid. 901; lack of foundation; and hearsay, Fed. R. Evid. 801-802.

G.  Galanakis TikTok Post and Comments (City ID 00355)

Purpose: The Defendants offer this evidence for the purpose of proving Galanakis suffered no damages and otherwise caused his own damages.

Objection: As set out in Plaintiff's Motion in Limine, it is irrelevant under Fed. R. Evid. 401-402. It is also unfairly prejudicial under Fed. R. Evid. 403. It is further objected to on the grounds of lack of authentication, Fed. R. Evid. 901; lack of foundation; and hearsay, Fed. R. Evid. 801-802.

H.  Galanakis TikTok Post and Comments (City ID 00436)

Purpose: The Defendants offer this evidence for the purpose of proving Galanakis suffered no damages and otherwise caused his own damages.

Objection: As set out in Plaintiff's Motion in Limine, it is irrelevant under Fed. R. Evid. 401-402. It is also unfairly prejudicial under Fed. R. Evid. 403. It is further objected to on the grounds of lack of authentication, Fed. R. Evid. 901; lack of foundation; and hearsay, Fed. R. Evid. 801-802.

## III.   WITNESSES

## A. Plaintiff's Witnesses

1. Tavin Galanakis
   c/o Boles Witosky Stewart Law PLLC
   2015 Grand Avenue, Suite 200
   Des Moines, IA 50312

Plaintiff will testify to his stop, detention, and arrest by Officer Winters and Lieutenant Wing, the examinations he underwent, his interactions with law enforcement that night and previously, his injuries and damages, and other matters related to his claims as previously disclosed or testified to in deposition.

2. Lance Platt, Ph.D.
   Impaired Driving Consulting
   4343 Carter Creek Parkway, Suite 120
   Bryan, TX 77802

Dr. Platt's testimony will be presented by video deposition. His testimony will pertain to his expert opinion as to whether Tayvin Galanakis presented sufficient signs of intoxication to generate probable cause to believe he was intoxicated.

Objection: The Defendants assert the same objections they asserted to Plaintiff's Exhibit 10.

3. Officer Nathan Winters
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

Defendant will testify to his stop, detention, and arrest of Tayvin Galanakis, the examinations he performed, his interactions with Mr. Galanakis, his training and experience, and other matters related to Mr. Galanakis's claims as previously disclosed or testified to in deposition.

4. Lieutenant Christopher Wing
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

Defendant will testify to his stop, detention, and arrest of Tayvin Galanakis, the examinations he observed, his interactions with Mr.

Galanakis, Officer Winters, and Officer Andrew Shinkle, his training and experience, his supervision of Officer Winters, and other matters related to Mr. Galanakis's claims as previously disclosed.

5. Officer Andrew Shinkle
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

Officer will testify to his examination of Tavyin Galanakis, his interactions with Mr. Galanakis, Officer Winters, and Officer Andrew Shinkle, his training and experience, and other matters related to Mr. Galanakis's claims as previously disclosed.

## B. Defendants' Witnesses

1. Officer Nathan Winters
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

Officer Winters will testify about his stop and arrest of Tayvin Galanakis, including the circumstances for the stop and arrest. To the extent relevant to the stop, arrest, and supporting circumstances, Officer Winters will also testify about his training, experience, and qualifications.

2. Lieutenant Christopher Wing
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

Lieutenant Wing will testify about the stop and arrest of Tayvin Galanakis, including the circumstances for the stop and arrest. To the extent relevant to the stop, arrest, and supporting circumstances, Lieutenant Wing will also testify about his training, experience, and qualifications.

3. Officer Andrew Shinkle
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, IA 50266

To the extent relevant, Officer Shinkle may testify about the drug influence evaluation he performed on Mr. Galanakis and his conclusions from that evaluation. If relevant, he may also testify about his training, experience,

and qualifications.

4. Captain Matthew Bruner
   c/o Brick Gentry PC
   6701 Westown Parkway, Suite 100
   West Des Moines, Iowa 50266

Captain Bruner is the Defendants' retained testifying expert and will testify about the subjects discussed in his report, including his qualifications, his experience, his methods, the resources and materials cited in his report, standard practices and procedures for identifying intoxication, and indicators of intoxication.

5. Tayvin Galanakis
   c/o Boles Witosky Stewart Law PLLC
   2015 Grand Avenue, Suite 200
   Des Moines, IA 50312

Mr. Galanakis will testify about his stop and arrest, including the underlying circumstances. He will also testify about his own online content, his own statements, and third-party comments on his online content.

## V. FACTUAL ISSUES

### A. Plaintiff's Factual Issues

1. Officer Winters and Lieutenant Wing lacked probable cause to arrest Tayvin Galanakis for Operating While Intoxicated under the Fourth Amendment of the U.S. Constitution.

2. Officer Winters and Lieutenant Wing's arrest of Tayvin Galanakis was unlawful for purposes of false arrest under Iowa common law.

3. Tayvin Galanakis was damaged by his unconstitutional and unlawful arrest by Officer Winters and Lieutenant Wing.

4. Whether Officer Winters and Lieutenant Wing were reckless or callously indifferent to Plaintiff's rights.

5. Officer Winters and Lieutenant Wing willfully and wantonly disregarded Plaintiff's constitutional and legal rights.

6. The amount of punitive damages is needed to punish Officer Winters and

Lieutenant Wing and deter others from similar wrongful conduct in the future.

## B. Defendants' Factual Issues

1. Under all the relevant circumstances, Officer Winters and Lieutenant Wing had probable cause to arrest Mr. Galanakis for operating his vehicle while intoxicated.

2. Because Officer Winters and Lieutenant Wing had probable cause to arrest Mr. Galanakis for operating his vehicle while intoxicated, they did not violate the Fourth Amendment to the U.S. Constitution. Nor did they falsely arrest Mr. Galanakis in violation of Iowa common law.

3. Because Officer Winters and Lieutenant Wing had probable cause to arrest Mr. Galanakis, the City of Newton is not vicariously liable for false arrest under Iowa common law.

4. Officer Winters and Lieutenant Wing never acted recklessly, callously, wantonly, or in willful disregard with respect to Mr. Galanakis. Rather, the officers acted based on demonstrable traffic violations and probable cause to believe that Mr. Galanakis was intoxicated.

5. In the event Mr. Galanakis was arrested without probable cause in violation of the Fourth Amendment, his damages have no monetary value and only nominal damages should be awarded.

6. In the event Mr. Galanakis was arrested without probable cause in violation of the Fourth Amendment or falsely arrested in violation of Iowa common law, Mr. Galanakis caused his own damages.

## VI.   LEGAL CONTENTIONS

### A. Plaintiff's Legal Contentions

1. 42 U.S.C. §1983 - Arrest Without Probable Cause in Violation of the Fourth Amendment of the U.S. Constitution

   a. Officer Nathan Winters and Lieutenant Christopher Wing arrested Tayvin Galanakis.

   b. Officer Winters and Lieutenant Wing were operating under color of law when they arrested. Mr. Galanakis.

c. Officers Winters and Lieutenant Wing did not have probable cause to arrest Mr. Galanakis.

d. Mr. Galanakis was damaged by this arrest.

2. False Arrest

a. Tayvin Galanakis was detained or restrained against his will.

b. The detention or restraint was done by Officer Nathan Winters and Lieutenant Christopher Wing.

c. The detention or restraint was a cause of Mr. Galanakis's damage.

3. Respondeat Superior

a. Officer Nathan Winters and Lieutenant Christopher Wing are employed by the City of Newton Police Department.

b. Officer Winter and Lieutenant Wing were acting within the scope of their employment when they falsely arrested Tayvin Galanakis.

4. Punitive Damages

a. Officer Winter and Lieutenant Wing were malicious or recklessly indifferent to Tayvin Galanakis's constitutional rights

## B. Defendants' Legal Contentions

1. 42 U.S.C. § 1983—Arrest Without Probable Cause in Violation of the Fourth Amendment

a. Officer Winters and Lieutenant Wing do not dispute that they arrested Mr. Galanakis.

b. Officer Winters and Lieutenant Wing do not dispute that they arrested Mr. Galanakis while operating under color of Iowa law.

c. Officer Winters and Lieutenant Wing contend that under all the relevant circumstances, they had probable cause to believe Galanakis operated his vehicle while intoxicated.

d. Officer Winters and Lieutenant Wing also contend that even if they ultimately lacked probable cause, they reasonably believed they had probable cause, which entitles them to qualified immunity. *See Ellison*

11

*v. Lesher*, 796 F.3d 910, 918 (8th Cir. 2015) ("A qualified immunity defense, although unsuccessful on a motion for summary judgment, may be renewed at trial.").

e. Mr. Galanakis should only recover nominal damages for any Fourth Amendment violation.

f. The City of Newton, Iowa, is not liable—vicariously or otherwise—for any violation of Mr. Galanakis's Fourth Amendment rights.

2. False Arrest in Violation of Iowa Common Law

a. The Defendants do not dispute that Officer Winters and Lieutenant Wing restrained Mr. Galanakis against his will.

b. The Defendants contend they lawfully restrained and arrested Mr. Galanakis because they had probable cause to believe he operated his vehicle while intoxicated.

c. Mr. Galanakis caused his own damages, meaning he should not recover any damages—other than nominal damages—if he proves an unlawful arrest under the Fourth Amendment or false arrest under Iowa common law.

d. The Defendants also contend that even if they ultimately lacked probable cause, they reasonably believed they had probable cause, which entitles them to qualified immunity. *See* Iowa Code 670.4A.

3. Respondeat Superior

a. The Defendants do not dispute that Officer Winters and Lieutenant Wing were acting in the scope of their employment with the City of Newton, Iowa, when they arrested Mr. Galanakis.

b. The City of Newton contends that it is not liable for false arrest under Iowa common law because Officer Winters and Lieutenant Wing are entitled to qualified immunity.

c. The City of Newton contends Mr. Galanakis cause his own damages and should not recover any damages for false arrest under Iowa law.

4. Punitive Damages

a. Mr. Galanakis is not entitled to punitive damages in connection with

either his Fourth Amendment or common law false arrest claims.

## VI.  LEGAL ISSUES

### A.  Plaintiff's Legal Issues

1. Plaintiff has no legal issues besides those raised in the Motion in Limine and trial brief filings, which are not restated here.

### B.  Defendants' Legal Issues

1. The Defendants propose submitting special interrogatories to the jury for the purpose of determining discrete factual circumstances that may support a post-trial motion for qualified immunity. *See Ellison v. Lesher*, 796 F.3d 910, 918 (8th Cir. 2015).

2. The Defendants do not have any other legal issues they wish to raise outside of those raised in their trial brief.

**IT IS SO ORDERED.**

Dated this 28th day of May, 2026.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE