IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWTON, IOWA; NATHAN WINTERS, and CHRISTOPHER WING,<br><br>    Defendants. | No. 4:23-cv-00044-SHL-SBJ<br><br>**SUPPLEMENTAL ORDER ON MOTIONS IN LIMINE** |

At the Final Pretrial Conference, the Court issued definitive rulings on most motions in limine. (ECF 116.) The Court reserved ruling, however, on the portions of Plaintiff Tayvin Galanakis's Motions in Limine relating to the admissibility of social media evidence, including, but not necessarily limited to, evidence regarding his efforts to fundraise through GoFundMe and to sell t-shirts.

The Court will exclude evidence of Galanakis's attempts to fundraise through GoFundMe. As the Court understands it, Galanakis's goal was to raise funds to retain legal counsel. His efforts found only modest success, and, like most plaintiffs, he ended up being represented on a contingency basis. For this reason—and because attorney's fees are sometimes recoverable in cases of this nature pursuant to 42 U.S.C. § 1988(b)—evidence regarding his fundraising efforts is barred by the collateral source rule. *See McCaleb v. Rely Transp., Inc.*, No. 4:19-cv-00640-O, 2021 WL 4048552, at \*2 (N.D. Tex. Jan. 5, 2021). It is also inadmissible under Rules 401 and 403 of the Federal Rules of Evidence because it is either completely irrelevant (Rule 401), or, to the extent it has some modest relevance, the probative value is substantially outweighed by the danger of confusing the issues and misleading the jury (Rule 403). *See Hooks v. Saltgrass Ark., Inc.*, No. 4:21-cv-00841, 2024 WL 2163182, at \*12–13 (E.D. Ark. May 12, 2024). This result is unchanged by Defendants' argument that Galanakis did not use the money he raised in the way he said he would. What he told people he was going to do with money raised through GoFundMe is not relevant to what happened the night of his encounter with Defendants Winters and Wing.

Conversely, the Court generally intends to allow, within reason, Defendants to present evidence of Galanakis's efforts to sell t-shirts online, as well as evidence of other social media

activity (not including GoFundMe) in which he directly discusses the events surrounding his arrest by Defendants Winters and Wing. This evidence may, in some circumstances, shed light on what happened the night of his arrest. Moreover, and more generally, the evidence is likely relevant to Galanakis's claims for emotional distress damages. *See Brode v. Mon Health Care, Inc.*, No. 1:20-cv-253, 2023 WL 2755935, at *1 (N.D.W. Va. Mar. 31, 2023) ("Brode's social media posts are relevant to his state of mind, his level of emotional distress, and, overall, the issue of damages in this case."). The Court may end up limiting the evidence if Defendants appear to be using it for some other impermissible purpose or if the evidence becomes cumulative, but in general it is admissible.

In all other respects, the Court stands by the rulings issued on the record during the Final Pretrial Conference, as follows:

- The Court DENIES Galanakis's motion to exclude Winters from testifying about his understanding of college athlete drug testing standards. Winters may testify about what he understood the standards to be at the time of his interaction with Galanakis, as this evidence may shed light on whether he believed he had probable cause to arrest Galanakis. He may not testify about information he gathered later.

- The Court GRANTS Galanakis's motion to exclude evidence and argument regarding prior drug use.

- The Court DENIES AS MOOT Galanakis's motion to exclude evidence of affirmative defenses not pled, as Defendants have stated they have no intention of offering any such evidence.

- The Court GRANTS Galanakis's motion to exclude evidence and argument regarding "ripple effects" of litigation, references to taxpayers or taxation, and/or references to the source of payment for any damage award against Defendants Winters and Wing.

- The Court DENIES WITHOUT PREJUDICE Galanakis's motion to exclude opinion testimony from Defendants regarding the nature and extent of Galanakis's damages. Defendants Winters and Wing may testify about Galanakis's mood, demeanor, and behavior during their interactions with him on the night of his arrest. It does not otherwise appear that any Defendant intends to give opinion testimony about Galanakis's damages. If this changes at trial, Galanakis may renew his motion.

- The Court DENIES AS MOOT Galanakis's motions in limine relating to Winters's counterclaims, as the counterclaims have been dismissed.

- The Court GRANTS Galanakis's motion to exclude evidence or argument regarding dismissed claims.

- The Court GRANTS IN PART and DENIES IN PART Galanakis's motion to exclude evidence of other bad acts. Defendants will not be permitted to offer evidence or argument regarding bad acts by Galanakis unrelated to the incident at issue in the case. The only exception is that Defendants may present evidence that Galanakis was stopped on a prior occasion for having a headlight out.

- The Court GRANTS Galanakis's motion to exclude evidence of settlement offers.

- The Court GRANTS Galanakis's request for sequestration of witnesses, subject to the parties themselves being allowed to be present for the entire trial even though they will testify as witnesses and the City of Newton being allowed to have a city representative present during trial.

- The Court GRANTS the oral motion in limine to exclude expert reports as hearsay. The experts of course will be allowed to testify regarding their opinions and the facts and information on which they rely, but the written reports themselves will not be admitted into evidence.

**IT IS SO ORDERED.**

Dated: May 29, 2026

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE