IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| TAYVIN GALANAKIS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF NEWTON, IOWA; and NATHAN WINTERS and CHRISTOPHER WING, individually and in their official capacities with the Newton Police Department,<br><br>　　　　　Defendants. | **4:23-cv-00044-SHL-SBJ**<br><br><br>**PRELIMINARY<br>JURY INSTRUCTIONS** |

1

**Preliminary Instruction No. 1**
**GENERAL; NATURE OF CASE; DUTY OF JURY; CAUTIONARY**

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the Courtroom Deputy for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by plaintiff Tayvin Galanakis against defendants Nathan Winters, Christopher Wing, and the City of Newton, Iowa. Mr. Galanakis claims that on August 28, 2022, he was arrested by Officer Winters and Lieutenant Wing for operating while intoxicated without probable cause in violation of his Fourth Amendment rights. Mr. Galanakis also claims this arrest was a false arrest under Iowa law. Mr. Galanakis also claims that the City of Newton, as the employer of Officer Winters and Lieutenant Wing, is liable for their conduct on his false arrest claim under a theory of vicarious liability called respondeat superior. Defendants deny the arrest was without probable cause or was otherwise unlawful. Defendants further assert, as an affirmative defense to the false arrest claim under Iowa law, that Officer Winters and Lieutenant Wing acted in good faith and with a reasonable belief as to the lawfulness of the arrest.  It will be your duty to decide from the evidence whether Mr. Galanakis is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are. However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**Preliminary Instruction No. 2**
**EXPLANATORY: EVIDENCE; LIMITATIONS**

When I use the word "evidence," I mean the testimony of witnesses, documents and other things I receive as exhibits, facts that I tell you the parties have agreed are true, and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

1. Lawyers' statements, arguments, questions, and comments are not evidence.

2. Documents or other things that might be in court or talked about, but that I do not receive as exhibits are not evidence.

3. Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5. Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it, unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Preliminary Instruction No. 3**
**ELEMENTS OF CLAIM: FALSE ARREST UNDER 42 U.S.C. § 1983**

To help you follow the evidence, here is a brief summary of the nature and elements of Mr. Galanakis's claim under federal law that he was arrested without probable cause in violation of his Fourth Amendment rights. To prove this claim, Mr. Galanakis must prove the following elements:

First, Officer Winters and Lieutenant Wing arrested Mr. Galanakis; and

Second, Officer Winters and Lieutenant Wing did not have probable cause to arrest Mr. Galanakis.

If either of the above elements has not been proved, then your verdict must be for Defendants. You must reach a separate verdict for each Defendant.

Probable cause exists for an arrest if, at the moment the arrest was made, a reasonable person in Officer Winters's or Lieutenant Wing's position would have believed that Mr. Galanakis had committed a crime. In determining whether there was probable cause for the arrest, you should consider what Officer Winters and Lieutenant Wing knew and the reasonably trustworthy information Officers Winters and Lieutenant Wing had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Officer Winters's or Lieutenant Wing's belief was probably right.

**Preliminary Instruction No. 4**
**DEFINITION: OWI – UNDER THE INFLUENCE, CONCENTRATION OF .08, AND
CONTROLLED SUBSTANCE**

Officer Winters and Lieutenant Wing assert that they had probable cause to arrest Mr. Galanakis for the crime of Operating While Intoxicated. The crime of Operating While Intoxicated can be committed in three ways: (1) by operating a motor vehicle while under the influence of alcohol or drugs, (2) by operating a motor vehicle while having an alcohol concentration of .08 or more, and/or (3) by operating a motor vehicle while having a measurable amount of a controlled substance in the person.

A person is "under the influence" when, based on the influence of alcohol or drugs, one or more of the following is true:

1. The person's reason or mental ability has been affected.

2. The person's judgment is impaired.

3. The person's emotions are visibly excited.

4. The person has, to any extent, lost control of bodily actions or motion

**Preliminary Instruction No. 5**
**FALSE ARREST UNDER IOWA LAW – ESSENTIALS FOR RECOVERY**

I mentioned before that Mr. Galanakis is also bringing a claim for false arrest under Iowa law. "False arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement. To prove a claim for false arrest, Mr. Galanakis must prove the following elements:

1. He was detained or restrained against his will.

2. The detention or restraint was done by Officers Winters and/or Lieutenant Wing.

3. The detention or restraint by Officer Winters and/or Lieutenant Wing was unlawful.

4. The detention or restraint was a cause of Mr. Galanakis's damage.

5. The amount of damage.

The detention or restraint was lawful if Officer Winters and/or Lieutenant Wing had probable cause to believe Galanakis committed the crime of Operating While Intoxicated. You must return a separate verdict for each of Officer Winters and Lieutenant Wing.

If Mr. Galanakis fails to prove any of these elements, he is not entitled to damages. If Mr. Galanakis proves all of these elements, you will consider the defense of good faith and reasonable belief described in the next instruction.

An employer is liable for the wrongful acts of an officer, agent, or employee if the acts are done in the scope of the employment. The parties have stipulated that Officer Winters and Lieutenant Wing acted within the scope of their employment with the City of Newton, Iowa. You must accept that fact as proved. Thus, if Mr. Galanakis proves all of the elements identified above with respect to one or both of Officer Winters and Lieutenant Wing, the City of Newton, Iowa, is also liable.

**Preliminary Instruction No. 6**
**FALSE ARREST – AFFIRMATIVE DEFENSE – GOOD FAITH AND REASONABLE BELIEF**

Officer Winters and Lieutenant Wing assert that they acted in good faith and with a reasonable belief that there was probable cause to arrest Mr. Galanakis. To establish this defense, Officer Winters and/or Lieutenant Wing must prove the following elements:

1. Officer Winters and/or Lieutenant Wing believed in good faith that Mr. Galanakis had committed a crime.

2. Officer Winters and/or Lieutenant Wing's belief was reasonable.

You must consider this defense for each of Officer Winters and Lieutenant Wing separately. If one of them proves both elements, Mr. Galanakis cannot recover damages against that person. If both of them prove both elements, Mr. Galanakis cannot recover damages at all.

**Instruction No. 7**
**EXPLANATORY: STIPULATED FACTS**

The plaintiff and the defendants have stipulated – that is, they have agreed – to certain facts. You must, therefore, treat those facts as having been proved. Those facts are:

1.      On August 28, 2022, Officer Nathan Winters and Lieutenant Christopher Wing arrested Tayvin Galanakis for Operating While Intoxicated.

2.      When Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they were acting under color of Iowa law.

3.       When Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they were acting within the scope of their employment with the City of Newton, Iowa, Police Department.

4.      After Officer Winters and Lieutenant Wing arrested Mr. Galanakis, they transported him to the Newton Police Department where Officer Shinkle performed a drug influence evaluation and ultimately concluded Mr. Galanakis was not under the influence of a drug or another controlled substance, including alcohol.

5.      Mr. Galanakis was released without any criminal charge against him.

9

**Preliminary Instruction No. 8**
**BENCH CONFERENCES AND RECESSES**

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

**Preliminary Instruction No. 9**
**NO TRANSCRIPT AVAILABLE; NOTE-TAKING**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what the witnesses say. If you take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Courtroom Deputy will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them in your seats.

When you leave at night, your notes will be locked up and returned to you when you return. When the trial is over your notes will be destroyed. They will not be read by anyone other than you.

**Preliminary Instruction No. 10**
**CONDUCT OF THE JURY**

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy, Marissa Mast.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, please understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, employers, and other people that you are a part of this trial so that they know you have jury duty and are required to be in court. This is permitted, but you must warn them not to ask you about the case, tell you anything they know or think they know about this case, or talk about the case in front of you. Remember: You must not communicate with anyone in any manner about anything or anyone, including the court, about the evidence, arguments, or issues in the case.

You also must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or otherwise give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it might give the impression that you have already decided the case or are open to outside influences on your verdict. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case.

*Sixth*, do not do any research on the Internet, in libraries, on social media, in-person, or in any other way about the case, the legal or factual issues, or the parties involved.  Do not visit or view any place discussed in this case, and do not use the Internet, social media, or any other means to learn about any people, issues, or places discussed in the testimony.

*Seventh*, do not read or otherwise receive any information about the case, including, but not limited to, news stories, Internet articles, social media reports, or any other forms of information or communication. Do not listen to or watch any radio or television reports, or digital streaming, about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you limit or avoid reading or receiving any digital, audio, televised, or hardcopy news reports. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. This would be improper.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you conduct any independent research, investigation, or experiments, or otherwise get information from sources outside of the evidence presented in court, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors are given permission to deliberate at the end of the case.

*Ninth*, it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

**Preliminary Instruction No. 11**
**OUTLINE OF THE TRIAL**

The trial will proceed in the following manner:

First, the plaintiff's lawyer may make an opening statement. Next, the defendants' lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the plaintiff will then present evidence. The defendants' lawyer will have a chance to cross-examine the plaintiff's witnesses. After the plaintiff has finished presenting his case, the defendants may present evidence, and the plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from all sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

Dated this 1st day of June, 2026.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE

14