**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **TAYVIN GALANAKIS,**<br>        Plaintiff,<br><br>v.<br><br>**CITY OF NEWTON, IOWA, et al.,**<br>        Defendants. | **CASE NO. 4:23-cv-00044**<br><br>**JOINT STIPULATED AND UNRESISTED APPLICATION FOR PLAINTIFF'S ATTORNEY'S FEES AND COSTS UNDER 42 U.S.C. §1988** |

**COME NOW**, the Parties, by and through their respective counsels, and for this Stipulated and Unresisted Application for Plaintiff's Attorney's Fees and Costs Under 42 U.S.C. §1988, state:

1.      On June 4, 2026, the jury returned a verdict in Plaintiff's favor and against all Defendants on Plaintiff's claims of a Fourth Amendment Violation under 42 U.S.C. §1983 and false arrest under Iowa law, and awarded compensatory and punitive damages.

2.      On June 5, 2026, the Court issued a Judgment in a Civil Case, entering judgment in accordance with the unanimous jury verdict.

3.      The Parties stipulate that Plaintiff is the prevailing party under 42 U.S.C. §1988, having succeeded on the significant issues in litigation and achieving the benefit sought in bringing suit. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983).

4.      The Parties further stipulate that Plaintiff be awarded attorney's fees and costs in a total of $235,827.81. The Parties agree that an award in this amount is reasonable in terms of fee rate, hours performed, degree of success, and necessity of expenditures through trial. *Id.* at 433-34.

5.    The Parties request this Court to award the $235,827.81 as stipulated. As the Supreme Court has stated, "A request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Id*. at 437. It is only when they cannot that the applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id. See also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) (court review of stipulated fees is "deferential" and "not an invitation to exercise line-item veto power" particularly in "extensively litigated" cases when quality of representation is unquestioned and parties uniquely positioned "to assess how earlier claims contributed to the final outcome."); *Higgins v. Dankiw*, No. 8:08-cv-15, 2012 WL 1871743, *1 (D. Neb. July 12, 2012) (awarding $200,000.00 in attorney's fees based on stipulation in accepted offer of judgment).

6.    This case has been litigated for four years, including an interlocutory appeal and a jury trial. The Parties agree the stipulated fees and costs are reasonable in light of the time and work necessary to litigate the matter through trial. Should the Court feel additional information is necessary, the Parties jointly request that Plaintiff be given an additional seven days from the date such information is requested to produce it.

**WHEREFORE,** the Parties jointly pray that Court accept this stipulation of reasonable attorney's fees and costs in the amount of $235,827.81, and issue an order awarding Plaintiff that amount.

BOLES WITOSKY STEWART LAW PLLC

BY:  /s/ Adam C. Witosky
Matthew M. Boles          AT0001037
Adam C. Witosky           AT0010436
Christopher Stewart       AT0013127
2015 Grand Avenue, Ste. 200
Des Moines, Iowa 50312
Telephone:   (515) 235-0551
Facsimile:    (515) 243-3696
Email:matt@bwsiowa.com
        adam@bwsiowa.com
        chris@bwsiowa.com
ATTORNEYS FOR PLAINTIFF/
COUNTERCLAIM DEFENDANT

BRICK GENTRY, P.C.

BY:  /s/ Nicholas F. Miller
Nicholas F. Miller  AT0015361
Matthew S. Brick   AT0001081
Erin M. Clanton     AT0002592
Jenna Hatanpa      AT0015755]
Jack Hatanpa        AT0015724
6701 Westown Parkway, Suite 100
West Des Moines, IA 50266
Phone: (515) 274-1450
Fax: (515) 274-1488
Email:nick.miller@brickgentrylaw.com
matt.brick@brickgentrylaw.com
erin.clanton@brickgentrylaw.com
jenna.hatanpa@brickgentrylaw.com
jack.hatanpa@brickgentrylaw.com
ATTORNEYS FOR DEFENDANT

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was **electronically filed** on CM/ECF on June 18, 2026. Subject to the exceptions cited therein, Local Rule 5A provides this electronic filing, once electronically posted to the registered case party's CM/ECF account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

/s/ Tami Fairchild